IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SIDNEY POWELL,<br><br>Defendant. | Case No. 21-cv-02995-CJN |

## SMARTMATIC'S MOTION TO STAY PROCEEDINGS

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited ("Smartmatic") respectfully move the Court for a stay of this action until the New York State Court in *Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, No. 151136/2021 (filed Feb. 4, 2021), decides Defendant Sidney Powell's pending motion to dismiss, which claims, *inter alia*, that the New York Court lacks personal jurisdiction ("Ms. Powell's Motion to Dismiss"). Smartmatic further requests that this Court hold a status conference to determine if the stay should continue within 14 days after the New York State Court issues its decision on Ms. Powell's Motion to Dismiss.[1]

## BACKGROUND

On February 4, 2021, Smartmatic sued Ms. Powell, Fox Corporation, Fox News Network LLC, Lou Dobbs, Maria Bartiromo, Jeanine Pirro, and Rudolph Giuliani in the Supreme Court of the State of New York because of false and defamatory statements they made about Smartmatic in

---

[1] Counsel for Smartmatic conferred with counsel for Ms. Powell regarding this request. Counsel for Ms. Powell stated that Ms. Powell is unable to stipulate to a stay of proceedings at this time.

connection with, among other things, the 2020 U.S. election, Smartmatic's role in the 2020 U.S. election, and Smartmatic's history. (*Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, Index No. 151136/2021, New York Supreme Court, New York County (the "New York Action"), [NYSCEF 1](#).) In the New York Action, Smartmatic pleads seven defamation claims and five disparagement claims against Ms. Powell. (*Id.*)

On April 8, 2021, Ms. Powell moved to dismiss Smartmatic's Complaint. While Ms. Powell's Motion to Dismiss is directed, in part, at the merits of Smartmatic's claim and the sufficiency of Smartmatic's Complaint, Ms. Powell also seeks to dismiss the New York Action for lack of personal jurisdiction. (New York Action, [NYSCEF 289](#).) On May 17, 2021, Smartmatic filed its opposition to Ms. Powell's Motion to Dismiss and filed a cross-motion for permission to take jurisdictional discovery. (New York Action, [NYSCEF 742](#); [NYSCEF 743](#).) On August 17, 2021, the New York Court held oral argument on Ms. Powell's Motion. The New York Court has not yet ruled on Ms. Powell's Motion to Dismiss or Smartmatic's cross-motion for permission to take jurisdictional discovery.

On November 12, 2021, Smartmatic commenced this Action against Ms. Powell based on the same false and defamatory statements alleged in the New York Action. (Dkt. 1.) As to Ms. Powell, the allegations in this complaint are virtually identical to those in the New York Action. As in the New York Action, Smartmatic pleads seven defamation claims and five injurious falsehood claims against Ms. Powell. (*Id.*) As set forth in the Preliminary Statement to Smartmatic's Complaint, Smartmatic filed this action solely as a precautionary measure. (*Id.*) If the New York Court finds personal jurisdiction over Ms. Powell, Smartmatic will prosecute its

claims against her in that forum. If the New York Court finds that it lacks personal jurisdiction over Ms. Powell, Smartmatic will litigate its claims against her in this Court.[2]

Smartmatic was required to commence this action against Ms. Powell to preserve its claim against Ms. Powell. As the Court knows, Washington, D.C. has a one-year statute of limitations for defamation actions. D.C. Code § 12-301. Washington, D.C. also does not have a saving statute to toll statutes of limitations if personal jurisdiction is found lacking in the original action. *East v. Graphic Arts Indus. Joint Pension Tr.*, 718 A.2d 153, 156 (D.C. 1998) ("[T]he District of Columbia is one of a minority of jurisdictions that has not adopted a general equitable 'saving' statute to toll statutes of limitations[.]"); *Curtis v. Aluminum Ass'n*, 607 A.2d 509, 512 (D.C. 1992) (Rogers, C.J., and Schwelb, J., concurring) ("[D.C.'s] current rule means that, contrary to the usual concern about judicial economy, much less making the courts available and avoiding unnecessary litigation and litigation costs, a plaintiff must file in all possible fora in order to avoid a later limitations bar."). Ms. Powell made her first alleged defamatory statement on November 14, 2020. (Dkt. 1 at ¶ 84.) Smartmatic was, therefore, required to commence this action prior to November 14, 2021 to preserve its claims against Ms. Powell in a forum that has personal jurisdiction over her in the unlikely event the New York Court decides that it does not.[3]

---

[2] By letter dated November 12, 2021, Smartmatic advised New York Supreme Court Justice David B. Cohen, the judge presiding over the New York Action, that Smartmatic filed this action solely as a precautionary measure and that New York was Smartmatic's preferred forum to litigate these matters against all of the defendants. (New York Action, NYSCEF 844.)

[3] This Court has already found personal jurisdiction over Ms. Powell in a related action for claims arising out of substantially similar events. *US Dominion, Inc. v. Powell*, No. 21-cv-00040-CJN, 2021 WL 3550974, at *14–15 (D.D.C. Aug. 11, 2021) (the "Dominion Action"). Indeed, many of the statements made by Ms. Powell about Dominion in the Dominion Action include statements at issue in Smartmatic's Complaint because Ms. Powell was speaking about Smartmatic and Dominion.

## ARGUMENT

This Court's power to stay proceedings is well-settled. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoiting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion [the court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."). When exercising the power to stay a case, courts "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (internal citations and quotations omitted). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C. 2002) (internal citation and quotations omitted).

A stay is proper here for three reasons. *First*, it is well settled that "litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests." *Naegele v. Albers*, 355 F. Supp. 2d 129, 141 (D.D.C. 2005) (quoting *Nat'l Shopmen Pension Fund*, 274 B.R. at 3); *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 2020 WL 5816238, at *2 (D.D.C. Sept. 30, 2020). Smartmatic has filed this action solely as a precautionary measure in the event that personal jurisdiction over Ms. Powell is found lacking in the New York Action. Until Ms. Powell's Motion to Dismiss is decided in the New York Court, this Court should not spend its limited time and resources overseeing this action and having the

parties litigate the same defamation and disparagement claims in two forums. *See Feld Ent., Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 5 (D.D.C. 2007) (granting stay because, amongst other reasons, it serves interest of "judicial economy and efficiency" where "[t]he administrative burden of managing two such suits concurrently would not be an efficient allocation of the Court's limited resources").

*Second,* a stay promotes judicial economy because it avoids the risk of inconsistent rulings on the merits of Smartmatic's claims and Ms. Powell's defenses by two different Courts. Ms. Powell's Motion to Dismiss in the New York Action is not limited to the issue of personal jurisdiction. Ms. Powell's Motion to Dismiss is also directed to the merits of Smartmatic's claims and the sufficiency of the allegations made in Smartmatic's Complaint. If this action is not stayed, Ms. Powell must respond to or answer Smartmatic's Complaint by January 15, 2022.  Thereafter, there is a risk that this Court may be forced to decide a motion directed to the same legal and factual issues currently being considered by the New York State Court.

*Third,* the parties will not face any prejudice or other hardship from a stay of proceedings. To the contrary, a stay benefits the parties. A stay prevents the expense to the parties of litigating duplicative issues in two forums at the same time. Additionally, at this time, Smartmatic seeks only to stay this action long enough to permit the New York State Court to adjudicate Ms. Powell's personal jurisdiction objection. The stay being currently requested is of a limited duration because the motion has been fully briefed, argued, and awaiting a decision. *Seneca Nation of Indians v. U.S. Dep't of Health & Hum. Servs.*, 144 F. Supp. 3d 115, 120 (D.D.C. 2015) (granting "temporary stay" as "the best way to ensure orderly, efficient litigation with a foreseeable endpoint" where related agency proceeding is "fully briefed" and "a decision could follow in relatively short order").

## **CONCLUSION**

For these reasons, Smartmatic respectfully requests that the Court stay all proceedings in this action until the New York State Court decides Ms. Powell's Motion to Dismiss currently pending in the New York Action and further requests that, within 14 days after the New York State Court issues its decision on Ms. Powell's Motion to Dismiss, this Court hold a status conference to determine if the stay of this action should continue or be lifted.


Dated: November 24, 2021                                  Respectfully submitted,

/s/ *Emily Newhouse Dillingham*
Emily Newhouse Dillingham
   DC Bar No. IL0043
   Email: edillingham@beneschlaw.com
J. Erik Connolly (*pro hac vice pending*)
   Illinois ARDC No. 6269558
   Email: econnolly@beneschlaw.com
Nicole E. Wrigley (*pro hac vice pending*)
   Illinois ARDC No. 6278749
   Email: nwrigley@beneschlaw.com
Lauren C. Tortorella (*pro hac vice pending*)
   Illinois ARDC No. 6324761
Email: ltortorella@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949

*Attorneys for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document will be filed with the Clerk of Court using the CM/ECF system on November 24, 2021, which will send notification of such filing to the following:

*/s/ Emily Newhouse Dillingham*
Emily Newhouse Dillingham
