IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED ) ) ) ) | |
| Plaintiffs, ) ) | No. 1: 21-cv-02995-CJN |
| v. ) ) | |
| SIDNEY POWELL, ) ) | |
| Defendant. ) | |

## DEFENDANT SIDNEY POWELL'S MOTION TO DISMISS

Under Fed. Civ. Pro. Rules 8, 12(b), 12(f), and 41(b), Defendant Sidney Powell moves to dismiss on the grounds that plaintiff's allegations violate federal and state pleading requirements, Florida's single publication/action rule, and/or otherwise do not support the claims asserted. Ms. Powell also moves to dismiss for lack of personal jurisdiction and venue under FED. R. CIV. P. 12(b)(2), (b)(3), and (b)(6), Local Rule 7, 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391(b)(2).

Smartmatic USA Corp., and its parents Smartmatic International Holding B.V., and SGO Corporation Ltd., collectively defined in the complaint as "Smartmatic," bring this lawsuit against Ms. Powell for alleged "false statements" made during five brief television segments. Despite the limited scope of their claims, Smartmatic filed what they themselves call a "materially identical" complaint taken from a New York omni-lawsuit filed against various other parties. However, this action is not "materially identical" to the omni-lawsuit, as Ms. Powell is the sole defendant, not one of seven.

As a result, Smartmatic's complaint is bloated with assertions and allegations that are impermissibly extraneous to Smartmatic's claims against Ms. Powell, and which will unduly burden both Ms. Powell and this Court. For instance:

- The complaint recites pages on pages of alleged statements that Smartmatic does not contend Ms. Powell made.

- The complaint recites pages on pages of alleged actions that Smartmatic does not contend Ms. Powell undertook.

- The complaint alleges claims clouded by the complaint's singular/plural definition of "Smartmatic."

- Smartmatic International Holdings B.V. and SGO Corporation Ltd. lack standing because their claims, as admitted by them, are wholly derivative of their subsidiary.

- Smartmatic alleges multiple torts for the same alleged statements in violation of Florida's single publication/action rule.

- Smartmatic alleges injurious falsehood claims without pleading requisite special damages.

- Smartmatic asserts claims based on statements that the complaint also alleges that Ms. Powell did *not* make.

Ms. Powell should not have to defend against literally hundreds of paragraphs of allegations that have nothing to do with her. Nor should this Court expend its resources to addresses such extraneous material.

In addition, there is no personal jurisdiction established in Smartmatic's complaint. Ms. Powell's limited interaction in the District, as alleged in the complaint, does not satisfy the requirements of Due Process or the District's longarm statute. Yet, even if this Court finds personal jurisdiction based on Ms. Powell's two media interviews from the District of Columbia, the nationwide disinformation campaign that Smartmatic alleges dwarf these minor District-based

contacts. Ms. Powell's two District-based media interactions therefore do not constitute a "substantial part of the events or omissions giving rise to the claim" that 28 U.S.C. § 1391(b)(2) requires for venue over nonresident defendants.

      For these reasons, as set forth in the accompanying memorandum of law in support and its accompanying exhibits, Ms. Powell moves to dismiss Smartmatic's complaint.

      Defendant Powell respectfully requests the opportunity for oral argument on their motion. A proposed order is attached.

Dated: June 3, 2022

Respectfully submitted,

/s/ Lawrence J. Joseph

| | |
|---|---|
| Michael J. Tricarico, admitted *pro hac vice* <br> Kennedys CMK LLP <br> 570 Lexington Avenue, 8th Floor <br> New York, New York 10022 <br> Tel: (646) 625-3952 <br> Email: Michael.tricarico@kennedyslaw.com | Marc Casarino, admitted *pro hac vice* <br> Kennedys CMK LLP <br> 919 N. Market Street, Suite 1550 <br> Wilmington, DE 19801 <br> Tel: 302-308-6647 <br> Email: marc.casarino@kennedyslaw.com |
| Joshua A. Mooney DC Bar No. 471866 <br> Kennedys CMK LLP <br> 1600 Market Street, Suite 1410 <br> Philadelphia, PA 19103 <br> Tel: 267-479-6700 <br> Email: Joshua.Mooney@kennedyslaw.com | Lawrence J. Joseph, DC Bar No. 464777 <br> Law Office of Lawrence J. Joseph <br> 1250 Connecticut Ave, NW, Suite 700-1A <br> Washington, DC 20036 <br> Tel: 202-355-9452 <br> Fax: 202-318-2254 <br> Email: ljoseph@larryjoseph.com |

*Counsel for Defendant Sidney Powell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2022, I electronically filed the foregoing motion (together with its accompanying memorandum of law, exhibits, and proposed order) with the Clerk of the Court using the CM/ECF system, thereby causing it to be served upon all counsel of record.

/s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Defendant Sidney Powell*

73297242.1