**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Smartmatic USA Corp., *et al.*, )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>Sidney Powell, )<br>    Defendant. )<br>    )<br>    ) | No. 1: 21-cv-02995-CJN |

## DECLARATION OF SIDNEY POWELL

I, Sidney Powell, do hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I reside in Dallas, Texas, am more than 18 years of age, and am the defendant in the above-captioned action.

2. I am a member of the Texas State Bar, to which I was admitted in 1978. I am not a member of any other State Bar. I was an Assistant United States Attorney and then appellate section chief for the Western District of Texas and later the Northern District of Texas for almost 10 (ten) years, including a four-month stint in the Eastern District of Virginia. My law practice for 40 (forty) years has consisted primarily of federal appeals in the United States Court of Appeals, primarily in the Fifth Circuit.

3. I am the sole owner of my professional corporation, Sidney Powell, P.C., which is a registered Texas professional corporation. The principal place of business of Sidney Powell, P.C. is in Dallas, Texas.

4. I do not reside in, nor own real property in, the District of Columbia. I do not have a law office or business office in the District of Columbia.

5. I engage a consultant to manage my law firm's website, federalappeals.com. Federalappeals.com does not target the District of Columbia by directing traffic to or soliciting

searches from users in the District of Columbia. The District of Columbia is not the target market for my practice, which is largely centered in the Fifth Circuit.

6. I have never sought business in or from the District of Columbia. I represented General Michael T. Flynn in *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C.), and *In re Flynn*, No. 20-5143 (D.C. Cir.), (hereinafter collectively, "*Flynn* litigation"). General Flynn contacted me, based on my having met and discussed his case with his brother at a conference in Dallas (*i.e.*, he did not find me via my firm's website).

7. In support of a motion for admission *pro hac vice* for the *Flynn* litigation, I prepared a declaration stating that I had not previously been admitted *pro hac vice* in this Court. Neither have I since been admitted *pro hac vice* in this Court.

8. In the *Flynn* litigation, Jesse Binnall served as local counsel and handled the filing of documents on the Court's electronic case filing ("ECF") system. His office is—and at all relevant times, was—based in Virginia.

9. Because of the COVID pandemic, moreover, most court interactions in the *Flynn* litigation were via telephone or Zoom from offices outside the District of Columbia: (a) the district court motions hearing on September 29, 2019, was remote; (b) the panel oral argument on June 12, 2020, was remote, and (c) the *en banc* oral argument on August 11, 2020, was remote. Only the district court status calls on June 24, 2019, and September 10, 2019, took place in court in the District of Columbia.

10. According to the transcript for the district court status call on June 24, 2019, I was before the Court for 16 minutes (*i.e.*, from 12:41 p.m. to 12:57 p.m.). Transcript of Hearing, at 3, 15, *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C. June 24, 2019).

11. According to the transcript for the district court status call on September 10, 2019, I was before the Court for 38 minutes (*i.e.*, from 11:06 a.m. to 11:44 a.m.). Transcript of Hearing, at 3, 15, *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C. Sept. 10, 2019).

12. In the *Flynn* litigation, I charged Gen. Flynn the highly discounted hourly rate of $450, based on his status as a retired military officer and because a legal defense fund of donations from the public was financing his defense.

13. Because of the combination of my discounted rate and the case's proceeding via electronic means, the instances where I rendered services within the District of Columbia were few, and the services rendered were relatively inexpensive for a case that took more than a year to bring to conclusion.

14. Because the time that I recorded on days when I rendered services in the District of Columbia would include not only services rendered in the District (*e.g.*, attending a court date) but also time recorded in Virginia (*e.g.*, preparing for and debriefing for a court date in Virginia), I cannot establish an exact amount of time recorded for services rendered in the District. For these days, most of the time that I recorded would have been for services rendered in Virginia.

15. Based on my review of these matters and my personal recollection of our brief court appearances in the District and our standard practice for arriving and departing from the courthouse, I estimate the total billings for services actually rendered in the District of Columbia was less than $10,000.

16. There is no connection between the Flynn pardon and the election litigation I filed. At a remote hearing on September 29, 2020, I advised the presiding judge that I had asked the President not to pardon General Flynn, Transcript of Remote Hearing, at 58, *United States v. Flynn*, No. 1:17-cr-00232-EGS (D.D.C. Sept. 29, 2019), which was reported in the newspapers,

including Spencer S. Hsu, Ann E. Marimow & Matt Zapotosky, "Michael Flynn's lawyer says she asked Trump not to pardon the former national security adviser," *Washington Post*, Sept. 29, 2020.

17. The few instances in November to December of 2020 where I was in the District of Columbia involved meetings or events with members of the federal government.

18. I was not compensated for my media interviews regarding the 2020 election or for any of my work on the 2020 election.

19. Notwithstanding Smartmatic's allegations, I was not in the District of Columbia or staying at a hotel in the District of Columbia on November 14-16, 2020. I was staying at the Westin Hotel in Arlington, Virginia. Fox News Corporation sent a studio truck to my hotel, and I participated in media interviews from the truck, which used a "green screen" to project a Washington-themed background for my interviews.

20. My appearance with Lou Dobbs on December 10, 2020, occurred in the District of Columbia because I was staying at a hotel in the District incidental to my attendance at the White House Hanukkah party.

21. I have personal knowledge of the matters set forth in this declaration and am fully competent to testify to it at trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of June 2022.

_____
Sidney Powell