**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SMARTMATIC USA CORP., SMARTMATIC )
INTERNATIONAL HOLDING B.V., and SGO )
CORPORATION LIMITED )
      Plaintiffs, )
  )
     v. )
  )
SIDNEY POWELL, )
  )
     Defendant. )

No. 1: 21-cv-02995-CJN

**REPLY OF DEFENDANT SIDNEY POWELL
IN SUPPORT OF MOTION TO DISMISS**

Joshua A. Mooney DC Bar No. 471866
Kennedys CMK LLP
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Joshua.Mooney@kennedyslaw.com

Marc Casarino, pro hac vice
Kennedys CMK LLP
919 N. Market Street, Suite 1550
Wilmington, DE 19801
Tel: 302-308-6647
Email: marc.casarino@kennedyslaw.com

Michael J. Tricarico, pro hac vice
Kennedys CMK LLP
570 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (646) 625-3952
Email: Michael.tricarico@kennedyslaw.com

Lawrence J. Joseph, DC Bar No. 464777
Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Defendant Sidney Powell*

## TABLE OF CONTENTS

I.      Introduction ..................................................................................................................1

II.     Argument .....................................................................................................................2

A.      Venue Is Improper .......................................................................................................2

B.      Smartmatic's Complaint Is an Anathema to Pleading Standards ................................8

    a)      Smartmatic Admits It Re-Filed a "Materially Identical" Complaint
Filed Against Nine Defendants .....................................................................................8

    b)      Smartmatic Ignores Rule 8(a)'s Purpose and Emphasis on Clarity and Brevity .............9

    c)      Smartmatic's Failure to Address Ms. Powell's Rule 12(f) Argument
Requires Dismissal .....................................................................................................11

C.      Smartmatic Pleads Itself Out of Standing for BV and SGO ......................................13

D.      The Long Arm Statute Does Not Reach Ms. Powell for Smartmatic's Claims ...............15

    a)      Ms. Powell's Alleged Contacts Do Not Strongly Relate to Smartmatic's Claims. .........15

    b)      Ms. Powell Was Not "Transacting Business" in D.C Under § 423(a)(1). .....................16

    c)      Ms. Powell Did Not Cause Harm in D.C. as Required by § 423(a)(3). .........................18

    d)      The In-DC Injury and "Plus Factors" Required by § 423(a)(4) Are Lacking. ...............19

E.      Counts  II–V  and  VII of the Complaint Fail to Plead Defamation .................................20

F.      Ms. Powell Cannot be Held Liable for the Statements of Others ......................................21

G.      The Single Publication Rule Bars the Injurious Falsehood Claims ..................................23

III.     Conclusion ..................................................................................................................23

**Table of Authorities**

**Page(s)**

**Federal Cases**

*Abramoff v. Shake Consulting, L.L.C.*,
   288 F. Supp. 2d 1 (D.D.C. 2003) ........................................................................... 5

*Achagzai v. Broadcasting Board of Governors*,
   109 F. Supp. 3d 67 (D.D.C. 2015) ....................................................................... 11

*Acosta Orellana v. CropLife Int'l*,
   711 F. Supp. 2d 81 (D.D.C. 2010) ....................................................................... 12

*Akhmetshin v. Browder*,
   983 F.3d 542 (D.C. Cir. 2020) .............................................................................. 19

*\*Ashcroft v. Iqbal*,
   556 U.S. 662  (2009) ....................................................................................... 14, 17

*Associated Producers, Ltd. v. Vanderbilt Univ.*,
   76 F. Supp. 3d 154 (D.D.C. 2014) ....................................................................... 17

*\*Bell Atlantic Corp. v. Twombly*,
   550 US 544 (2007) ................................................................................... 12, 14, 17

*Butler v. White*,
   67 F. Supp. 3d 59 (D.D.C. 2014) ....................................................................... 7, 11

*Reuber v. United States*,
   750 F.2d 1039 (D.C. Cir. 1984) ....................................................................... 18, 19

*Dougherty v. United States*,
   156 F. Supp. 3d 222 (D.D.C. 2016),
   *aff'd* 2017 WL 2332591 (D.C. Cir. Feb. 2, 2017) ............................................. 17

*Duarte v. Nolan*,
   190 F. Supp. 3d 8 (D.D.C. 2016) ........................................................................ 17

*Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC*,
   2018 WL 3391379 (M.D. Fla. June 12, 2018) .................................................... 23

*Foman v. Davis*,
   371 U.S. 178 (1962) .............................................................................................. 8

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
   141 S.Ct. 1017 (2021) .......................................................................................... 15

*Forras v. Rauf*,
  812 F.3d 1102 (D.C. Cir. 2015) ............................................................. 19

*GTE New Media Servs. vs. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) ............................................................. 16

*Gulf Ins. Co. v. Glasbrenner*,
  417 F.3d 353 (2d Cir. 2005) ..................................................................... 2

*Hopkins v. Women's Div., Gen. Bd. of Global Ministries*,
  284 F. Supp 2d 15 (D.D.C. 2003) ......................................................... 11

*\*In re First Magnus Fin. Corp.*,
  2009 WL 1211632 (Bankr. D. Ariz. Apr. 28, 2009) ........................... 10, 11

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ................................................................. 4

*Jenkins Brick Co. v. Bremer*,
  321 F.3d 1366 (11th Cir. 2003) ............................................................... 6

*Kadamova v. Stevens*,
  706 F.3d 843 (7th Cir. 2013) ................................................................. 10

*Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*,
  909 F.3d 446 (D.C. Cir. 2018) ............................................................... 18

*Lagayan v. Odeh*,
  199 F. Supp. 3d 21 (D.D.C. 2016) ......................................................... 12

*Lamont v. Haig*,
  590 F.2d 1124 (D.C. Cir. 1978) ............................................................... 5

*Lewy v. Southern Poverty Law Ctr., Inc.*,
  723 F. Supp. 2d 116 (D.D.C. 2010) ....................................................... 19

*Lynch v. Shapko Stores Operating Co., LLC*,
  2007 WL 4358335 (E.D. Wisc. Dec. 11, 2007) ..................................... 11

*Maysaroh v. Am. Arab Communs. & Translation Ctr., LLC*,
  51 F. Supp. 3d 88 (D.D.C. 2014) ............................................................. 5

*\*MCO Airport Concessions LLC v. Gtr. Orlando Avaiation Auth.,*,
  2012 WL 12896558 (M.D. Fla. Feb. 14, 2012),
    *aff'd* 508 Fed App'x 920 (11th Cir. 2013) ........................................... 13

*Naartex Consulting Corp. v. Watt*,
  722 F.2d 779 (D.C. Cir. 1983) ................................................................................. 8

*Nat'l Ass'n of Life Underwriters v. Comm'r*,
  30 F.3d 1526 (D.C. Cir. 1994) ................................................................................. 3

*Nunes v. WP Co.*,
  2021 WL 3550896 (D.D.C. Aug. 11, 2021)........................................................... 22

*Patton Boggs, LLP v. Chevron Corp.*,
  791 F. Supp. 2d 13 (D.D.C. 2011) ......................................................................... 12

*Pension Benefit Guar. Corp. v. Asahi Tec Corp.*,
  979 F. Supp. 2d 46 (D.D.C. 2013) ........................................................................... 4

*Perlmutter v. Varone*,
  59 F. Supp. 3d 107 (D.D.C. 2014) ........................................................................... 2

*Quality Air Servs., L.L.C. v. Milwaukee Valve Co.*,
  567 F. Supp. 2d 96 (D.D.C. 2008) ......................................................................... 16

*SEC v. Johnson*,
  650 F.3d 710 (D.C. Cir. 2011) ................................................................................. 5

*Shu v. Brennan*,
  2018 WL 11353752 (C.D. Cal. Feb. 22, 2018)...................................................... 10

*Stanbury Law Firm v. IRS*,
  221 F.3d 1059 (8th Cir. 2009)........................................................................... 11, 12

*Terrell v. Mr. Cooper Group, Inc.*,
  2021 WL 2778542 (D.D.C. July 2, 2021).............................................................. 10

*The Urban Inst. v. FINCON Servs.*,
  681 F. Supp. 2d 41 (D.D.C. 2010) ......................................................................... 19

*Triple Up Ltd. v. Youku Tudou Inc.*,
  2018 WL 4440459 (D.C. Cir. July 17, 2018).......................................................... 17

*U.S. Dominion, Inc. v. Powell*,
  554 F. Supp. 3d 42 (D.D.C. 2021) ........................................................................ 4, 7

*Williams v. Geico Corp.*,
  792 F.Supp.2d 58 (D.D.C. 2011) .......................................................................... 4, 8

*Williams v. Shu*,
  2010 WL 11575517 (D.D.C. Sept. 30, 2010) ........................................................ 12

*Woodke v. Dahm*,
  70 F.3d 983 (8th Cir. 1995) ................................................................................. 6

*Yould v. Barnard*,
  2018 WL 4105094 (N.D. Cal. Aug. 29, 2018) ...................................................... 10

**State Cases**
*Bell v. First Invs. Servicing Corp.*,
  256 A.3d 246 (D.C. 2021) ................................................................................... 21

*Jews for Jesus, Inc. v. Rapp*,
  31 So.2d 382 (Fla. 2008) .................................................................................... 21

*Parsons v. Mains*,
  580 A.2d 1329 (D.C. 1990) ................................................................................. 19

*Sandwich Shoppe, Inc. v. Carr Realty Corp.*,
  749 A.2d 724 (D.C. 2000) ................................................................................... 12

*Shoppers Food Warehouse v. Moreno*,
  746 A.2d 320 (D.C. 2000) ................................................................................... 16

**Federal Statutes**
*28 U.S.C. § 1391(b)(2) .............................................................................. *passim*

28 U.S.C. § 1404(a) ............................................................................................. 4

**State Statutes**
*D.C. Code 13-423(a) ................................................................................. *passim*

D.C. Code 13-423(b) ........................................................................................... 15

**Other Authorities**

Constituion, Art. XIV (Due Process Clause) ......................................................... *passim*

*Questions as to convenience and justice of transfer under forum non conveniens provision of
  Judicial Code*,
  1 A.L.R. Fed. 15 ................................................................................................. 4

I.        **INTRODUCTION**

Smartmatic files an opposition that seems written more for the media than for this Court. It bursts with quips and even ventures into the absurd – like Ms. Powell admits to engaging in defamation. (Opp. at 1.) Far from "falling back" on "procedural arguments," Ms. Powell moves to dismiss an inherently defective complaint of an inherently defective lawsuit.

In its opposition, Smartmatic urges an unprecedented and vaporous basis for venue – a "credibility" standard – to rip open long-established venue requirements under section 1391(b)(2). Smartmatic would rewrite Federal Rules 8(a) and 12(f) into rules for "fair notice," stripping away the rules' explicit requirements and years of case law. Smartmatic asks the Court to ignore its own pleading, blindly contending that the complaint alleges independent and distinct injuries for two plaintiffs when (i) Smartmatic, in the same breath, urges that injuries for all three plaintiffs are "intertwined," and (ii) the complaint itself alleges the sole operations of the two plaintiffs are that of holding companies. It fails to plead personal jurisdiction under the D.C. longarm statute, *Twombly* pleading standards, and asks the Court to accept non-existent facts and to ignore facts no longer in dispute. It instructs the Court to disregard the nature of its allegations – where they only allege a claim for injurious falsehood – to permit a claim for defamation.  Smartmatic begs waiver when shown that four of its claims from its New York-copied complaint are focused on non-party defendants, not Ms. Powell. Smartmatic tells the Court to ignore Florida law on the basis that there is no conflict of law, but then identifies a conflict.

Instead of taking the opportunity to amend, as the Federal Rules of Civil Procedure would have allowed, Smartmatic chose to double-down. It now must live by that decision. For all these reasons, and those in her memorandum of law, Ms. Powell respectfully requests the Court to dismiss Smartmatic's complaint.

1

## II.     ARGUMENT

### A.     Venue Is Improper

Contrary to Smartmatic's assertion, Ms. Powell does not object to venue because the complaint alleges events "in many venues *in addition* to" D.C. (Opp. at 20 (emphasis in original). Venue is improper because a "substantial part" of the alleged events giving arise to Smartmatic's claims did *not* occur in D.C.

Venue is proper *only* if "a substantial part of the events or omissions giving rise to the claim occurred" here.[1] 28 U.S.C. § 1391(b)(2). Courts must "construe the venue statute strictly"; for proper venue, "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question[.]" *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citation omitted, emphasis in original); *Perlmutter v. Varone*, 59 F. Supp. 3d 107, 110 (D.D.C. 2014) ("plaintiffs must show that a considerable portion of the events took place in their chosen forum"). Smartmatic's complaint cites the "substantial part" test under § 1391(b)(2). (Compl. ¶ 20.) Smartmatic's complaint does not meet the test's requirements.

Smartmatic's claim for venue arises from *one* program appearance by Ms. Powell within the District (December 10, *Lou Dobbs Tonight*) out of an alleged "disinformation campaign" of 43 alleged appearances – less than 3%. (*E.g.,* Compl. ¶¶ 116a-qq.)[2] Given that Smartmatic urges to this Court that the other 42 television events and their participants are "necessary" and

---

[1] Given that Ms. Powell, a Texas resident, is the sole defendant, the first and third tests for venue under section 1391 (b)(1) and (b)(3) are irrelevant.

[2]  Smartmatic cites Ms. Powell's November 19, 2020 appearance at the RNC, but in the context of a claim *against* Lou Dobbs, *not* Ms. Powell. (*E.g.,* Compl. ¶ 101.) Thus, the RNC event should not be considered for venue, but even if it were considered, it is only a second appearance in D.C. out of an alleged 43 events. (Compl. ¶ 116.)

"essential" to its claims (Opp. at 23, 25), the December 10 appearances *does not* and *cannot* constitute a "substantial part" of the alleged *media events* to warrant venue here.

Further, the purported "disinformation campaign" alleged by Smartmatic is far broader than Ms. Powell's media appearances, and includes post-election litigation in Arizona, Michigan, Georgia, and Wisconsin, and a published book – none of which is alleged to have occurred in D.C. (Compl. ¶¶ 319-65.) Smartmatic also argues for rejecting the litigation privilege based on the "known lie" exception. (Opp. at 14.) While Ms. Powell disputes that characterization, Smartmatic is bound by its pleadings. *Nat'l Ass'n of Life Underwriters v. Comm'r*, 30 F.3d 1526, 1530-31 (D.C. Cir. 1994). As a result, this Court must add the litigation and everything else to the media events as the denominator, which makes the percentage represented by the D.C. media appearance a vanishingly small and insubstantial part of Smartmatic's lawsuit.

Four times, Smartmatic christens D.C. as Ms. Powell's chosen "epicenter" for her "disinformation campaign." Smartmatic alleges no facts to substantiate its characterization, and its own allegations, *supra*, of events involving Ms. Powell outside of D.C. belie it. Further, the characterization is meaningless as to whether venue is proper. **First**, harm caused within D.C. is not an appropriate measure. 28 U.S.C. § 1391(b)(2) (requiring substantial part of acts or omissions *of defendant* occurring *in the judicial district*). Nor is harm alleged. Smartmatic fails to allege how it suffered harm *in D.C.* when its complaint alleges – indeed emphasizes – that its sole U.S. business is in L.A. County and that elections are run by states, not the federal government. (Compl. ¶¶ 48-63.) Smartmatic's epicenter theory resembles the "center of gravity" test for choosing a convenient forum under 28 U.S.C. § 1404(a). *E.g.*, *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322-23 (Fed. Cir. 2021); *Questions as to convenience and justice of transfer under forum non conveniens provision of Judicial Code*, 1 A.L.R. Fed. 15. However, that test applies to choosing

*between proper forums* and is irrelevant for whether venue *is proper*. Even if that test applied, venue would be in Texas, where Ms. Powell is licensed, lives, and works.

**Second**, Smartmatic's contention that the Court must accept its factual allegations as true and resolve factual conflicts in its favor (Opp. at 8, 20) misses the mark because allegations contested by declarations *do not* represent a "factual conflict." *Williams v. Geico Corp.*, 792 F.Supp.2d 58, 63 (D.D.C. 2011) (defendant's unrebutted declaration trumps plaintiff's allegation as a conceded issue). In *Williams*, the complaint alleged an adverse employment decision made in D.C., but defendant's motion to dismiss included an affidavit that the decision had been made in Maryland, which the plaintiff did not refute, thus making the issue uncontested. *Id.* at 63. Thus, in the rock-paper-scissors game of disputed facts, an unrebutted declaration beats an allegation, even at the motion-to-dismiss phase. So too here, the absence of links between D.C. and both Ms. Powell's representation of Flynn and the Fox interviews outside of D.C. are uncontested.

Smartmatic's reliance on this Court's decision in *Dominion*, 554 F. Supp. 3d at 69, is inapposite. There, this Court found venue proper based on "numerous in-person and televised appearances in which [Ms. Powell] voiced her claims to D.C. audiences," as well as staying in hotels and representing Flynn in D.C. But here, with Ms. Powell's declaration, the record is more developed. None of these contacts count as a "substantial part" of Smartmatic's claims.[3]

***Numerous in-person and televised appearances***: As noted above, Smartmatic's claims against Ms. Powell involve only one appearance in D.C. out of 43 alleged events. (Compl. ¶¶ 116a-

---

[3] The Court's decision in *Dominion* should not control because the allegations and defenses are different here. Yet, even if they were identical, Ms. Powell is entitled to preserve these defenses and the *Dominion* denial is correctable on renewed dispositive motions and on appeal. *E.g.*, *Pension Benefit Guar. Corp. v. Asahi Tec Corp.*, 979 F. Supp. 2d 46, 56 (D.D.C. 2013) (summary judgment on personal jurisdiction); *SEC v. Johnson*, 650 F.3d 710, 716 (D.C. Cir. 2011) (even after jury trial, reversal is the appropriate remedy for improper venue).

qq.) Considering interviews conducted outside of D.C. with a green screen is nonsensical. (Opp. at 13-14.) Fox News's use of a green screen – and whatever graphic Fox News chose to place on it – has no link to Ms. Powell's actions. Nor was it in her control. Even more critical, use of a green screen does not change the fact that the interviews were conducted *outside of* D.C. *See Maysaroh v. Am. Arab Communs. & Translation Ctr., LLC*, 51 F.Supp.3d 88, 93-94 (D.D.C. 2014) (*e.g.*, quantitatively comparing in-district and outside-district actions to determine substantiality); *cf. Lamont v. Haig*, 590 F.2d 1124, 1134 n.62 (D.C. Cir. 1978) (premising venue in part on whether "activities that transpired in the forum district were not insubstantial in relation to the totality of events giving rise to the plaintiff's grievance"). That statements may have been *received* in D.C. is irrelevant. A D.C. audience *receiving* information is not a part of the measurements of § 1391(b)(2). The section concerns the locus of the *defendant's* actions, not the locus of their effect. *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 3-4 (D.D.C. 2003). Were it otherwise, venue would be universal for defamation done via internet or broadcasting, and that clearly is not the law.

**Hotel stays:** Nor is Ms. Powell's travel to D.C. or staying in a hotel a *part* of Smartmatic's claim, much less a *substantial* part. Smartmatic shows only one D.C. hotel stay (December 10 in the Trump Hotel).[4] Even if a hotel stay were relevant, *and it is not*, one single hotel stay in D.C. does not constitute a "substantial part" of the claims to satisfy venue. Even more germane to determining venue, Ms. Powell's choice of hotel is wholly irrelevant, or at best insubstantial.

*Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995) is illustrative. There, an Iowa designer who sold semitrailers under the trademark "Hawkeye Eagle" brought action in Iowa federal court

---

[4] Smartmatic also relies on a nonexistent December 12 appearance on *Lou Dobbs*. (Opp. at 10 (citing Compl. ¶ 109).) Paragraph 109 plainly refers to the December 10 appearance.

against joint venturers alleging claims under the Lanham Act. According to the complaint, plaintiff

entered into a joint venture with defendants (the Clark Contract) whereby the venture agreed that

Cornbelt Manufacturing would manufacture trailers under the Hawkeye Eagle trademark. 70 F.3d

at 984. Defendants later used an advertisement featuring a photograph of a Hawkeye Eagle brand

trailer with the Hawkeye Eagle logo obscured and identifying the trailer as a "43' Cornbelt Peanut

Hopper." Plaintiff brought a claim for reverse passing off. *Id.* at 985. The trial court dismissed the

action for lack of venue; the Eighth Circuit affirmed.

Arguing that venue was proper, plaintiff contended that the 43' Cornbelt Peanut Hopper

trailers were manufactured in the district, and that the Clark Contract for the joint venture  had

been executed in the district. Yet the Eighth Circuit agreed that these actions did *not* satisfy the

"substantial part" requirement to satisfy venue.

> It is true that manufacturing the trailers was a necessary event, in a
> causal sense, to an attempt to pass them off, but we do not think that
> it is an event giving rise to Mr. Woodke's claim because it was not
> itself wrongful. Mr. Woodke also asserts in his brief that defendants
> conspired to violate the Lanham Act in the Northern District of
> Iowa. A conspiracy is, indeed, a wrongful act in itself; but we
> express no view on whether the locus of a conspiracy might provide
> venue, because it appears that Mr. Woodke produced no evidence of
> such a conspiracy in the court below. Mr. Woodke must therefore
> bring his suit in a different forum.

*Id.* at 985-86; *see Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (establishing

two-part test under § 1391(b)(2): (i) identify acts or omissions that "gave rise" to  claim, and

(ii) did "substantial part" take place in forum). Like the manufacture of trailers and execution of

the joint venture contract in *Woodke*, Ms. Powell's stay at the Trump Hotel was, at best, *casual*

and *insubstantial* to her alleged defamatory statements and thus irrelevant under § 1391(b)(2).

***Prior Representation of Flynn:*** Ms. Powell's prior representation of Flynn also is irrelevant. The only venue-related Flynn allegation in Smartmatic's complaint is that Ms. Powell "gained public attention" from representing him, which Smartmatic vaguely defines as "lend[ing] her credibility." (Compl. ¶ 363; Opp. at 9.) This basis is spun wholly out of thin air. It is not the law. "Credibility" is mentioned nowhere in section 1391(b)(2). Nor does it consider that Ms. Powell would have "gained credibility" as an advocate from her days as a prosecutor in Texas, the publication of her book, and her approximate 500+ appearances as an appellate lawyer before the United States Court of Appeals for the Fifth Circuit – none of which were in D.C.

More critically, forging a "credibility" factor in a defamation claim for venue would twist the law by removing "the events or omissions giving rise to the claim" from a section 1391(b)(2) "substantial part" analysis. Smartmatic urges the law to permit a Texas lawyer being sued in D.C. for statements made in Virginia and elsewhere because she formally had a D.C. case. That is not the law. Under Smartmatic's theory, a California lawyer could be sued *in Massachusetts* for defamatory remarks made in Montana simply because he or she "gained credibility" as a lawyer by graduating from Harvard law. Billy Martin could be sued *in New York* for defaming the San Francisco Giants from Oakland as the Athletics' manager simply because he "gained credibility" from managing the New York Yankees.[5]

Again, Smartmatic's reliance on *Dominion* is inapposite. While Ms. Powell respectfully disagrees with *Dominion*, the decision was based on a link (incorrectly) *alleged* between the Flynn case and the election cases in Dominion's complaint. *Dominion*, *supra*, at 69. No such link is alleged here. Ms. Powell rebuts any link in her declaration (Powell Decl. ¶ 16), and Smartmatic

---

[5]   Because Smartmatic does not dispute the absence of a Flynn-election linkage, it also waives the issue. *Butler v. White*, 67 F. Supp. 3d 59, 79 (D.D.C. 2014). *See also* Opp. at 42.

offers no evidence otherwise, making it uncontested. *Williams, supra.*

Smartmatic's venue flaws are self-inflicted and cannot be cured. Smartmatic chose to bring a set of claims against Ms. Powell despite the absence of events occurring in D.C. (Opp. at 21-26.) Having brought a bloated set of allegations that it tells the Court are "necessary" and "essential," Smartmatic cannot now credibly ask this Court to focus on a small, insubstantial part of them to shoehorn venue. Nor can Smartmatic cure its defect by omitting the bloat from a new complaint, as most of the statements cited by Smartmatic took place outside of D.C. and would serve to support the insubstantiality of D.C. contacts. Under the futility doctrine, courts need not allow futile amendments. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 795 (D.C. Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Dismissal is appropriate.

**B.     Smartmatic's Complaint Is an Anathema to Pleading Standards**

To satisfy Rules 8(a) and 12(f), Smartmatic must do more than "merely put Powell on fair notice." (Opp. at 21.) Smartmatic's broad-brushed argument whitewashes the rules' requirements and ignores what Smartmatic previously admits it did here.

*a)  Smartmatic Admits It Re-Filed a "Materially Identical" Complaint Filed Against Nine Defendants*

Smartmatic admits it re-filed a "materially identical" complaint originally filed against nine defendants in a New York omni-lawsuit. (Compl., *Preliminary Statement*.) According to Smartmatic, the only difference: this complaint was filed "solely against Ms. Powell." (*Id.*) Each New York defendant plays a prominent role in the pleadings, even those *not* labeled as "Relevant Non-Parties." (*Id.* ¶ 14 (defining only Giuliani and Fox are "relevant").) Smartmatic admits that it filed the complaint in a rushed manner as a "prophylactic measure" and in a "precautionary manner to protect Smartmatic" when it realized that the New York court was going to dismiss its case against Ms. Powell. (*Id.*, *Preliminary Statement*.) Clearly stating its intent to stay this action to

avoid dismissal, Smartmatic filed its complaint as a placeholder. (*Id.*)

So, it should come as no surprise that Smartmatic does not dispute that the complaint has a staggering 181 paragraphs and subparagraphs of allegations Smartmatic does not allege Ms. Powell made or which do not reference or identify Ms. Powell.[6] Nor is it surprising that Smartmatic does not dispute that its complaint has dozens upon dozens of *additional* allegations it does not allege Ms. Powell undertook,[7] or allege themes Ms. Powell was not involved in. (Compl. ¶¶ 157 n.6, 173 n.7.) Smartmatic's own brief belies the necessity of its prolixity – Smartmatic shows no difficulty in restating its claims against Ms. Powell in under 3 pages. (Opp. at 4-6.) What's shocking is Smartmatic's decision to double-down.

### b)   Smartmatic Ignores Rule 8(a)'s Purpose and Emphasis on Clarity and Brevity

The argument that the complaint complies with Rule 8(a) because it provides "fair notice" of the claims ignores the rule's dual interests and purposes. Indeed, Smartmatic's quip that Ms. Powell objects to the complaint because it is "too long and too detailed" betrays a fundamental misunderstanding of the rule and of Ms. Powell's objections.

*First,* length itself can make a complaint "unintelligible by scattering and concealing in a morass of irrelevancies" the claims against a defendant. *Shu v. Brennan*, 2018 WL 11353752, at *2 (C.D. Cal. Feb. 22, 2018) (quoting *Kadamova v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013));

---

[6]   Compl. ¶¶ 1479-83, 86-89, 92-93, 96-100, 104-108, 110, 116a, b, c, d, e, f, g, h, i, j, k, l, m, n, p, q, r, s, t, u, v, w, x, z, aa, bb, cc, dd, ee, ff, gg, hh, ii, jj, kk, mm, nn, oo, pp, qq, 125b, c, g, h, i, j, k, m, t, u, 127a, e, f, 132a, c, e, f, g, h, i, 140a, b, c, f, g, h, i, j, l, m, n, o, q, r, 149c, d, e, f, i, k, l, m, n, o, p, q, r, s, t, u, w, 158a, b, c, d, e, 166a, b, c, d, e, f, g, h, i, k, l, m, 173, 174a, b, c, d, e, 177-78, 182a, c, d, e, f, g, i, k, l, m, n, 191a, c, f, g, h, i, m, r, s, t. These citations do ***not*** include those quotes cited as part of an exchange with Ms. Powell or paragraphs that gratuitously reference her.

[7]   *Id.* ¶¶ 6-14, 85, 94-95, 101, 114, 117-20, 123a, b, c, d, e, 124a, b, c, d, 133-35, 141-42, 150, 157, 159, 160-61, 163-65, 167-68, 173, 175-76, 179-80, 183-84, 192-93, 208, 211, 216-18, 223-48, 370a, b, c, d.

*see also Yould v. Barnard*, 2018 WL 4105094, at *2 (N.D. Cal. Aug. 29, 2018) ("Something labeled a complaint but written more as a press release, prolix evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing and for what wrongs fail to perform the essential functions of a complaint."); *Terrell v. Mr. Cooper Group, Inc.*, 2021 WL 2778542, at *5 (D.D.C. July 2, 2021) ("a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet the Rule's liberal pleading requirement") (dismissing 150-page, 400-paragraph). That Smartmatic insists its allegations against non-parties are "necessary" and "essential," for instance, suggest alleged civil conspiracy when no such claim is alleged. (Opp. at 23, 25.) This is the sort of tactical ambiguity that Rule 8(a) prohibits.

Of course Rule 8(a) does not "arbitrarily restrict the length" of a complaint, and Ms. Powell makes no such argument. (*E.g.*, Opp. at 22.) The rule's emphasis on "clarity and brevity," however, underscores its requirement for succinctness and the prohibition of irrelevance. Here, Smartmatic's complaint is unclear on its face. It is interwoven with *hundreds* of paragraphs of allegations that are not directed at Ms. Powell. *Again, Smartmatic freely admits this*. Ms. Powell should not have to pour through and respond to those hundreds of paragraphs in hunt of each and every potential allegation or claim made against her. Nor should this Court.

**Second,** Smartmatic's argument wholly ignores the undue burden and prejudice prolixity places upon parties and a court. "It should not be necessary, at this initial stage of the proceeding, for the Defendants to admit or deny each of the very specific and lengthy factual paragraphs[.]" *In re First Magnus Fin. Corp.*, 2009 WL 1211632, at *1 (Bankr. D. Ariz. Apr. 28, 2009). This is the very point made by federal courts in *Achagzai v. Broadcasting Board of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) and *Lynch v. Shapko Stores Operating Co., LLC*, 2007 WL 4358335, at

*1 (E.D. Wisc. Dec. 11, 2007), two cases cited by Ms. Powell in her motion that Smartmatic wholly ignores. "[T]he entire complaint should be refined to simply get to the point[.]" *In re First Magnus*, 2009 WL 1211632 at *1. "An excess of detail can force the defendant to admit or deny numerous assertions without the benefit of the time or investigation that the plaintiff has had to prepare his own complaint." *Lynch*, 2007 WL 4358335 at *1. Smartmatic should not be permitted to proceed with a pleading clearly filed for other purposes and directed at eight non-party defendants.

### c) *Smartmatic's Failure to Address Ms. Powell's Rule 12(f) Argument Requires Dismissal*

While Rule 12(f) requests are disfavored, Smartmatic omits that a federal district court "enjoys liberal discretion" under the rule. *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2009) (internal marks omitted) (*relied upon* by Smartmatic, Opp. at 26.) Other than characterizing Rule 12(f) requests as "time wasters," and baldly asserting that "Smartmatic's allegations are relevant," or if not, "provide necessary context," Smartmatic does not address Ms. Powell's objections. (Opp. at 25.) In fact, it ignores them.

- Smartmatic does not address *a single* allegation identified in Exhibit A of M. Powell's motion;

- Smartmatic does not contest *a single* specified reasoning for striking the corresponding allegation;

- Smartmatic does not dispute the hundreds of paragraphs and subparagraphs that have nothing to do with Ms. Powell.

This failure constitutes waiver. *Butler v. White*, 67 F. Supp. 3d 59, 79 (D.D.C. 2014); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp 2d 15, 25 (D.D.C. 2003).

Furthermore, the arguments that the extraneous "allegations" are necessary is as revealing as it is troubling. Any "coordination" between Ms. Powell and non-party defendants – and Ms. Powell denies such coordination – is neither "necessary" nor relevant because Smartmatic does not allege a civil conspiracy claim. Nor does it allege facts to support such a claim. *Lagayan v.*

*Odeh*, 199 F. Supp. 3d 21, 30 (D.D.C. 2016) ("complaint must contain 'enough factual matter (taken as true) to suggest that an agreement was made' …. An allegation of mere parallel conduct is not enough.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007)).[8] Nor is it a viable independent tort. *Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) ("[T]here is no recognized independent tort action for civil conspiracy in the District of Columbia …. it is a means for establishing vicarious liability.") (citations omitted). This is another example of ambiguity and prejudice created by prolixity.

The case law relied upon by Smartmatic is inapposite. *Stanbury Law Firm* reversed a *sua sponte* striking of a complaint under Rule 12(f) on the bases that there was no attempt "to detail the specific passages" struck, and that because the subject allegations were *not* scandalous as contended. 221 F.3d at 1063. Here, in Exhibit B, Ms. Powell provides detail (ignored by Smartmatic) that is lacking in *Stanbury Law Firm*, and Smartmatic has not shown that the Rule 12(f) bases identified for each specific allegation lack merit. In contrast to *Williams v. Chu*, 2010 11575517, at *3 (D.D.C. Sept. 30, 2010), the allegations identified by Ms. Powell do not bear upon her or provide background on her conduct – they involve statements and actions of New York defendants. *Patton Boggs, LLP v. Chevron Corp.*, 791 F. Supp. 2d 13, 22 (D.D.C. 2011) declined to strike a motion to dismiss on the grounds it could manage a "certain amount" of background information and could address prolixity "simply" by not considering objectionable matter when resolving the motion. Here, neither the Court nor Ms. Powell may "simply" ignore 800+ paragraphs and their extraneous, interwoven content. Instead, the law requires Smartmatic to exclude it.

---

[8]   "The question of whether a conspiracy theory has been adequately pled often turns upon the existence of an agreement, which is the 'essential element of a conspiracy claim.'" *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 114 (D.D.C. 2010).

**C.**       **Smartmatic Pleads Itself Out of Standing for BV and SGO**

Smartmatic concedes the thrust of Ms. Powell's argument – that BV and SGO lack standing if they allege either the same injuries purportedly suffered by Smartmatic USA, or derivative of them. (Opp. at 27-29.) If the alleged injuries are not *separate and distinct* from those alleged by Smartmatic USA, BV and SGO do not have standing. Perhaps realizing this fatal flaw, Smartmatic *now* contends that its complaint alleges independent injuries for BV and SGO by hammering down on the definition of "Smartmatic" as *three* companies. (*Id.* at 27.) Smartmatic's pivot is belied by the face of the complaint and would not satisfy *Twombly* and *Iqbal*. Without their own injuries, BV and SGO have no standing and must be dismissed.

Smartmatic does not allege separate and distinct injuries for BV and SGO. Smartmatic commences its lawsuit with the clear statement that BV is a mere holding company. According to Smartmatic's complaint, BV does not conduct business in the U.S., and it had no role in U.S. operations other than through Smartmatic USA. (Compl. ¶ 2.) BV does not conduct elections operations in any other country – at least none identified by Smartmatic – other than through unnamed subsidiaries. (*Id.*) Its sole alleged operation is that of a holding company. (*Id.*) Similarly, SGO's sole alleged operation is ownership of BV.  (*Id.* ¶¶ 3-4.) Smartmatic also admits that BV's and SGO's injuries are "inseparably intertwined" with Smartmatic USA's alleged injuries, which is an anathema of the "separate and distinct" requirement for standing. (Opp. at 27.) Thus, by the complaint's own allegations, any alleged injury suffered by BV and SGO would be through a subsidiary and derivative of it. These are the very sort of injuries the law prohibits to confer standing. *E.g., MCO Airport Concessions LLC v. Gtr. Orlando Aviation Auth*, 2012 WL 12896558 at *4 (M.D. Fla. Feb. 14, 2012) (no standing when injuries alleged by owner were those "suffered primarily by" its subsidiary), *aff'd* 508 Fed. App'x 920 (11th Cir. 2013).

Nor does the complaint allege separate and distinct injuries for BV and SGO under *Twombly* and *Iqbal*. As explained by the Supreme Court, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678  (2009) (quoting *Twombly*, 550 US at 555)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 US at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility"; "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 US at 570).

Here, Smartmatic does not allege facts to sustain a plausible claim of a separate and distinct injury sustained by BV or by SGO. For instance, while Smartmatic argues that Ms. Powell "clearly implicated" BV and SGO by "emphasiz[ing] Smartmatic's 'foreign' ownership and dealings," (Opp. at 28), Smartmatic omits that when addressing the alleged statements, its complaint focuses solely on alleged injury to Smartmatic USA. (*E.g.,* Compl. ¶¶ 186-89 "Smartmatic USA Corp. is not owned, operated, or controlled by a Venezuelan company….Smartmatic was founded by Antonio Mugica and Roger Pinate in Florida in 2000….).[9]

Critically, Smartmatic does not cite *a single* authority where a court accepted standing for two separate, foreign holding companies. Smartmatic tries to distinguish the decision rendered by the New York supreme court – which addressed the *same* parties with "*materially identical*" allegations – as a "mistake." (Opp. at 30.) It's citation, in the next breath, to arguments made by

---

[9]   These allegations also highlight the tactical ambiguity of using "Smartmatic" interchangeably as one or three companies, as Smartmatic appears to do when it suits itself. (*See also* Compl. ¶ 22.)

Rudolph Giuliani in *Dominion* is nonsensical – a different case, different parties, different alleged facts and injuries, a different record. (*Id.* at 31.)

**D.      The Long Arm Statute Does Not Reach Ms. Powell for Smartmatic's Claims**

For personal jurisdiction, Smartmatic must satisfy *both* the D.C. longarm statute and Due Process. It does neither. Because the D.C. longarm statute does not extend to the full reach of the Due Process Clause, a plaintiff suing a nonresident must satisfy both the Due Process Clause and one of the subsections of D.C.'s longarm statute. *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Smartmatic tries to deflect these requirements by pushing its flawed "epicenter" theory and focusing on *Dominion*. However, the uncontested facts here, *see Williams, supra*, at 4, unmistakably show that Smartmatic's proposed contacts fail because they either do not meet the specific criteria of one of the longarm statute's subsections (*e.g.*, transacting business or in-D.C. harm) or are insufficiently related to Smartmatic's claims under the Due Process Clause (*e.g.*, hotel stays, the Flynn representation). Nowhere does Smartmatic meet *both* the longarm statute's criteria and the Due Process Clause's arising-from or related-to criteria.

*a)   Ms. Powell's Alleged Contacts Do Not Strongly Relate to Smartmatic's Claims.*

Smartmatic bases specific jurisdiction on the District's longarm statute, but both that statute and the Due Process Clause require that a defendants' alleged forum contacts give rise to or strongly relate to the plaintiff's claims. *See* D.C. Code 13-423(b); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S.Ct. 1017, 1028 (2021). As with venue, the Flynn representation, a hotel stay, and travel are irrelevant to Smartmatic's claims. They neither give rise to nor strongly relate to the claims. As with venue, personal jurisdiction must rise or fall with Ms. Powell's statements.

**b)**        *Ms. Powell Was Not "Transacting Business" in D.C Under § 423(a)(1).*

Under section 423(a)(1), the tortfeasor must be "transacting business" in D.C. It is undisputed that Ms. Powell's uncompensated appearances with media while in D.C. for other reasons (Powell Decl. ¶¶ 17-18) are not "transacting business," especially where she is meeting with the federal government, and Smartmatic does not show otherwise. (Mot. at 31-32, citing cases.) Ms. Powell was not engaging in a business-related activity "directed at District residents," as Smartmatic baldly asserts. (Opp. at 9.) Nor has Smartmatic shown that Ms. Powell was "advertising, operating office space, and performing contracts." (*Id.*) Its reliance on "renting hotel rooms" fails. For one thing, Ms. Powell rented a single room on December 10 to attend a White House event. (Powell Dec. ¶ 20.) Smartmatic has not shown or alleged that Ms. Powell stayed at the hotel for making a media appearance. It has not shown that renting a hotel room for a social event is "transacting business." Smartmatic also relies on a "December 12" appearance on *Lou Dobbs*, which neither exists nor is pleaded. (Opp. at 10.) Smartmatic's reliance on the RNC appearance in paragraph 101 is odd because Smartmatic directs the paragraph against Lou Dobbs, not Ms. Powell. (Compl. ¶ 101.) The paragraph cannot be relied upon for personal jurisdiction.

While a website can – on different facts – constitute advertising sufficient to qualify as "transacting business" in D.C., Ms. Powell's law firm website for a Texas firm that practices primarily in the Fifth Circuit without targeting D.C. is qualitatively different than the internet cases on which Smartmatic relies. *Compare* Powell Decl. ¶¶ 5-6 (website does not target D.C., and Flynn representation came from conversation with Flynn's brother in Texas) *with Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 331 (D.C. 2000) (defendant "purposefully direct[ed] advertisements for its Maryland and Virginia stores at a potential customer base in the District of Columbia"); *Quality Air Servs., L.L.C. v. Milwaukee Valve Co.*, 567 F. Supp. 2d 96, 100 (D.D.C.

2008) ("defendant was well aware that it was accessing and benefiting from the D.C. market through its sales to distributors in Virginia and Maryland, as evidenced by its compliance with its distributors' regular requests over the last ten years that it ship its products directly to job sites in the District"). Personal jurisdiction "surely cannot be based solely on the ability of the District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000). Unlike the cases on which Smartmatic relies, *see Associated Producers, Ltd. v. Vanderbilt Univ.*, 76 F. Supp. 3d 154, 164-66 (D.D.C. 2014) (declining to "parse" emails sent from Tennessee as part of a D.C.-based contract), there is no underlying D.C.-based business.

The accessibility of a website also is insufficient. (Mot. at 37, citing cases.). It's also a red herring, as demonstrated by Smartmatic's own pleading. For website and advertising, the sole website Smartmatic identifies is for non-party Defending the Republic (DTR), a non-profit entity that Smartmatic itself alleges was created *after* all of Ms. Powell's media appearances took place except for the December 10, 2020 *Lou Dobbs Tonight* appearance. (Opp. at 18; *but compare* Compl. ¶¶ 125s, 365 *with id.* ¶¶ 17, 77, 86 (cited by Smartmatic in Opp.).) As a result, the bald references to websites in connection with media appearances before December 10 lack factual support. Even more critical, according to the complaint, Ms. Powell neither solicits a donation nor target D.C. residents during the December 10 appearance. Addressing the "American people," Ms. Powell states that documents were uploaded to the website for their review. (Compl. ¶ 125s; *see also id.* ¶¶ 109-12.)

As a result, these assertions do not satisfy *Twombly* to survive a motion to dismiss for lack of personal jurisdiction. *Duarte v. Nolan*, 190 F. Supp. 3d 8, 11-12 (D.D.C. 2016) ("To overcome

17

a motion to dismiss for lack of personal jurisdiction, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'") (quoting *Iqbal*); *Iqbal*, 556 U.S. at 678  ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 US at 570)). Personal jurisdiction cannot be based on conjecture. *Triple Up Ltd. v. Youku Tudou Inc.*, 2018 WL 4440459, at *2 (D.C. Cir. July 17, 2018) (plaintiff "bears the burden of plausibly alleging a factual basis for exercising personal jurisdiction over" defendant); *Dougherty v. United States*, 156 F. Supp. 3d 222, 229–30 (D.D.C. 2016) (K. Jackson Brown, J.) ("plaintiff 'must demonstrate that each defendant is subject to personal jurisdiction in the forum[,]' … and the court need not accept all of the plaintiff's factual allegations as true"), *aff'd sub nom. Dougherty v. McKee*, 2017 WL 2332591 (D.C. Cir. Feb. 2, 2017).

Finally, Smartmatic's response regarding the irrelevancy of the Flynn representation is just another extension of its vaporous "credibility" factor. Would a New York court have personal jurisdiction over Billy Martin for statements about the San Francisco Giants made from Oakland because Martin once managed the New York Yankees? Of course not. Nor should the Flynn representation impact personal jurisdiction here.

### c)      *Ms. Powell Did Not Cause Harm in D.C. as Required by § 423(a)(3).*

Section 423(a)(3) is more rigorous than Due Process, and requires a tort committed in D.C. also causes *harm in* D.C. *Reuber v. United States*, 750 F.2d 1039, 1049-50, n.12 (D.C. Cir. 1984) (standard is intentionally short of Due Process Clause). While Smartmatic asserts that Ms. Powell's alleged contacts satisfy Due Process, it does not address requirements that are more stringent. (Opp. at 18-19.) Under Smartmatic's reasoning in its brief (Opp. at 42), Smartmatic's opposition to the lack of personal jurisdiction under sections (a)(3) and (a)(4) is waived.

Substantively, the complaint alleges *against* Ms. Powell a single December 10 media appearance *in* D.C., but does not allege harm from it. Smartmatic alleges that it operates in L.A. County and *not* in D.C. (Compl. ¶¶ 48-63.) Smartmatic does not allege or identify lost business in D.C. While Smartmatic may contend that it suffered reputational harm, under D.C. law, corporations suffer only monetary harm, not intangible reputation harm. *Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 461-62 (D.C. Cir. 2018). As a matter of law, Ms. Powell did not harm Smartmatic in D.C. from within D.C.  Without an allegation of lost business resulting in monetary harm in D.C., there is no personal jurisdiction under § 423(a)(3).

### d) The In-DC Injury and "Plus Factors" Required by § 423(a)(4) Are Lacking.

Section 423(a)(4) also is more rigorous than Due Process and requires actual *in-D.C.* injury from *outside* D.C. *Forras v. Rauf*, 812 F.3d 1102, 1107 (D.C. Cir. 2015). Further, such in-D.C. injury requires a plus factor (*i.e.*, a regular or persistent D.C. contact, or substantial revenue for in-D.C. services). Smartmatic alleges neither in its complaint. It doe sot allege injury. *See supra*.

The plus factor also is not satisfied by Ms. Powell's one-time *pro hac vice* representation of Flynn, the uncontested low revenue from such representation from the few in-D.C. services rendered, or two election-related (non-compensated) media appearances when in town for other reasons (and where one event is used for a claim against Lou Dobbs, not Ms. Powell). (Powell Decl. ¶¶ 7-18; Compl. ¶ 101.) Smartmatic cannot credibly argue that one or two uncompensated media appearances in D.C. constitute "regular business," "persistent contact" or "substantial revenue." *See Parsons v. Mains*, 580 A.2d 1329, 1330 (D.C. 1990) (*pro hac vice*); *Akhmetshin v. Browder*, 983 F.3d 542, 557 (D.C. Cir. 2020) (intermittent media contact); *Lewy v. Southern Poverty Law Ctr., Inc.*, 723 F. Supp. 2d 116, 124 (D.D.C. 2010) (occasional travel); *see also The Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 48 (D.D.C. 2010) (three trips insufficient).

Smartmatic's repeated reliance on websites and donations also falls short. In addition to the reasons and case law cited above, *see supra*, Subpart (a), including Smartmatic's sole reliance on a non-party's website (DTR) and that the complaint does not allege a solicitation in connection with that website (Compl. ¶ 125s), Ms. Powell's reference to the website during the December 10 appearance was, according to the complaint, performed in D.C., not outside of it. Therefore, the reference should not be considered under § 423(a)(4).

## E.     Counts  II–V  and  VII of the Complaint Fail to Plead Defamation

Counts  II–V  and  VII should be dismissed because they sound solely in injurious falsehood, and not defamation. (Mot. at 22-24.) Smartmatic's assertion that Ms. Powell's statements "are also capable of defamatory meaning because they could cause a reasonable person to believe that Smartmatic, the company, participated in a widespread fraud to overthrow the 2020 election and is corrupt," mischaracterize those statements. The statements are directed at Smartmatic software, not at Smartmatic's reputation or the company.  In fact, with respect to three of the statements, Ms. Powell merely attributes the ownership of Smartmatic's software to a *different company* (Dominion):

- Count II: "[a]nd I'm concerned it involved, *not only Dominion and its Smartmatic software*, but that the software essentially was used by other election machines also." *See* Compl. ¶ 132(b) (emphasis supplied);

- Count III: "[a]nd President Trump won by not just hundreds of thousands of votes, but by millions of votes that were shifted by Dominion and its Smartmatic[10] software that was expressly designed for that purpose." *Id.* ¶ 149(a); and

---

[10] Although this statement did not mention Smartmatic or Dominion, it followed a statement in which Ms. Powell attributed ownership of the software to Dominion. (Compl. ¶ 132(b).)

- Count V: "*Dominion and its Smartmatic software*" could be used to "drag-and-drop Trump votes to a separate folder and then delete that folder." *Id.* ¶ 140(k) (emphasis supplied).

Because the statements are directed at products, not the company (and in three instances, at Dominion), Counts II, III and V should be dismissed.

The cases cited by Smartmatic actually demonstrate why the statements cannot support the counts for defamation and instead must be limited to injurious falsehood claims. The cases involve statements explicitly directed at *both* an individual or company *and* their product or service. In *Roemer v. Commissioner*, the statements questioned the applicant's honesty, falsely stated that he neglected his client's affairs, and stated that he intentionally defaced property belonging to others. 716 F.2d 693, 694–95 (9th Cir. 1983). In *Mackie v. Awtry*, the statements regarded *both* an individual and her honesty in connection with her professional services. 2016 WL 5391182 at *3 (N.D. Ill. Sep. 27, 2016). In *Glob. Truss Am. LLC v. GLP German Light Prods*., the statements accused a product of being "counterfeit" and the seller to be an "infringer." 2011 WL 13220296 at *3 (C.D. Cal. Dec. 1, 2011). In *Eng'd Framing Sys. v. Vescom Structures, Inc*., the statement criticized company's product and implied dishonesty in the manner in which it was sold. 2005 WL 8174971 at *2 (D.N.J. Nov. 1, 2005). The *Eng'd Framing Sys.* court held that "unless the disparaging statement explicitly imputes to the corporation fraud, deceit, dishonesty, or reprehensible conduct in relation to the product, courts will not deem a merely critical statement to be defamatory." *Id.* Here, there is no alleged fraud, deceit, or dishonesty in the statements identified by Smartmatic to support Counts II–V and VII.

## F.    Ms. Powell Cannot be Held Liable for the Statements of Others

Smartmatic's contention that Ms. Powell waived this argument is little more than an attempt to deflect. As a matter of law, a party cannot be liable for statements made by an unrelated

third party. *E.g., Bell v. First Invs. Servicing Corp.*, 256 A.3d 246, 258 (D.C. 2021) (among elements for defamation claim, defendant must publish defamatory statement); *Jews for Jesus, Inc. v. Rapp*, 31 So.2d 382, 384 *(Fla. 2008) (same). Smartmatic must plead and prove with clear and convincing evidence that Ms. Powell published the alleged defamatory matter. It is an essential element of Smartmatic's claim for which it has the burden of proof. Smartmatic's opposition does not assert, or cite case law showing, that Ms. Powell is liable for statements made by Giuliani or Fox. Under its own logic, Smartmatic's opposition to Ms. Powell's argument is perfunctory and undeveloped – and therefore waived. (Opp. at 42.)

Substantively, Smartmatic's arguments also fall short. Smartmatic oversimplifies Ms. Powell's argument and over-characterizes her statements in effort to rescue its claims under Counts II, IV, VIII, and IX. A plain reading of the statements attributed to Ms. Powell in those counts does not support the correlating theories of liability. Counts IV and X allege that "Ms. Powell, Mr. Giuliani, and Fox published… that Smartmatic's election technology and software were compromised and hacked during the 2020 U.S. election." (Compl. ¶¶ 424, 506.) Citing paragraph 166(h),[11] Smartmatic argues "that Powell falsely stated that the CIA, FBI, and other government organizations received 'multiple reports of wrongdoing and failures and vulnerabilities' in Smartmatic's products." (Opp. at 43.)  This statement does not assert that "Smartmatic's election technology and software were compromised and hacked during the 2020 U.S. election."

Counts II and VIII allege that "Ms. Powell, Mr. Giuliani, and Fox published… that Smartmatic's election technology and software were widely used in the 2020 U.S. election including in contested states where claims of election fraud were made." (Compl. ¶¶ 396, 480.)

---

[11] Smartmatic cites 166(i), but that appears to be a mistake, as that paragraph quotes Lou Dobbs.

Smartmatic argues that "in Count VIII, Smartmatic alleges, for example, Powell falsely stated that Smartmatic's software was used in Dominion's voting machines." (Opp. at 43.) That statement does not allege widespread use of Smartmatic technology and software in the 2020 U.S. election. Nor is the statement defamatory. *Nunes v. WP Co.*, 2021 WL 3550896, at *4 (D.D.C. Aug. 11, 2021) (statement must make plaintiff "appear odious, infamous, or ridiculous'" or injure "in trade, profession or community standing or lower in the estimation of the community") (cited at Opp. at 38).

### G.      The Single Publication Rule Bars the Injurious Falsehood Claims

To avoid the established body of Florida law holding that the single publication rule bars Smartmatic's injurious falsehood claims, Smartmatic asserts that D.C. law applies because Ms. Powell did not identify a conflict of law. (Opp. at 33.) Yet, in its next breath, Smartmatic acknowledges a conflict, stating that the Florida federal court's decision in *Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC*, 2018 WL 3391379 at *8–9 (M.D. Fla. June 12, 2018), which supports Ms. Powell's argument, should not apply because it "cannot be reconciled with the D.C. Circuit's binding decision in *Weyrich*." (Opp. at 36.) Thus, Smartmatic's own argument proves Ms. Powell's point.

As Plan B, Smartmatic argues that *Fin. Info. Techs.* should not control because "plaintiff did not oppose defendant's argument that the single publication rule applied, and the court refused to assert any arguments on plaintiff's behalf." (*Id.*) The argument suggests that a federal court lacks capacity, expertise, or authority to apply applicable law – an extreme and baseless contention.

## III.      CONCLUSION

Smartmatic hides behind the latent and tactical ambiguity of a prolix complaint to defend an inherently defective lawsuit. At least one-third of the complaint, if not more, should be struck

under federal pleading standards. However, even more critical and fundamental, when forced to delve deep into the weeds and thickets of Smartmatic's pleading, it is clear that Smartmatic's claims should be dismissed as a matter of law, federal pleading standards aside. Smartmatic does not allege facts that support personal jurisdiction under D.C.'s longarm statute. It does not allege facts to support venue. It does not allege independent and distinct injuries to confer standing for two parties. It does not allege statements to support four claims. It does not allege claims that survive the single publication rule.

Smartmatic filed a rushed lawsuit and now any attempt to cure its complaint would be futile. Ms. Powell respectfully asks the Court to grant her motion to dismiss.


Dated: August 1, 2022                           Respectfully submitted,


/s/ Joshua A. Mooney                           _____
Michael J. Tricarico, *pro hac vice*            Marc Casarino, *pro hac vice*
Kennedys CMK LLP                                Kennedys CMK LLP
570 Lexington Avenue, 8th Floor                 919 N. Market Street, Suite 1550
New York, New York 10022                        Wilmington, DE 19801
Tel: (646) 625-3952                             Tel: 302-308-6647
Email: Michael.tricarico@kennedyslaw.com        Email: marc.casarino@kennedyslaw.com

Joshua A. Mooney DC Bar No. 471866              Lawrence J. Joseph, DC Bar No. 464777
Kennedys CMK LLP                                Law Office of Lawrence J. Joseph
1600 Market Street, Suite 1410                  1250 Connecticut Ave, NW, Suite 700-1A
Philadelphia, PA 19103                          Washington, DC 20036
Tel: 267-479-6700                               Tel: 202-355-9452
Email: Joshua.Mooney@kennedyslaw.com            Fax: 202-318-2254
                                                Email: ljoseph@larryjoseph.com

                                                *Counsel for Defendant Sidney Powell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Joshua A. Mooney_____
Joshua A. Mooney