UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., *et al*.<br><br>*Plaintiffs*,<br><br>v.<br><br>SIDNEY POWELL,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02995 (CJN) |

## MEMORANDUM OPINION

This suit, brought by Smartmatic USA Corp. and related entities (collectively, "Smartmatic"), is one of many arising out of allegedly defamatory statements made by certain individuals in the wake of the 2020 presidential election. *See*, *e.g.*, *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42 (D.D.C. 2021) (*Powell I*); *US Dominion, Inc. v. Byrne*, 600 F. Supp. 3d 24 (D.D.C. 2022); *Smartmatic USA Corp. v. Herring Networks, Inc.*, 610 F. Supp. 3d 92 (D.D.C. 2022); *US Dominion, Inc. v. Herring Networks, Inc.*, Civ. A. No. 21-2130 (CJN), 2022 WL 16744924 (D.D.C. Nov. 7, 2022). The sole defendant here, Sidney Powell, argues (among other things) that Smartmatic has failed to adequately show that the Court has personal jurisdiction over her. The Court agrees as to some of Smartmatic's claims, but will not dismiss them; instead, the Court provides Smartmatic with leave to either amend its Complaint or take jurisdictional discovery on Powell's contacts with the District of Columbia.

I.        Factual Background

Smartmatic USA Corp. is an election technology and software company incorporated in Delaware and based in Florida.[1]  Compl. ¶ 1.  The company is owned by Smartmatic International Holding B.V., a Netherlands corporation that owns multiple businesses operating under the Smartmatic brand.  *Id.* ¶ 2.  Smartmatic International is, in turn, owned by a U.K. parent company called SGO Corporation Limited.  *Id.* ¶ 3.  These three entities are the plaintiffs here.

Smartmatic "provided election technology and software for Los Angeles County" during the 2020 election.  *Id.* ¶ 1.  This "technology and software were not used in any other county or State."  *Id.*  Nor did Smartmatic work with any other voting technology companies in recording or tabulating votes.  *Id.* ¶ 138.

Sidney Powell is a lawyer, former federal prosecutor, media figure, and the sole defendant in this action.  *Id.* ¶ 5.  She resides in Dallas, Texas, but has made media appearances in the District of Columbia and elsewhere, where at various times she discussed Smartmatic's role in the 2020 election.  *Id.* ¶ 17; *see also Powell I*, 554 F. Supp. 3d at 66–67.  She also represented former national security adviser Michael Flynn in a criminal case against him in the District.  Compl. ¶¶ 17, 363.

Smartmatic alleges that, shortly after the election, Powell teamed up with former New York City mayor Rudy Giuliani to promote the theory that the election had been rigged and stolen from Donald Trump.  *Id.* ¶ 74.  According to Smartmatic, Powell and Giuliani falsely claimed that the alleged steal was made possible, in part, by nefarious acts associated with Smartmatic's election technology and software.  *Id.*

---

[1] On a motion to dismiss, "the Court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 11 (D.D.C. 2019) (quotations omitted).

Smartmatic alleges that Powell and Giuliani tried to maximize the reach of their message by relying on Fox News as one of their primary platforms. *Id.* ¶ 116. Powell appeared on the network (in some manner) to discuss Smartmatic's role in the election on the following dates in 2020: November 14, 15, 16, and 19, and December 10. *Id.* ¶¶ 84, 87–90, 93–94, 101, 109. Although Smartmatic alleges that Powell was present in the District of Columbia for many of these appearances, it supports this allegation with varying degrees of specificity.

For some of those appearances, Smartmatic either makes no claim about Powell's location or relies only on "information and belief" in alleging that she was in the District. *See, e.g., id.* ¶¶ 84, 90. But for two appearances—a November 19 press conference that aired on Fox News, and a December 10 interview on the network—Smartmatic is more specific. It alleges that the November 19 press conference was "held by Ms. Powell and Mr. Giuliani in Washington, D.C.," *id.* ¶ 101, and that Powell gave the December 10 interview "from a hotel room she rented in the Trump International Hotel in Washington, D.C.," *id.* ¶ 109. Powell also appeared on Fox News for an interview by phone on November 19, but Smartmatic does not allege that she was in the District at the time. *Id.* ¶ 102–03; Ex. 25.

Regardless of her location, Powell's statements on air were similar. In one broadcast, Powell claimed that there were "[a]ll kinds of different means of manipulating the Dominion and Smartmatic software." Compl. ¶ 84. In another, she stated that Smartmatic's software "shifted" "millions of votes" and that it "was designed to rig elections." *Id.* ¶ 90. She went on to decry "massive election fraud" involving "Dominion and its Smartmatic software." *Id.*

When Fox News aired segments of the November 19 press conference, it included Powell's assertion that one of the "most characteristic features [of Smartmatic's software] is its ability to flip votes. It can set and run an algorithm that probably ran all over the country to take a certain

3

percentage of votes from President Trump and flip them to President Biden." *Id.* ¶ 101.  And while at Trump International Hotel, Powell went on air and claimed that she had "reams and reams" of evidence that various individuals, including the former chairman of SGO, "designed and develop[ed] the Smartmatic and Dominion programs and machines that include a controller module that allows people to log in and manipulate the votes even as it's happening." *Id.* ¶ 109. Touting her own "independent investigation," Powell added that Smartmatic's voting technology and software were "created for the benefit of Venezuela and Hugo Chávez to rig elections to make sure he continued winning." *Id.*; *see also id.* ¶ 85 ("[Smartmatic] was created for the express purpose of being able to alter votes and secure the re-election of Hugo Chávez.").

Smartmatic claims that Powell, in making these statements (and others), falsely stated or implied that (1) Smartmatic's technology and software were widely used in the 2020 election, (2) Dominion used that technology and software, (3) the technology and software helped steal the presidency from Donald Trump, (4) the technology and software were compromised and hacked, (5) Smartmatic is a Venezuelan company founded and funded by socialist dictators, and (6) Smartmatic designed its technology and software for the express purpose of rigging elections.  *Id.* ¶ 115.  Based on these categories of allegedly false statements, Smartmatic states twelve causes of action—seven for defamation, five for injurious falsehood—and it sorts each of Powell's statements into the relevant category.  *Id.* ¶¶ 381–543.

## II.   Procedural Background

In early 2021, Smartmatic sued Powell, Giuliani, and several other parties in New York state court.  *Id.*, Preliminary Statement; *Smartmatic USA Corp., et al. v. Fox Corp., et al.*, No. 151136/2021 (filed Feb. 4, 2021).  That suit, according to Smartmatic, is "materially identical" to this one, except that this one "is solely against Powell."  Compl., Preliminary Statement.

Smartmatic brought this action in November 2021 "as a prophylactic measure in the event that personal jurisdiction is found lacking in the Supreme Court of the State of New York." *Id.*  In March 2022, the New York court granted Powell's motion to dismiss for lack of personal jurisdiction.  *See* Status Report, Ex. A, ECF No. 19.

Powell now moves to dismiss this action (or at least parts of it) on various grounds.  The Court considers just one here:  whether Smartmatic has established an adequate factual basis for the Court's exercise of personal jurisdiction over Powell.

### III.  Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish "a factual basis for the exercise of personal jurisdiction over the defendant." *Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 185 (D.D.C. 2017).  Courts "may consider materials outside the pleadings in deciding whether to grant [the] motion," *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005), and "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  But "[b]are allegations and conclusory statements will not suffice." *Smartmatic USA Corp. v. Herring Networks, Inc.*, 610 F. Supp. 3d 92, 97 (D.D.C. 2022).  A plaintiff must instead "allege specific facts connecting the defendant to the forum." *Id.*

### IV.  Analysis

The jurisdictional analysis proceeds in two steps.[2]  First, the Court must determine whether jurisdiction exists under the District of Columbia's long-arm statute.  Then, the Court must ask whether exercising jurisdiction comports with the Due Process Clause.  *GTE New Media Servs.*

---

[2] Smartmatic does not argue that the Court has general jurisdiction over Powell, so the Court considers only specific jurisdiction.

5

*Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). At each step, a relevant fact is Powell's physical location when she made the allegedly defamatory statements. *See Powell I*, 554 F. Supp. 3d at 66.

On this issue, the Complaint says too little when addressing certain statements made by Powell. As noted above, Smartmatic specifically alleges that Powell was present in the District when she made her statements at the November 19 press conference and during the December 10 interview. In all other cases, however, Smartmatic either retreats to general allegations when addressing Powell's location or altogether fails to address the issue. Had Powell conceded the point, perhaps there would have been no need for the Court to question these general allegations. But Powell's motion to dismiss includes a declaration attesting that she was not present in the District of Columbia when she made her allegedly defamatory statements on November 14, 15, and 16. Powell Decl. ¶ 19, ECF No. 23-3.

Smartmatic, for its part, makes no effort to refute Powell's declaration. Instead, Smartmatic relies on *Powell I*, and for an obvious reason—there, the Court held that it had personal jurisdiction over Powell for allegedly defamatory statements she made concerning Dominion. 554 F. Supp. 3d at 66–67. But in that case, Powell did not dispute Dominion's allegation that she was present in the District when she made the relevant statements; instead, her primary argument was that her presence did not constitute "transacting business" under the D.C. long-arm statute. *See* Powell Mot. to Dismiss, *US Dominion, Inc., et al. v. Powell, et al.*, Civ A. No. 21-40 (CJN) (D.D.C. March 22, 2021), at 15, ECF No. 22 (not disputing that she was present in the District for various events giving rise to the defamation claims). Here, though, Powell filed a declaration—to which Smartmatic offers no rebuttal—contesting Smartmatic's bare allegations about her presence in the District. And "when a plaintiff files an opposition to a dispositive motion and addresses only

6

certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 63 (D.D.C. 2011) (holding that venue was improper because the plaintiff did not refute a declaration accompanying a motion to dismiss) (quotations omitted).

To be sure, Powell's declaration concedes that she was in the District for the December 10 interview. Powell Decl. ¶ 20. And her reply brief concedes that she was in the District for the November 19 press conference as well. Powell Reply at 2 n.2, ECF No. 34. Thus, for the reasons given in *Powell I*, Smartmatic has sufficiently pleaded personal jurisdiction for claims related to Powell's statements at the November 19 press conference and during the December 10 interview.

That the Court has personal jurisdiction over Powell for claims relating to those statements does not, however, mean that it has personal jurisdiction for claims relating to her other statements. After all, "each separate defamatory statement itself constitutes a separate and distinct cause of action." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 (E.D. Va. 2004) (quotations omitted). And because specific personal jurisdiction is claim-specific, it "must be established for each claim." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2023) ("There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim."). Accordingly, for its claims based on statements Powell made on November 14, 15, and 16, and during the interview on November 19, Smartmatic must establish claim-specific forum contacts.

In the face of Powell's unrebutted declaration, Smartmatic's reliance on its Complaint's bare allegations about Powell's location does not suffice.[3]

For now, however, the Court will not dismiss these claims. Smartmatic has requested leave to either amend its Complaint or take jurisdictional discovery. Opp'n to Mot. to Dismiss at 11 n.4, ECF No. 27. The standard for granting leave to amend a complaint is generous: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Likewise, the "standard for permitting jurisdictional discovery is quite liberal," and leave may be granted even when the plaintiff "has not made out a *prima facie* case of jurisdiction." *Diamond Chem. Co., Inc. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003).

The Court finds no basis for denying Smartmatic leave to amend its Complaint. *See Zalduondo v. Aetna Life Ins. Co.*, 845 F. Supp. 2d 146, 160 (D.D.C. 2012) (observing that grounds for denial include undue delay, bad faith, undue prejudice, and futility). And given Powell's activities and whereabouts during the relevant period, *see generally* Powell Decl., *Powell I*, 554 F. Supp. 3d 42, the Court finds that Smartmatic's request for discovery is made with a "good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant," *Diamond Chem.*, 268 F. Supp. 2d at 15 (quotations omitted). At the very least, the

---

[3] The Court recognizes that Smartmatic also alleges suit-related business transactions and forum contacts based on Powell's representation of Michael Flynn in the District. But the thrust of the Complaint—and Smartmatic's argument in opposition to Powell's motion—is the contention that Powell was present in the District when she made the allegedly defamatory statements. So too, her presence in the District was the focus of the Court's decision in *Powell I*, 554 F. Supp. 3d 42. For this reason, the Court declines to decide at this time whether Powell's representation of Flynn, by itself, can support personal jurisdiction for each claim in this case. More clarity on Powell's physical location will sharpen not only the jurisdictional analysis, but also the question of venue, which turns on whether a substantial part of the events giving rise to a particular claim occurred in the forum.

Court does not believe that discovery here "would amount to nothing more than a fishing expedition." *Bastin v. Fed. Nat'l Mortg. Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997).

\* \* \*

Accordingly, Smartmatic shall file, within two weeks of this Opinion and Order, notice of whether it intends to amend its Complaint or take jurisdictional discovery on the question of Powell's contacts with the District with respect to her allegedly defamatory statements. The case is stayed pending the filing of an amended complaint or the completion of jurisdictional discovery. A separate Order will issue.

DATE:  May 24, 2023

CARL J. NICHOLS
United States District Judge

9