# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED | ) ) ) | |
| Plaintiffs, | ) | No. 1: 21-cv-02995-CJN |
| v. | ) | |
| SIDNEY POWELL, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT SIDNEY POWELL'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sidney Powell hereby responds to and objects to the First Set of Requests of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic").

**PRELIMINARY STATEMENT**

1.     By responding to Smartmatic's First Set of Requests for Production ("Requests"), Sidney Powell does not waive (i) any objections as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to these Requests; (ii) the right to object on any ground to the use of the information provided in response to these Requests at any hearing, trial, or other proceeding in this litigation; (iii) the right to object on any ground at any time to a demand for further responses to these Requests; or (iv) the right at any time to revise, correct, add to, supplement, amend, or clarify the responses contained herein.

1

2.      Powell responds to each Request as and to the extent Powell currently interprets and understands it. If Smartmatic subsequently asserts an interpretation of a Request or term therein that differs from Powell's understanding, Powell reserves the right to alter or supplement her objections or responses.

## GENERAL OBJECTIONS

Powell expressly incorporates each of the following General Objections in her Response to each Request as though fully set forth therein and states that, by making a specific objection to a particular Request, Powell does not imply that any of the General Objections are not also applicable to that Request. All responses are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any Response herein will be deemed an admission, concession, or waiver by Powell as to the relevance, materiality, or admissibility of any information or document disclosed in response to Smartmatic's Requests.

1.      Powell objects to Smartmatic's First Set of Requests, including their Definitions and Instructions, on the ground and to the extent they seek information beyond the clear limitations of the Court's May 24, 2023 Order staying the above-captioned action except for jurisdictional discovery. Requests that seek information beyond Powell's contacts with the District of Colombia in connection with the limited number of Powell statements identified by Smartmatic's in its complaint violate the Court's Order. Powell will respond to these discovery requests only within the scope of the Court's May 24, 2023 order.

2.      Powell objects to Smartmatic's Instructions setting forth the timeframe for these Requests to be January 1, 2020 to the present. The instruction seeks documents in violation of the

Court's order and documents that are neither relevant nor reasonably calculated to the discovery of admissible evidence.

3.      Powell objects to Smartmatic's First Set of Requests, including their Definitions and Instructions, on the ground and to the extent they would impose obligations on Powell beyond those set forth under the Federal Rules of Civil Procedure and the local rules of this Court, and any other applicable orders issued by this Court.

4.      Powell objects to Smartmatic's First Set of Requests, including their Definitions and Instructions, on the grounds and to the extent that they are overly burdensome, seek information that is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Powell further objects to these Requests to the extent they seek information that is not proportional to the needs of the case.

5.      Powell objects to Smartmatic's First Set of Requests, including their Definitions and Instructions, on the grounds and to the extent that they seek information that is protected by the attorney-client privilege or the work product doctrines, or other privileged or protections from discovery. Powell will not produce privileged documents, work product, or confidential or other information protected from discovery. Powell is an attorney. Powell reserves all rights regarding the inadvertent disclosure of documents or information that is privileged or protected as work product.

6.      Any response or objection by Powell herein does not constitute a representation or admission that any document, fact, opinion, or other information does in fact exist or is known to her. Powell's responses and objections are based upon information reasonably available to her at the time of this response or of any document production. Further, Powell's agreement to search for and produce any information or document is made expressly upon the condition that all parties

will follow any applicable confidentiality agreements and protective order(s) that have been agreed

or entered, any that may be agreed or entered, or that otherwise govern the production of materials

in this case.

7.        Powell reserves the right to supplement, amend, or modify her responses to these

Requests. Powell reserves the right to produce documents in lieu of or as a supplement to her

Responses to these Requests.


### RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All Documents and Communications between You and any member of the TRUMP

CAMPAIGN, including any documents reflecting any agreements or arrangements with

DONALD TRUMP or the TRUMP CAMPAIGN, your past or present role(s), official or

unofficial, with the TRUMP CAMPAIGN, meetings you held with member(s) of the TRUMP

CAMPAIGN, and any compensation or payments you received from DONALD TRUMP or the

TRUMP CAMPAIGN.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth

violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that

the case is **STAYED** pending the filing of an amended complaint or the completion of

jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the

limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements

identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates

the Court's order and stay. Powell objects to this Request on the grounds and to the extent it seeks

documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 2:**

All Communications between You and DONALD TRUMP and/or the TRUMP ADMINISTRATION.   The timeframe for this Request is September 1, 2020 through April 30, 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the

5

Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the timeframe extends far beyond the last statement made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.


**REQUEST NO. 3:**

All Documents and Communications with or relating to RUDOLPH GIULIANI.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates

the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the timeframe extends the Request far beyond the statements made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 4:**

All Documents and Communications relating to the 2020 PRESIDENTIAL ELECTION. The timeframe for this Request is September 1, 2020 through present.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the

limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the stated timeframe extends far beyond the last statement made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 5:**

All Documents and Communications relating to any services or role(s), official or unofficial, that DONALD TRUMP, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN asked You to perform or discussed having You perform, including but not limited to You acting as special counsel to investigate allegations of fraud in the 2020 PRESIDENTIAL ELECTION, as has been publicly reported. See, e.g., Kyle Cheney and Josh Gerstein, Trump

sought to tap Sidney Powell as special counsel for election fraud (Politico Dec. 19, 2020), available at https://www.politico.com/news/2020/12/19/sidney-powell-trump-special-counsel-448694.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 6:**

All Documents and Communications with or relating to any NEWS ORGANIZATIONS concerning SMARTMATIC, DOMINION or the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the timeframe extends the Request far beyond the last statement made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell

on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 7:**

All calendars (electronic and/or paper), Outlook meetings and/or appointments, datebooks or other scheduling information maintained by You from September 1, 2020 through April 30, 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the timeframe extends far beyond the last statement made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections,

11

and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 8:**

All Documents and Communications relating to and/or reflecting any MEETING you attended in the District of Columbia or any call you had with someone who you understood was in the District of Columbia, including without limitation any documents concerning your visits to the White House, the persons with whom you met, the dates, locations and other attendees of such MEETINGS, and the substantive communications at the MEETINGS.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This Request is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the timeframe extends the Request far beyond the last statement made by Powell, as identified in Smartmatic's complaint. The scope of this lawsuit is limited to a limited number of statements made by Powell

on television broadcasts identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties Smartmatic has sued in other litigations, including its omni-New York lawsuit, and is using this lawsuit to obtain third-party discovery for those actions.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 9:**

All Documents, including but not limited to presentations, notes, agendas, minutes, transcripts, records or other Documents and Communications, relating to any MEETINGS that You attended at which  Smartmatic and/or allegations of fraud or irregularities in the 2020 PRESIDENTIAL ELECTION were referenced, mentioned or discussed. The timeframe for this Request is September 1, 2020 through January 31, 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent the Request seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit

13

is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties for its other litigations – also in violation of the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.


**REQUEST NO. 10:**

All Documents and Communications relating to any visits by You to any governmental office or building in the District of Columbia.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

Subject to and without waiving the foregoing general objections and specific objections,

and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 11:**

Documents sufficient to show every time you entered and/or left the District of Columbia, including without limitation any travel logs, hard copy or electronic calendar entries, and/or flight information. The time period for this Request is January 1, 2020 to present.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example – there are no airports in the District of Columbia. Also, the time frame seeks documents well beyond the scope of Powell's statements on television broadcasts, which are identified in Smartmatic's complaint, and the claims made in this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2024 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell

on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 12:**

Documents sufficient to show your accommodations for each night that you spent in the District of Columbia, including without limitation any travel logs, hard copy or electronic calendar entries, and/or receipts of hotel stays. The time period for this Request is January 1, 2020 to present.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the time frame seeks documents well beyond the scope of Powell's statements on television broadcasts, which are identified in Smartmatic's complaint, and the claims made in this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 13:**

Documents sufficient to show a log of all phone calls that you placed or received from (a) the TRUMP CAMPAIGN, (b) the TRUMP ADMINISTRATION, (c) DONALD TRUMP, (d) RUDOLPH GIULIANI, and/or (d) anyone who you understood or knew was in the District of Columbia at the time of the call. The timeframe for this Request is September 1, 2020 through April 30, 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the time frame seeks documents well beyond the scope of Powell's statements on television broadcasts, which are identified in Smartmatic's complaint, and the claims made in this lawsuit. Powell objects to this Request on the grounds and to the extent the Request in reality seeks third-party discovery form Powell for litigations Smartmatic has with other parties, including in in its omni-New York lawsuit – which is also a violation of this Court's order.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

17

**REQUEST NO. 14:**

Any recordings of any meetings or calls between you and (a) the TRUMP CAMPAIGN, (b) the TRUMP ADMINISTRATION, (c) DONALD TRUMP, and/or (d) RUDOLPH GIULIANI. The timeframe for this Request is September 1, 2020 through April 30, 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. For example, the time frame seeks documents well beyond the scope of Powell's statements on television broadcasts, which are identified in Smartmatic's complaint, and the claims made in this lawsuit. Powell objects to this Request on the grounds and to the extent the Request in reality seeks third-party discovery form Powell for litigations Smartmatic has with other parties, including in in its omni-New York lawsuit – which is also a violation of this Court's order.

Subject to and without waiving the foregoing general objections and specific objections, and consistent with the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, Powell responds that she will produce responsive, non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint.

**REQUEST NO. 15:**

Documents and Communications relating to any office that you, POWELL P.C., and/or DTR have used, leased, rented, owned and/or sold in the District of Columbia, including without limitation 601 Pennsylvania Ave., N, South Building, Ste. 900, Washington, D.C. 20005 or any other D.C. mailing address that you, POWELL P.C. and/or DTR have used in a court filing, advertisement, solicitation, or any document that you, DTR, and/or POWELL P.C. provided to any governmental body.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that she will produce responsive, non-privileged documents to this Request.

**REQUEST NO. 16:**

All Documents, interrogatory responses, supplemental interrogatory responses, and responses you have provided to any requests for admission in the DOMINION ACTION.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit. Powell objects to this Request on the grounds that documents have been produced in the "Dominion" matter subject to a protective order that is not in place with this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 17:**

All Documents, interrogatory responses, supplemental interrogatory responses, and responses you have provided to any requests for admission in the COOMER ACTION.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 18:**

    All Documents you have produced to the JANUARY 6TH COMMITTEE.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit. Powell also objects on the grounds and to the extent Smartmatic seeks documents that are publicly available. Smartmatic can easily obtain such documents without shifting the burden to Powell.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 19:**

Any transcripts of testimony you have provided related to the 2020 PRESIDENTIAL ELECTION, including but not limited to testimony you have provided in the DOMINION ACTION or COOMER ACTION, before the JANUARY 6TH COMMITTEE, or in connection with any lawsuit or attorney disciplinary proceeding against you relating to statements you made concerning the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 20:**

Any sworn statement, declaration or affidavit you have provided related to the 2020 PRESIDENTIAL ELECTION, including but not limited to testimony you have provided in the DOMINION ACTION, before the JANUARY 6TH COMMITTEE, or in connection with any other lawsuit or attorney disciplinary proceeding against you.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent it seeks documents that are publicly available.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 21:**

All Documents and Communications relating to SMARTMATIC.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 22:**

All Documents and Communications relating to DOMINION.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 23:**

All documents identified in your Answers to Plaintiffs' First Set Of Interrogatories.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent that, like Smartmatic's First Set of Interrogatories, the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks discovery from other parties via Powell and this lawsuit.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein and already filed with the Court in this lawsuit.

27

**REQUEST NO. 24:**

Copies of any exhibits that you intend to offer at any evidentiary hearing addressing the Court's exercise of personal jurisdiction over you.

**RESPONSE:**

Powell objections to this Request because it seeks documents protected by the attorney-client and work product privileges. Subject to and without waiving the foregoing general objections and specific objections, Powell has not yet made any determinations as to what documents will be offered into evidence at any potential evidentiary hearing addressing the Court's exercise of personal jurisdiction issues.

**REQUEST NO. 25:**

Documents and Communications relating to or reflecting any compensation, gifts, payments or donations received by you from the TRUMP CAMPAIGN, DONALD TRUMP, DTR, POWELL P.C. or anyone else in 2020 and/or 2021.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's

28

complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic, and refers to documents produced in response to other requests herein.

**REQUEST NO. 26:**

Documents sufficient to show any bank accounts over which you had or have signature control for yourself, DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request

29

seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 27:**

For each bank account maintained in the name of DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C., a copy of each monthly statement for the period beginning on September 1, 2020.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit

except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 28:**

Documents and Communications relating to any receipt or use of funds to pay for: your defense of any action in which you have been sued; any attorney disciplinary action against you that you have defended or are defending; and/or any POWELL LAWSUIT.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 29:**

All Documents concerning any receipt of payment, donation or contribution from any Person who resided in D.C. or provided a D.C. address to You, DTR, POWELL P.C., the Legal Defense Fund for the American Republic, or any website under Your control, including but not limited to DefendingtheRepublic.org, http://ldfftar.org, and/or SidneyPowell.com.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 30:**

 Documents sufficient to show all domain names and/or websites registered under the name of or owned or control by you, DTR, and/or POWELL P.C.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 31:**

Documents and Communications relating to any domain name or website registered under the name of or owned or control by you, DTR, and/or POWELL P.C.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 32:**

All Documents which constitute, set forth, contain information about, or refer or relate in any way to the title of, or your ownership interest in, the assets of DTR, POWELL P.C., and/or the Legal Defense Fund for the American Republic, including but not limited to any shares in these Persons, the purchase or sale thereof, option rights, rights of first refusal, liens, fair market value, or other similar matters.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 33:**

Copies of all documents evidencing loans provided or received by DTR, Legal Defense Fund for the American Republic and/or POWELL P.C.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 34:**

Copies of corporate records or ledgers evidencing the identity and address of each Person who has owned stock in DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C. since January 1, 2020, including the consideration paid or promised for the stock and the date(s) on which the consideration was paid or promised.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 35:**

Copies of corporate records or ledgers evidencing the issuance of actual stock certificates at any time since the incorporation of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., to whom the certificates were issued, and the date(s) of issue.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 36:**

Copies of corporate records or ledgers evidencing the payment of dividends to any shareholder since the incorporation of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., to whom the dividends were paid, the amounts paid, and the date(s) of payment.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 37:**

Copies of your federal tax returns and the federal tax returns of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., including all schedules and attachments, since January 1, 2020.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

**REQUEST NO. 38:**

All state and federal tax returns filed on behalf of DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C. and all K1's for any individual members.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

41

**REQUEST NO. 39:**

All financial statements for DTR, the Legal Defense Fund  for the American Republic, and/or POWELL P.C.

**RESPONSE:**

Powell objects to this Request on the grounds and to the extent the Request and its breadth violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). Powell objects to this Request on the grounds and to the extent that the Request is overly broad. It has no limitation whatsoever, and seeks documents that are neither relevant to the claims and defenses of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. The scope of this lawsuit is limited to a limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint. This Request seeks documents having nothing to do with the discrete claims and defenses of this lawsuit. Powell objects to this Request on the grounds and to the extent the Request seeks third-party discovery for its New York lawsuit – an act that also violates the Court's order.

Subject to and without waiving the foregoing general objections and specific objections, Powell responds that this Request violates the Court's May 24, 2023 Order staying this lawsuit except for limited jurisdictional discovery elected by Smartmatic.

Dated: July 26, 2023      Respectfully submitted,

         */s/ Joshua A. Mooney*
         Joshua A. Mooney DC Bar No. 471866
         Kennedys CMK LLP
         1600 Market Street, Suite 1410
         Philadelphia, PA 19103
         Tel: 267-479-6700
         Email: Joshua.Mooney@kennedyslaw.com

         Marc Casarino, *pro hac vice* pending
         Kennedys CMK LLP
         919 N. Market Street, Suite 1550
         Wilmington, DE 19801
         Tel: 302-308-6647
         Email: marc.casarino@kennedyslaw.com

         Michael J. Tricarico, *pro hac vice* pending
         Kennedys CMK LLP
         570 Lexington Avenue, 8th Floor
         New York, New York 10022
         Tel: (646) 625-3952
         Email: Michael.tricarico@kennedyslaw.com

         *Counsel for Defendant Sidney Powell*