# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED<br>    Plaintiffs,<br>v.<br>SIDNEY POWELL,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 1: 21-cv-02995-CJN

**DEFENDANT SIDNEY POWELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Sidney Powell hereby responds to and objects to the First Set of Interrogatories of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic").

**PRELIMINARY STATEMENT**

1.    By responding to Smartmatic's First Set of Interrogatories, Sidney Powell does not waive (i) any objections as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to these Interrogatories; (ii) the right to object on any ground to the use of the information provided in response to these Interrogatories at any hearing, trial, or other proceeding in this litigation; (iii) the right to object on any ground at any time to a demand for further responses to these Interrogatories; or (iv) the right at any time to revise, correct, add to, supplement, amend, or clarify the responses contained herein.

2.    Powell responds to each Interrogatory as and to the extent Powell currently interprets and understands it. If Smartmatic subsequently asserts an interpretation of an Interrogatory or term therein that differs from Powell's understanding, Powell reserves the right

1

to alter or supplement her objections or responses.

## GENERAL OBJECTIONS

Powell expressly incorporates each of the following General Objections in her Response to each Interrogatory as though fully set forth therein and states that, by making a specific objection to a particular Interrogatory, Powell does not imply that any of the General Objections are not also applicable to that Interrogatory. All responses are subject to, qualified by, and limited by these objections without waiving such objections and/or any applicable privileges. Nothing contained in any Response herein will be deemed an admission, concession, or waiver by Powell as to the relevance, materiality, or admissibility of any information disclosed in response to Smartmatic's Interrogatories.

1.        Powell objects to Smartmatic's First Set of Interrogatories, including their Definitions and Instructions, on the ground and to the extent they seek information beyond the clear limitations of the Court's May 24, 2023 Order staying the above-captioned action except for jurisdictional discovery. Interrogatories that seek information beyond Powell's contacts with the District of Colombia in connection with the limited number of Powell statements identified by Smartmatic's in its complaint violate the Court's Order. Powell will respond to these discovery requests only within the scope of the Court's May 24, 2023 order.

2.        Powell objects to Smartmatic's Instructions setting forth the timeframe for these Requests to be January 1, 2020 to the present. The instruction seeks information in violation of the Court's order and documents that is neither relevant nor reasonably calculated to the discovery of admissible evidence.

3.        Powell objects to Smartmatic's First Set of Interrogatories, including their Definitions and Instructions, on the ground and to the extent they would impose obligations on

2

Powell beyond those set forth under the Federal Rules of Civil Procedure and the local rules of this Court, and any other applicable orders issued by this Court.

4.      Powell objects to Smartmatic's First Set of Interrogatories, including their Definitions and Instructions, on the grounds and to the extent that they are overly burdensome, seek information that is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Powell further objects to these Interrogatories to the extent they seek information that is not proportional to the needs of the case.

5.      Powell objects to Smartmatic's First Set of Interrogatories, including their Definitions and Instructions, on the grounds and to the extent that they seek information that is protected by the attorney-client privilege or the work product doctrines, or other privileged or protections from discovery. Powell will not produce privileged documents, work product, or confidential or other information protected from discovery. Powell is an attorney. Powell reserves all rights regarding the inadvertent disclosure of information that is privileged or protected as work product.

6.      Any response or objection by Powell herein does not constitute a representation or admission that any document, fact, opinion, or other information does in fact exist or is known to her. Powell's responses and objections are based upon information reasonably available to her at the time of this response or of any document production. Further, Powell's agreement to search for and produce any information is made expressly upon the condition that all parties will follow any applicable confidentiality agreements and protective order(s) that have been agreed or entered, any that may be agreed or entered, or that otherwise govern the production of materials in this case.

7.      Powell objects to Smartmatic's First Set of Interrogatories, including their Definitions and Instructions, on the grounds and to the extent that they seek information that is overly broad, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Powell objects to the Interrogatories below to the extent that, by reference, contains subparts exceeding the number of interrogatories permitted under the Federal Rules of Civil Procedure. By responding to the Interrogatory, Powell does not waive this objection.

9.      Powell reserves the right to supplement, amend, or modify her responses to these interrogatories. Powell reserves the right to produce documents in lieu of or as a supplement to her Responses to these Interrogatories.


## RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify any and all electronic devices (including, but not limited to, laptop computers, desktop computers, tablets, iPads, Nooks, Kindles, Samsung Galaxys, Google Nexuses, smart phones, cloud services and/or hard drives) that You have used in connection with Your statements concerning Smartmatic and/or allegations of voter fraud or irregularities in the 2020 PRESIDENTIAL ELECTION and, for each such device, identify any refurbishments, replacements, and/or changes made to the devices identified, such as the replacement of the hard drive or any other parts, or the use of any wiping software or programs such as "file shredder," "windows washer," "eraser," and/or "evidence eliminator."

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it violates the Court's May 24, 2023 Order and Stay. Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to the discovery of admissible evidence. The interrogatory seeks information beyond the limited number of statements made by Powell that are identified in 12 paragraphs of Smartmatic's 544 paragraph, 198-page complaint. Powell objects on the ground that the interrogatory is vague – "devices … that You have used in connection with Your statements" is unclear. The limited number of statements made by Powell identified by Smartmatic in its complaint were made on Fox television programs and at the RNC, and not on an electronic device, as the term is known by its plain and ordinary meaning. Powell also objects to this interrogatory to the extent it calls for subparts and therefore the collection of these interrogatories exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 2:**

Identify all efforts taken to preserve, collect, and search potentially responsive data and locations that may contain such materials.

**RESPONSE:**

Powell objects to this interrogatory on the grounds and to the extent that it violates the Court's May 24, 2023 Order and Stay. Powell objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or the work product doctrines, or other privileged or protections from discovery.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that this interrogatory is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in its complaint, and violates the Court's order and stay. For those interrogatories within Smartmatic's First Set of Interrogatories and Requests for the Production of Documents that did not violate this Court's Order, which "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37), Powell conducted a reasonable search for documents among business and personal records. Powell also referred to her sworn declaration, which was filed with her motion to dismiss. Powell has turned off auto-delete features in certain communication apps and, through use of a vendor (retained via counsel), has had data collected and conveyed to counsel.

**INTERROGATORY NO. 3:**

State a complete list of all locations and data that You used to communicate about any materials responsive to any of Plaintiffs' Requests for Production, including but not limited to specific email accounts, text messages, messaging applications, social media, devices, hardware, and any form of communication.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is vague and non-decipherable. The request for a list of locations and data used to communicate about responsive materials makes no sense. Powell objects to this interrogatory on the grounds and to the extent that it seeks information protected by the attorney-client privilege or the work product doctrines, or other privileged or protections from discovery. Powell objects to this interrogatory on the ground that it seeks information that is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. For instance, the interrogatory could be read to include computer hardware of outside counsel. Powell objects to this interrogatory on the grounds and to the extent that it violates the Court's May 24, 2023 Order, which "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

Subject to, without waiving, the foregoing general objections and specific objections, Powell refers to documents that will be produced in response to Smartmatic's First Set of Requests for the Production of Documents.

**INTERROGATORY NO. 4:**

Identify all sources of information for the DEFAMATORY STATEMENTS.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it characterizes Powell's statements as defamatory – a derogatory term and legal conclusion.  By responding to this interrogatory, Powell does not admit or concede that any statement published by her was defamatory. Powell objects to this interrogatory on the grounds and to the extent that it is overly broad, unduly burdensome and arbitrary, including to the extent it seeks "all" sources Powell relied upon, especially given that it has been almost three years since the statements were made.  Powell objects to this interrogatory on the grounds and to the extent that the term "sources" is vague and ambiguous. Powell interprets the term by its plain and ordinary meaning – a point of origin or procurement; a supply of information – when responding to this interrogatory. *See https://www.merriam-webster.com/dictionary/source.* Powell objects to this interrogatory to the extent that by answering this interrogatory, such answer is deemed to be an admission that the recital of any quote in the complaint is fully accurate. Powell makes no such admission. For instance, words or phrases in many "quotes" in the complaint are or may be missing, abbreviated, and have added ellipses that may take the quoted words and statements out of context or distort their meaning.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery." (ECF 37.) This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is

allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 5:**

 For each instance in which You used the word "we" in the statements you made in the broadcasts alleged in Paragraphs 125(a), 125(b), 125(l), 125(n), 125(s), 149(h), 191(k) of the COMPLAINT and Exhibits 3, 5, 25, 38, 39 to the COMPLAINT, identify all persons who You understood comprised "we" when You made those statements.

**RESPONSE:**

Powell objects to this interrogatory to the extent that by answering this interrogatory, such answer is deemed to be an admission that the recital of any quote in the complaint is fully accurate. Powell makes no such admission. For instance, words or phrases in many "quotes" in the complaint are or may be missing, abbreviated, and have added ellipses that may take the quoted words and statements out of context or distort their meaning. Powell objects to this interrogatory to the extent it calls for subparts and therefore the collection of these interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in its complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 6:**

Describe your relationship with the TRUMP CAMPAIGN, including the date you joined

the legal team for the TRUMP CAMPAIGN and/or DONALD TRUMP following the 2020

PRESIDENTIAL ELECTION, whether your agreement to join was verbal or written, with

whom you made the agreement and how, whether you were compensated, and how you learned

that the agreement was terminated.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and ambiguous –

the terms TRUMP CAMPAIGN includes agents, employees, "members of the [US] Cabinet,

officials within any Executive Department or agency of the U.S. federal government, including

but not limited to advisors, attorneys, and family members." Such a definition is overly broad and

overly inclusive of a political campaign. Powell objects to this interrogatory on the grounds that it

is vague and indecipherable – requests to "describe" Powell's relationship with DONALD

TRUMP and the TRUMP CAMPAIGN, as defined, are inherently unclear. Powell objects on the

grounds and to the extent the interrogatory and its breadth violates the Court's May 24, 2023 Order

and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of

an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory

is designed to seek information beyond the limited jurisdictional discovery Smartmatic is allowed

to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544

paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this

interrogatory on the grounds and to the extent that it seeks to impose obligations beyond the

Federal Rules – this interrogatory has at least 6 subparts and constitutes multiple interrogatories.

Subject to, without waiving, and incorporating the foregoing general and specific

objections, Powell responds that she did not join the TRUMP CAMPAIGN. Powell also responds

that she maintained a professional, amicable relationship with DONALD TRUMP. There were no

written or verbal agreements of engagement with either DONALD TRUMP or the TRUMP

CAMPAIGN, and no compensation was paid.


**INTERROGATORY NO. 7:**

Identify each MEETING you attended as a member of the legal team for the

TRUMP CAMPAIGN and, for each MEETING, state the date it occurred, where it occurred,

who attended, and what transpired.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and ambiguous –

the terms TRUMP CAMPAIGN includes agents, employees, "members of the [US] Cabinet,

officials within any Executive Department or agency of the U.S. federal government, including

but not limited to advisors, attorneys, and family members." Such a definition is overly broad and

overly inclusive of a political campaign. Powell objects to this interrogatory on the grounds that it

is vague and indecipherable – the requests to "describe" Powell's relationship with DONALD

TRUMP and the TRUMP CAMPAIGN, as defined, are inherently unclear. Powell objects to this

interrogatory to the extent the interrogatory violates the Court's May 24, 2023 Order and stay of

this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended

complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed

to seek information beyond the limited jurisdictional discovery Smartmatic is allowed to take for

the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph,

198-page complaint, and violates the Court's order and stay.

Subject to, without waiving, and incorporating the foregoing general and specific objections, Powell responds that Powell was not a member of the legal team for the TRUMP CAMPAIGN.

**INTERROGATORY NO. 8:**

Identify all persons with whom you had any MEETING regarding SMARTMATIC, DOMINION, or allegations of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, and for each MEETING, state the date it occurred, who attended, and what transpired. The timeframe for this Interrogatory is November 1, 2020 through January 31, 2021.

**RESPONSE:**

Powell objects to this interrogatory on the grounds and to the extent that it violates the Court's May 24, 2023 Order and Stay. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, in that it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence. For similar reasons, Powell objects on the grounds and to the extent that it seeks information that is not related to the claims and defenses of this lawsuit. The interrogatory expressly seeks information beyond the limited number of statements made by Powell that Smartmatic has identified in its complaint. Powell objects to this interrogatory to the extent it calls

for subparts and therefore the collection of these interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that Smartmatic's complaint identifies alleged "false statements" made during five short media appearances:

- November 14, 2020 *Justice with Judge Jeanine* (Compl. ¶¶ 84-85);
- November 15, 2020 *Sunday Morning Futures with Maria Bartiromo* (*Id.* ¶¶ 90-91);
- November 16, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 94-95);
- November 19, 2020 (RNC) *Lou Dobbs Tonight* (*Id.* ¶¶ 101-03);
- December 10, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 109, 111-12).

The only times Powell was in the District of Columbia in connection with her identified statements, to the best of her recollection, were the statements she made on November 19, 2020 at the RNC and statements she made from the Trump Hotel on the December 10, 2020 Lou Dobbs Fox broadcast. To the extent this interrogatory seeks further information, the interrogatory violates the Court's order.

**INTERROGATORY NO. 9:**

Identify each date you went to the White House and, for each date, describe any MEETING you attended, who else attended such MEETING, and what transpired in the MEETING.

**RESPONSE:**

Powell objects to this interrogatory on the grounds and to the extent that it violates the Court's May 24, 2023 Order and Stay. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information beyond the limited jurisdictional discovery

Smartmatic is allowed to take for the statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay. Powell objects to this interrogatory to the extent it calls for subparts and therefore the collection of these interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. This interrogatory asks four separate questions.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, Powel responds that Smartmatic's complaint identifies alleged "false statements" made during five short media appearances:

- November 14, 2020 *Justice with Judge Jeanine* (Compl. ¶¶ 84-85);
- November 15, 2020 *Sunday Morning Futures with Maria Bartiromo* (*Id.* ¶¶ 90-91);
- November 16, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 94-95);
- November 19, 2020 (RNC) *Lou Dobbs Tonight* (*Id.* ¶¶ 101-03);
- December 10, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 109, 111-12).

Powell was not at the White House for any of those statements and did not have meetings scheduled with the White House in connection with those statements. The only times Powell was in the District of Columbia in connection with her statements identified by Smartmatic, to the best of her recollection, were the statements made on November 19, 2020 at the RNC and statements she made from the Trump Hotel on the December 10, 2020 Lou Dobbs Fox broadcast. Powell attended a Chanukah celebration at the White House on the evening of December 10, 2020.

**INTERROGATORY NO. 10:**

Identify each date in which you were physically present in the District of Columbia in 2020 and 2021 and for each such date, describe why you were in the District of Columbia, and, if you stayed overnight, where in the District of Columbia you stayed overnight.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that the timeframe set forth in this interrogatory is overly broad. Powell objects to this interrogatory on the grounds and to the extent that it violates the Court's May 24, 2023 Order and Stay. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). To the extent this interrogatory seeks information that is unrelated to specific personal jurisdiction for the statements identified by Smartmatic in 12 paragraphs of Smartmatic's 544 paragraph, 198-page complaint, this interrogatory violates the Court's order and stay. Powell objects to this interrogatory to the extent it calls for subparts and therefore the collection of these interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. This interrogatory asks several separate questions.

Subject to, without waiving, and without waiving the foregoing general objections and specific objections, Powell responds that Smartmatic's complaint identifies alleged "false statements" made during five short media appearances:

- November 14, 2020 *Justice with Judge Jeanine* (Compl. ¶¶ 84-85);
- November 15, 2020 *Sunday Morning Futures with Maria Bartiromo* (*Id.* ¶¶ 90-91);
- November 16, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 94-95);
- November 19, 2020 (RNC) *Lou Dobbs Tonight* (*Id.* ¶¶ 101-03);
- December 10, 2020 *Lou Dobbs Tonight* (*Id.* ¶¶ 109, 111-12).

The only times Powell was in the District of Columbia in connection with her statements identified by Smartmatic, to the best of her recollection, were the statements made on November 19, 2020 at

the RNC and statements she made from the Trump Hotel on the December 10, 2020 Lou Dobbs
Fox broadcast. Powell attended a Chanukah celebration at the White House on the evening of
December 10, 2020. Powell also refers to her sworn declaration, filed with her motion to dismiss.

**INTERROGATORY NO. 11:**

Describe in full any documents or oral understandings which constitute, set forth,
contain information about, or refer or relate in any way to your ownership interest in, or any
financial or business relationship with, DTR and/or POWELL P.C.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and unduly
burdensome, and seeks information that is not relevant. This interrogatory seeks information about
non-parties and which is neither relevant to the claims and defenses of this lawsuit nor reasonably
calculated to the discovery of admissible evidence. Powell also objects on the grounds that this
interrogatory violates the Court's May 24, 2023 order. This interrogatory seeks information about
non-parties and/or is an effort to conduct third-party discovery on Powell in connection with
Smartmatic's pending New York lawsuit. Smartmatic can take such discovery in its New York
action.

Subject to, without waiving, and incorporating the foregoing general objections and
specific objections, Powel responds that this interrogatory violates the Court's May 24, 2023 Order
and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of
an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory
is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is
allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of

its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 12:**

Describe in full any documents or oral understandings which constitute, set forth, contain information about, or refer or relate in any way to your participation in, or right to participate in, the control or management of the business of DTR and/or POWELL P.C.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant. This interrogatory seeks information about non-parties and which is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to the discovery of admissible evidence. Powell also objects on the grounds that this interrogatory violates the Court's May 24, 2023 order. This interrogatory seeks information about non-parties and/or is an effort to conduct third-party discovery on Powell in connection with Smartmatic's pending New York lawsuit. Smartmatic can take such discovery in its New York action.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, and the objections to Interrogatory 12, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 13:**

Identify all Persons who have ever held any ownership interest in DTR and/or POWELL P.C. and, for each such Person, his, her or its proportionate share of ownership.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant. This interrogatory seeks information about non-parties and which is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to the discovery of admissible evidence. Powell also objects on the grounds that this interrogatory violates the Court's May 24, 2023 order. This interrogatory seeks information about non-parties and/or is an effort to conduct third-party discovery on Powell in connection with Smartmatic's pending New York lawsuit. Smartmatic can take such discovery in its New York action. Powell also objects to this interrogatory on the ground that it has subparts and to the extent they impose obligations upon Powell beyond those allowed by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, and the objections to Interrogatories 11-12, Powell responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 14:**

For each person You identify in response to Interrogatory No. 13, describe in full (a) the date such interest was acquired; (b) all documents evidencing such ownership interests; (c) whether such Person's interest has been terminated, sold, or otherwise transferred, and if so, the Person's proportionate share of ownership on the date of termination; and (d) whether such Person holds or has held an office, directorship or has been an employee or agent of DTR and/or POWELL P.C. and if so, state the date ranges (by month and year) that the Person held or performed those roles.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant. This interrogatory seeks information about non-parties and which is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to the discovery of admissible evidence. Powell also objects on the grounds that this interrogatory violates the Court's May 24, 2023 order. This interrogatory seeks information about non-parties and/or is an effort to conduct third-party discovery on Powell in connection with Smartmatic's pending New York lawsuit. Smartmatic can take such discovery in its New York action. Powell also objects to this interrogatory on the ground that it has subparts and to the extent they impose obligations upon Powell beyond those allowed by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, and the objections to Interrogatories 11-13, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court

"**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

**INTERROGATORY NO. 15:**

Describe Your relationship with DTR and/or POWELL P.C., including: (a) your role in the founding of DTR; (b) all titles you have held  and the date range of such titles, including as an officer, member of the board of directors, document custodian, and/or employee; and (c) any compensation, including an expense coverage or in-kind compensation, that You have received and/or that POWELL P.C. has received from DTR.

**RESPONSE:**

Powell objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant. This interrogatory seeks information about non-parties and which is neither relevant to the claims and defenses of this lawsuit nor reasonably calculated to the discovery of admissible evidence. Powell also objects on the grounds that this interrogatory violates the Court's May 24, 2023 order. This interrogatory seeks information about non-parties and/or is an effort to conduct third-party discovery on Powell in connection with Smartmatic's pending New York lawsuit. Smartmatic can take such discovery in its New York action. Powell also objects to this interrogatory on the ground that it has subparts and to the extent they impose obligations upon Powell beyond those allowed by the Federal Rules of Civil Procedure.

Subject to, without waiving, and incorporating the foregoing general objections and specific objections, and the objections to Interrogatories 11-14, Powel responds that this interrogatory violates the Court's May 24, 2023 Order and stay of this litigation. The Court "**ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery" (ECF 37). This interrogatory is designed to seek information unrelated to the limited jurisdictional discovery Smartmatic is allowed to take for the limited number of statements identified by Smartmatic in 12 paragraphs of its 544 paragraph, 198-page complaint, and violates the Court's order and stay.

Dated: July 26, 2023                    Respectfully submitted,


                                        */s/ Joshua A. Mooney*_____
                                        Joshua A. Mooney DC Bar No. 471866
                                        Kennedys CMK LLP
                                        1600 Market Street, Suite 1410
                                        Philadelphia, PA 19103
                                        Tel: 267-479-6700
                                        Email: Joshua.Mooney@kennedyslaw.com

                                        Marc Casarino, *pro hac vice* pending
                                        Kennedys CMK LLP
                                        919 N. Market Street, Suite 1550
                                        Wilmington, DE 19801
                                        Tel: 302-308-6647
                                        Email: marc.casarino@kennedyslaw.com

                                        Michael J. Tricarico, *pro hac vice* pending
                                        Kennedys CMK LLP
                                        570 Lexington Avenue, 8th Floor
                                        New York, New York 10022
                                        Tel: (646) 625-3952
                                        Email: Michael.tricarico@kennedyslaw.com

                                        *Counsel for Defendant Sidney Powell*

**VERIFICATION**

I, Sidney Powell, am the defendant in this action and have read the factual answers contained in the foregoing Defendant Sidney Powell's Answers and Objections to Plaintiff's First Set of Interrogatories. I know the contents thereof, and they are true to my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 26, 2023

Sidney Powell