**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SIDNEY POWELL,<br><br>Defendant. | Case No. 21-cv-02995-CJN |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SIDNEY POWELL**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propound the following Requests for Production ("Document Requests" or "Requests") pursuant to Fed. R. Civ. P. 34 and 26 to be answered fully within 30 days of service.

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the Requests as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2. "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Columbia, No. 21-cv-02995-CJN.

3. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

4. "Any" and "all" shall mean "any and all."

5. "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system Communications, social media Communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal Communications and Communications with third parties.

6. "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

7. "Concerning" shall mean without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

8. "COOMER ACTION" shall mean *Coomer v. Donald J. Trump for President, Inc.*, 2020CV034319 (Colo. Dist. Ct. Denver Cnty).

9. "DEFENDANT" shall mean Sidney Powell.

10. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

3

11. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities.

12. "DOMINION ACTION" shall mean *US Dominion, Inc. v. Powell*, No. 1:21-cv-00040 (D.D.C.).

13. "DONALD TRUMP" shall mean the 45th President of the United States.

14. "DTR" means Defending the Republic, Inc., as well as any officers, directors, employees, or agents acting on its behalf.

15. Electronically-Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

16. "JANUARY 6TH COMMITTEE" shall mean the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol.

17. "Including" shall mean "including, but not limited to."

18. "Legal Defense Fund for the American Republic" means the Person you have referenced using that title, as well as any officers, directors, employees, or agents acting on its behalf.

19. "MEETING" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

20. "NEWS ORGANIZATIONS" means and refers to news organizations, whether print or television, including but not limited to Fox News Network, LLC, Fox Corporation, the Wall Street Journal, ABC News, One America News Network, Newsmax, and any publication referenced in the COMPLAINT.

21. "Person" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

22. "POWELL LAWSUIT" means and refers to any lawsuit filed by SIDNEY POWELL, DTR, and/or POWELL, P.C. containing accusations about Smartmatic, including but not limited to *Pearson v. Kemp*, No. 20-cv-4809 (N.D. Ga., filed on November 25, 2020); *King v. Whitmer*, No. 20-cv-13134 (E.D. Mich., filed on November 25, 2020); *Feehan v. Wisconsin Elections Commission,* No. 20-cv-1771 (E.D. Wis., filed on December 1, 2020); and *Bowyer v. Ducey*, No. 02-cv-02321 (D. Ariz., filed on December 2, 2020).

23. "POWELL, P.C." means Sidney Powell, P.C., as well as any officers, directors, employees or agents acting on its behalf.

5

24. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

25. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

26. "RUDOLPH GIULIANI" means and refers to Rudolph Giuliani and his employees, agents, consultants, experts, representatives, and attorneys, as well as all other natural persons in his employ or otherwise acting or purporting to act on his behalf.

27. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities.

28. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet or officials within any Executive Department or agency of the U.S. federal government, including but not limited to advisors, attorneys, and family members.

29. "TRUMP CAMPAIGN" means and refers to the entity Donald J. Trump for President, Inc. and any individual who you understood to be representing or acting on behalf of the campaign to reelect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys during the time period referenced in any Request below, including but not limited to Rudolph Giuliani, Jenna Ellis, Joseph diGenova, Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly

Guilfoyle, Katrina Pierson, Boris Epshteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

30. "You" or "Your" shall refer to Sidney Powell.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for each Document Request is January 1, 2020 through present.

2. These Document Requests are continuing in nature, and any Document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever You find, locate, acquire, or become aware of such Documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such Documents.

3. Documents shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Document Request to which they are responsive.

4. If any Document responsive to these Document Requests is withheld under a claim of privilege, You shall identify with respect to each Document: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the type of Document (letter, report, etc.); (iv) the general subject matter of the Document; (v) the date of the Document; (vi) the specific privilege claimed; and (vii) the factual basis for Your assertion of privilege or the reason for withholding.

5. If a portion of any Document responsive to these Document Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6. All responsive Documents, wherever located, that are in Your possession, custody, or control, or that of any of Your agents, attorneys, or representatives, shall be produced in response to these Requests. If You are unable to respond in full to a Document Request after exercising due diligence to obtain all Documents requested, so state; furnish the Documents that are available; and indicate in writing Your inability to provide the rest of the Documents that are responsive to the Request, setting forth whatever information, knowledge, or belief You have concerning the unavailable Documents.

7. All ESI shall be produced either on portable storage media (CD/DVD, USB Flash Drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding Document-level extracted text, a Concordance-formatted (.dat) load file containing related Document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the Document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows, or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image.  Documents should be properly unitized and shall not be combined.  Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8. Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning bates number of the file, associated Document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate Document and family breaks, as well as metadata load files

in delimited text format containing the fields required by Paragraph 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9. Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of Documents, the producing party should replace any subset of privileged Documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and bates branding bottom right of the page.

10. A Request for Documents shall be deemed to include a Request for each Document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the Document in addition to the Document itself, without redaction, abbreviation, or expurgation.

**DOCUMENT REQUESTS**

1. All Documents and Communications between You and any member of the TRUMP CAMPAIGN, including any documents reflecting any agreements or arrangements with DONALD TRUMP or the TRUMP CAMPAIGN, your past or present role(s), official or unofficial, with the TRUMP CAMPAIGN, meetings you held with member(s) of the TRUMP CAMPAIGN, and any compensation or payments you received from DONALD TRUMP or the TRUMP CAMPAIGN.

2. All Communications between You and DONALD TRUMP and/or the TRUMP ADMINISTRATION. The timeframe for this Request is September 1, 2020 through April 30, 2021.

3. All Documents and Communications with or relating to RUDOLPH GIULIANI.

4. All Documents and Communications relating to the 2020 PRESIDENTIAL ELECTION. The timeframe for this Request is September 1, 2020 through present.

5. All Documents and Communications relating to any services or role(s), official or unofficial, that DONALD TRUMP, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN asked You to perform or discussed having You perform, including but not limited to You acting as special counsel to investigate allegations of fraud in the 2020 PRESIDENTIAL ELECTION, as has been publicly reported. *See, e.g.,* Kyle Cheney and Josh Gerstein, *Trump sought to tap Sidney Powell as special counsel for election fraud* (Politico Dec. 19, 2020), *available at* https://www.politico.com/news/2020/12/19/sidney-powell-trump-special-counsel-448694.

6. All Documents and Communications with or relating to any NEWS ORGANIZATIONS concerning SMARTMATIC, DOMINION or the 2020 PRESIDENTIAL ELECTION.

7. All calendars (electronic and/or paper), Outlook meetings and/or appointments, datebooks or other scheduling information maintained by You from September 1, 2020 through April 30, 2021.

8. All Documents and Communications relating to and/or reflecting any MEETING you attended in the District of Columbia or any call you had with someone who you understood was in the District of Columbia, including without limitation any documents concerning your visits to the White House, the persons with whom you met, the dates, locations and other attendees of such MEETINGS, and the substantive communications at the MEETINGS.

9. All Documents, including but not limited to presentations, notes, agendas, minutes, transcripts, records or other Documents and Communications, relating to any MEETINGS that You attended at which Smartmatic and/or allegations of fraud or irregularities in the 2020 PRESIDENTIAL ELECTION were referenced, mentioned or discussed. The timeframe for this Request is September 1, 2020 through January 31, 2021.

10. All Documents and Communications relating to any visits by You to any governmental office or building in the District of Columbia.

11. Documents sufficient to show every time you entered and/or left the District of Columbia, including without limitation any travel logs, hard copy or electronic calendar entries, and/or flight information. The time period for this Request is January 1, 2020 to present.

12. Documents sufficient to show your accommodations for each night that you spent in the District of Columbia, including without limitation any travel logs, hard copy or electronic calendar entries, and/or receipts of hotel stays. The time period for this Request is January 1, 2020 to present.

13. Documents sufficient to show a log of all phone calls that you placed or received from (a) the TRUMP CAMPAIGN, (b) the TRUMP ADMINISTRATION, (c) DONALD TRUMP, (d) RUDOLPH GIULIANI, and/or (d) anyone who you understood or knew was in the District of Columbia at the time of the call. The timeframe for this Request is September 1, 2020 through April 30, 2021.

14. Any recordings of any meetings or calls between you and (a) the TRUMP CAMPAIGN, (b) the TRUMP ADMINISTRATION, (c) DONALD TRUMP, and/or (d) RUDOLPH GIULIANI. The timeframe for this Request is September 1, 2020 through April 30, 2021.

15. Documents and Communications relating to any office that you, POWELL P.C., and/or DTR have used, leased, rented, owned and/or sold in the District of Columbia, including without limitation 601 Pennsylvania Ave., N, South Building, Ste. 900, Washington, D.C. 20005 or any other D.C. mailing address that you, POWELL P.C. and/or DTR have used in a court filing, advertisement, solicitation, or any document that you, DTR, and/or POWELL P.C. provided to any governmental body.

16. All Documents, interrogatory responses, supplemental interrogatory responses, and responses you have provided to any requests for admission in the DOMINION ACTION.

17. All Documents, interrogatory responses, supplemental interrogatory responses, and responses you have provided to any requests for admission in the COOMER ACTION.

18. All Documents you have produced to the JANUARY 6TH COMMITTEE.

19. Any transcripts of testimony you have provided related to the 2020 PRESIDENTIAL ELECTION, including but not limited to testimony you have provided in the DOMINION ACTION or COOMER ACTION, before the JANUARY 6TH COMMITTEE, or in connection with any lawsuit or attorney disciplinary proceeding against you relating to statements you made concerning the 2020 PRESIDENTIAL ELECTION.

20. Any sworn statement, declaration or affidavit you have provided related to the 2020 PRESIDENTIAL ELECTION, including but not limited to testimony you have provided in the DOMINION ACTION, before the JANUARY 6TH COMMITTEE, or in connection with any other lawsuit or attorney disciplinary proceeding against you.

21. All Documents and Communications relating to SMARTMATIC.

22. All Documents and Communications relating to DOMINION.

23. All documents identified in your Answers to Plaintiffs' First Set of Interrogatories.

24. Copies of any exhibits that you intend to offer at any evidentiary hearing addressing the Court's exercise of personal jurisdiction over you.

25. Documents and Communications relating to or reflecting any compensation, gifts, payments or donations received by you from the TRUMP CAMPAIGN, DONALD TRUMP, DTR, POWELL P.C. or anyone else in 2020 and/or 2021.

26. Documents sufficient to show any bank accounts over which you had or have signature control for yourself, DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C.

27. For each bank account maintained in the name of DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C., a copy of each monthly statement for the period beginning on September 1, 2020.

28. Documents and Communications relating to any receipt or use of funds to pay for: your defense of any action in which you have been sued; any attorney disciplinary action against you that you have defended or are defending; and/or any POWELL LAWSUIT.

29. All Documents concerning any receipt of payment, donation or contribution from any Person who resided in D.C. or provided a D.C. address to You, DTR, POWELL P.C., the Legal Defense Fund for the American Republic, or any website under Your control, including but not limited to DefendingtheRepublic.org, http://ldfftar.org, and/or SidneyPowell.com.

30. Documents sufficient to show all domain names and/or websites registered under the name of or owned or control by you, DTR, and/or POWELL P.C.

31. Documents and Communications relating to any domain name or website registered under the name of or owned or control by you, DTR, and/or POWELL P.C.

32. All Documents which constitute, set forth, contain information about, or refer or relate in any way to the title of, or your ownership interest in, the assets of DTR, POWELL P.C., and/or the Legal Defense Fund for the American Republic, including but not limited to any shares in these Persons, the purchase or sale thereof, option rights, rights of first refusal, liens, fair market value, or other similar matters.

33. Copies of all documents evidencing loans provided or received by DTR, Legal Defense Fund for the American Republic and/or POWELL P.C.

34. Copies of corporate records or ledgers evidencing the identity and address of each Person who has owned stock in DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C. since January 1, 2020, including the consideration paid or promised for the stock and the date(s) on which the consideration was paid or promised.

35. Copies of corporate records or ledgers evidencing the issuance of actual stock certificates at any time since the incorporation of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., to whom the certificates were issued, and the date(s) of issue.

36. Copies of corporate records or ledgers evidencing the payment of dividends to any shareholder since the incorporation of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., to whom the dividends were paid, the amounts paid, and the date(s) of payment.

37. Copies of your federal tax returns and the federal tax returns of DTR, the Legal Defense Fund for the American Republic and/or POWELL P.C., including all schedules and attachments, since January 1, 2020.

38. All state and federal tax returns filed on behalf of DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C. and all K1's for any individual members.

39. All financial statements for DTR, the Legal Defense Fund for the American Republic, and/or POWELL P.C.

Dated:  June 26, 2023                                             Respectfully submitted,

/s/  J. Erik Connolly
J. Erik Connolly
  D.C. Bar No. IL0099
  econnolly@beneschlaw.com
Nicole E. Wrigley
  D.C. Bar No. IL0101
  nwrigley@beneschlaw.com
Lee B. Muench (*admitted pro hac vice*)
  IL ARDC No. 6305846
  lmuench@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2023, copies of the foregoing Plaintiffs' First Set of Requests for Production were sent via email to all attorneys of record on the Court's ECF system.

Dated: June 26, 2023

,
*/s/ Lee B. Muench*
Lee B. Muench