**EXHIBIT C**

CAUSE NO. DC-22-15421

| | | |
|---|---|---|
| **IN RE:** | § | IN THE DISTRICT COURT |
| | § | |
| SMARTMATIC USA CORP., | § | |
| SMARTMATIC INTERNATIONAL | § | |
| HOLDING B.V., and SGO | § | |
| CORPORATION LIMITED, | § | DALLAS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| NEWSMAX MEDIA, INC., | § | 95TH JUDICIAL DISTRICT |
| *Defendant.* | § | |
| | § | |

## NOTICE OF SUBPOENA DUCES TECUM AND ORAL DEPOSITION OF SIDNEY POWELL

TO:   Sidney Powell, 3831 Turtle Creek Boulevard, Apartment 5B, Dallas, Texas 75219.

**PLEASE TAKE NOTICE** that pursuant to Texas Rules of Civil Procedure 176, 199, 201.2, and 205 of the Texas Civil Practice and Remedies Code and the attached Commission issued by the Superior Court of the State of Delaware, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Plaintiffs") intend to serve on non-party Sidney Powell a signed copy of the subpoena deuces tecum attached hereto as Exhibit 1. The subpoena will require Sidney Powell to produce all documents in her possession, custody, or control, which are responsive to the requests set forth in Schedule A to the subpoena attached hereto as Exhibit 1 for examination, inspection, and copying at the office of VERITEXT-DALLAS, 600 N. Pearl Street, Dallas, Texas  75201 on or before December 8, 2022.

Additionally, please take notice that Plaintiffs intend to serve on non-party Sidney Powell a signed copy of the oral deposition subpoena attached hereto as Exhibit 2. The deposition will take place on June 20, 2023, beginning at 10:00 a.m. The deposition will occur at the office of

VERITEXT-DALLAS, 600 N. Pearl Street, Dallas, Texas 75201. Pursuant to Texas Rule of Civil Procedure 199.1(c), please be advised that the deposition will be recorded by stenographic means and may be visually recorded. The deposition will continue from day to day until completed and may be used in evidence in trial in the underlying cause.

A true and correct copy of the Order and related Commission issued by the Superior Court of Delaware is attached hereto as Exhibit 3.

DATED: November 7, 2022.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado, Suite 2400
Austin, TX 78701
(512) 495-6300
(512) 495-6399 Fax

By: _Paige L. Amstutz_

Paige Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
John W. Ellis
State Bar No. 24078473
jellis@scottdoug.com

**_Attorneys for Petitioner Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited_**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 7th day of November 2022, a true and correct copy of the

foregoing document was served as indicated on the following counsel of record:

**BY EMAIL**
Michael J. Barrie
Kate Harmon
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
1313 North Market Street, Suite 1201
Wilmington, DE 19801
mbarrie@beneschlaw.com
kharmon@beneschlaw.com

*Co-Counsel for Petitioner Smartmatic USA
Corp., Smartmatic International Holding
B.V., and SGO Corporation Limited*

**BY EMAIL AND CERTIFIED MAIL,
RETURN RECEIPT REQUESTED
NO. 7018 1830 0000 4231 1377**
Richard L. Renck
Tracey E. Timlin
DUANE MORRIS LLP
1201 N. Market Street, Suite 501
Wilmington, DE 19801
rlrenck@duanemorris.com
ttimlin@duanemorris.com

*Attorneys for Defendant
Newsmax Media, Inc.*

**BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED
NO. 7018 1830 0000 4231 1346**
Sidney Powell
3831 Turtle Creek Boulevard, Apartment 5B
Dallas, Texas 75219

*/s/ John W. Ellis*
John W. Ellis

# Exhibit 1

CAUSE NO. DC-22-15421

| | | |
|---|---|---|
| <u>IN RE:</u> | § | IN THE DISTRICT COURT |
| | § | |
| SMARTMATIC USA CORP., | § | |
| SMARTMATIC INTERNATIONAL | § | |
| HOLDING B.V., and SGO | § | |
| CORPORATION LIMITED, | § | DALLAS COUNTY, TEXAS |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| NEWSMAX MEDIA, INC., | § | 95TH JUDICIAL DISTRICT |
| *Defendant.* | § | |
| | § | |

## SUBPOENA DUCES TECUM
## THE STATE OF TEXAS

TO ANY SHERIFF, CONSTABLE OR ANY OTHER PERSON AUTHORIZED TO SERVE
AND EXECUTE SUBPOENAS OF THE STATE OF TEXAS

GREETINGS

  You are commanded to summon:

**Sidney Powell**
**3831 Turtle Creek Boulevard, Apartment 5B**
**Dallas, Texas  75219**

to produce for inspection and photocopying the documents described in the attached "Exhibit A"

for use in Cause No. DC-22-15421, *SMARTMATIC USA CORP, ET AL. v. NEWSMAX MEDIA,*

*INC..*, in the 95th Judicial District Court of Dallas County, Texas.  The requested documents are

to be produced at the following location, by no later than 5:00 p.m. on December 8, 2022.

VERITEXT-DALLAS
600 N. Pearl Street, Suite 2230
Dallas, Texas  75201

**Failure by any person without adequate excuse to obey a subpoena served upon**

**that person may be deemed a contempt of the court from which the subpoena is issued**

4895-1716-8445

or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Dallas, Texas _____, 2022.

**FELICIA PITRE**
**DISTRICT CLERK**
**DALLAS COUNTY, TEXAS**

By: _____
       Deputy Clerk

**Requested by:**
SCOTT DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399
Paige Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
John W. Ellis
State Bar No. 24078473
jellis@scottdoug.com
*Attorneys for Petitioner Smartmatic USA Corp.,*
*Smartmatic International Holding B.V., and SGO Corporation Limited*

2

## EXHIBIT A

Pursuant to the Texas Rules of Civil Procedure and the applicable Local Rules of this District, Defendants hereby request that non-party **Sidney Powell**, produce the documents set forth in Schedule A no later than 5:00 p.m. on December 8, 2022.  Production shall be produced to Veritext-Dallas, 600 N. Pearl Street, Suite 2230, Dallas, Texas  75201

-------------------------------------------------- Return --------------------------------------------------

Came on to hand this _____ day of _____, 2022 at _____ o'clock ____.m., executed the _____ day of _____, 2022, at _____ o'clock ____.m., by delivering to _____  at  _____, _____County, Texas in person, a true copy of this Subpoena.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
By: _____

_____
PRINTED NAME OF SERVER

3

## SCHEDULE A

## DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these Document Requests is intended to have the broadest meaning permitted under the Delaware Superior Court Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1.    "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2.    "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

3.    "Any" and "all" shall mean "any and all."

4.    "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages,

cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system Communications, social media Communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal Communications and Communications with third parties.

5. "Concerning" shall mean without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

6. "DEFENDANT" shall mean Newsmax Media, Inc.

7. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records

2

of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

8.    "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

9.    "DONALD TRUMP" means and refers to the 45th President of the United States.

10.    "Electronically Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

11.    "Including" shall mean "including, but not limited to."

12.    "LAWSUITS" means and refers to the alleging voting fraud lawsuits filed by SIDNEY POWELL and RUDOLPH GIULIANI in 2020 relating to the 2020 PRESIDENTIAL ELECTION, including but not limited to: *Pearson v. Kemp*, No. 20-cv-4809 (N.D. Ga., filed on November 25, 2020); *King v. Whitmer*, No. 20-cv-13134 (E.D. Mich., filed on November 25, 2020); *Feehan v. Wisconsin Elections Commission*, No. 20-cv-1771 (E.D. Wis., filed on December 1, 2020); and *Bowyer v. Ducey*, No. 02-cv-02321 (D. Ariz., filed on December 2, 2020).

13.    "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

14.    "NEWSMAX" means and refers to Defendant Newsmax Media, Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including Newsmax Health, Newsmax Finance, Newsmax TV, and Newsmax World, which includes the newsmax.com websites, Newsmax's social media accounts, and Newsmax's digital subscription services.

15.    "NEWSMAX ON-AIR PERSONALITIES" shall mean and refer to John Bachman, Steve Bannon, Howie Carr, Heather Childers, Joseph diGenova, Jenna Ellis, Rob Finnerty, Mike Huckabee, Mark Kaye, Greg Kelly, Shaun Kraisman, Eric Mack, Michelle Malkin, Dick Morris, Emma Rechenberg, Emerald

Robinson, Chris Salcedo, Rob Schmitt, Bob Sellers, Grant Stinchfield, Victoria Toensing, and any other individual that NEWSMAX publicly identified as an on-air personality as of November 1, 2020.

16. "NEWSMAX EMPLOYEE(S)" shall mean any person who is currently or was previously employed by, contracted by, a director of, or an agent of NEWSMAX or who works or worked in any capacity for NEWSMAX, regardless of whether that person is paid by or has a contract with NEWSMAX or any of its affiliated or related entities.

17. "Person" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

18. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

19. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

20. "RUDOLPH GIULIANI" means and refers to Rudolph Giuliani and his employees, agents, consultants, experts, representatives, and attorneys, as well as all

other natural persons in his employ or otherwise acting or purporting to act on his behalf.

21.   "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

22.   "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

23.   "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual who You understood to be speaking on behalf of campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Epshteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

24.     "YOU" or "YOUR" shall refer to James P. Waldron, and any person(s) purporting to act on James P. Waldron's behalf.

## INSTRUCTIONS

1.     Unless otherwise specified, the relevant time period for each Document Request is January 1, 2020 through the present.

2.     These Document Requests are continuing in nature, and any Document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever You find, locate, acquire, or become aware of such Documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such Documents.

3.     Documents shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Document Request to which they are responsive.

4.     If any Document responsive to these Document Requests is withheld under a claim of privilege, You shall identify with respect to each Document: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the type of Document (letter, report, etc.); (iv) the general subject matter of the Document; (v) the date of the Document; (vi) the specific privilege claimed; and (vii) the factual basis for Your assertion of privilege or the reason for withholding.

8

5.    If a portion of any Document responsive to these Document Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.    All responsive Documents, wherever located, that are in Your possession, custody, or control, or that of any of Your agents, attorneys, or representatives, shall be produced in response to these Requests. If You are unable to respond in full to a Document Request after exercising due diligence to obtain all Documents requested, so state; furnish the Documents that are available; and indicate in writing Your inability to provide the rest of the Documents that are responsive to the Request, setting forth whatever information, knowledge, or belief You have concerning the unavailable Documents.

7.    All ESI shall be produced either on portable storage media (CD/DVD, USB Flash Drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding Document-level extracted text, a Concordance-formatted (.dat) load file containing related Document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the Document contains, disclosing all

track changes, hidden content, notes, and any hidden slides, rows, or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8.      Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning bates number of the file, associated Document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate Document and family breaks, as well as metadata load files in delimited text format containing the fields required by Paragraph 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9.      Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of Documents, the producing party should replace any subset of privileged Documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall

contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and bates branding bottom right of the page.

10. A Request for Documents shall be deemed to include a Request for each Document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the Document in addition to the Document itself, without redaction, abbreviation, or expurgation.

11. If you have questions regarding these Requests, please contact Kate Harmon at kharmon@beneschlaw.com or 302-442-7057.

## **DOCUMENT REQUESTS**

1. Communications with NEWSMAX concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

2. Documents and Communications with NEWSMAX concerning YOUR appearances or contemplated appearances on NEWSMAX.

3. Communications between YOU on the one hand and RUDOLPH GIULIANI and/or any of RUDOLPH GIULIANI's affiliates including but not limited to Christianné Allen and Bernard Kerik, regarding any and all NEWSMAX or any other media appearances regarding the 2020 PRESIDENTIAL ELECTION.

4.      Communications between YOU and SIDNEY POWELL and any of SIDNEY POWELL's affiliates, regarding any and all NEWSMAX appearances or any other media appearances regarding the 2020 PRESIDENTIAL ELECTION.

5.      Communications with NEWSMAX EMPLOYEES or NEWSMAX ON-AIR PERSONALITIES.

6.      Communications and Documents related to the LAWSUITS, including any Communications and Documents in which YOU contributed information use in or otherwise related to the LAWSUITS.

7.      Communications and Documents relating to any meetings between YOU, RUDOLPH GIULIANI, SIDNEY POWELL, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN regarding the LAWSUITS.

8.      Communications and Documents relating to any meetings between YOU, RUDOLPH GIULIANI, SIDNEY POWELL, the TRUMP ADMINISTRATION, including Mark Meadows, or the TRUMP CAMPAIGN regarding the 2020 PRESIDENTIAL ELECTION.

9.      Communications with RUDOLPH GIULIANI, SIDNEY POWELL, and the TRUMP ADMINISTRATION, including Mark Meadows, regarding the security of SMARTMATIC's voting machines used in the 2020 PRESIDENTIAL ELECTION.

10.     Documents and Communications concerning evidence or lack thereof that SMARTMATIC deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election.

11.     Documents and Communications concerning efforts by NEWSMAX to assess, investigate, verify, or vet any aspect of coverage of the 2020 PRESIDENTIAL ELECTION by NEWSMAX.

12.     Documents relating to YOUR expertise with voting machines and/or election security.

13.     Documents relating to any diagnostic tests, security tests, and/or review of SMARTMATIC's voting machines used in the 2020 PRESIDENTIAL ELECTION.

14.     Documents and Communications concerning YOUR efforts to assess, investigate, verify, or vet any aspect of YOUR statements regarding the 2020 PRESIDENTIAL ELECTION.

15.     Documents and Communications produced by YOU pursuant to any subpoena issued by or related to the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol.

16.     Documents produced by YOU or obtained by YOU pursuant to any Subpoena or discovery (now or in the future) relating to the COMPLAINT and the 2020 PRESIDENTIAL ELECTION, including, *US Dominion, Inc. et al. v. Powell,*

21-cv-40 (D.D.C.), *US Dominion, Inc., et al. v. Fox News Network, LLC*, N21C-03-257 (EMD) (Del. Sup. Ct.), *US Dominion, Inc., et al. v. Fox Corporation, et al.*, N21C-11-082 (EMD) (Del. Sup. Ct.), *Khalil v. Fox Corp., et al.*, 21-cv-10248 (S.D.N.Y.), or *Coomer v. Donald J. Trump for President, Inc.*, 2020CV034319 (City & County of Denver, Colo. Dist. Ct.).

17.     Documents sufficient to show YOUR military record, including, all awards, honorable distinctions, citations, rank, and discharge papers. There is no time limit for this request.

18.     Documents sufficient to show YOUR criminal record from the past ten (10) years.

# Exhibit 2

CAUSE NO. DC-22-15421

| | | |
|---|---|---|
| **IN RE:** | § | IN THE DISTRICT COURT |
| | § | |
| SMARTMATIC USA CORP., | § | |
| SMARTMATIC INTERNATIONAL | § | |
| HOLDING B.V., and SGO | § | |
| CORPORATION LIMITED, | § | |
| *Plaintiffs*, | § | DALLAS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| NEWSMAX MEDIA, INC., | § | 95TH JUDICIAL DISTRICT |
| *Defendant.* | § | |
| | § | |

## DISCOVERY SUBPOENA
## THE STATE OF TEXAS

To any sheriff, constable, or any other person authorized to serve and execute subpoenas in the STATE of TEXAS—

Greetings. You are commanded to summon:

**Sidney Powell**
**3831 Turtle Creek Boulevard, Apartment 5B**
**Dallas, Texas 75219**

to appear for an oral deposition at 10:00 a.m. on the 20th day of June 2023, at the offices of **Veritext-Dallas, 600 N. Pearl Street, Suite 2230, Dallas, Texas 75201**, then and there to testify and the truth to speak in the above-styled case, and to remain from day to day until discharged.

**Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.**

This subpoena was issued at the request of Petitioners/Plaintiffs, Smartmatic USA Corp, Smartmatic International Holding B.V., and SGO Corporation Limited, in the above-styled cause, and in connection with a pending lawsuit against Defendant Newsmax Media, Inc., styled *Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited v. Newsmax Media, Inc.*, and docketed under Civil Action No. N21C-11-028 EMD, in the Superior Court of the State of Delaware (the "Underlying Proceeding") by its attorneys—Paige

Amstutz and John Ellis, of Scott Douglass & McConnico LLP, at 303 Colorado Street, Suite 2400, Austin, Texas 78701.

Please DO NOT FAIL to return this subpoena Paige Amstutz and John Ellis of Scott Douglass & McConnico LLP at 303 Colorado Street, Suite 2400, Austin, Texas 78701, with the attached officer's return showing the manner of execution or with the signed memorandum showing acceptance of service of this subpoena.

Issued   and   given   under   my   hand   and   seal   of   said   Court   at   Dallas,   Texas

_____, 2022.

                             **FELICIA PITRE**
                             **DISTRICT CLERK**
                             **DALLAS COUNTY, TEXAS**

                             By: _____
                                   Deputy Clerk

**Requested by:**
SCOTT DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399
Paige Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
John W. Ellis
State Bar No. 24078473
jellis@scottdoug.com
*Attorneys for Petitioner Smartmatic USA Corp.,*
*Smartmatic International Holding B.V., and SGO Corporation Limited*

4881-7505-6701

2

-------------------------------------------------- Return --------------------------------------------------

Came on to hand this _____ day of _____, 2022 at _____ o'clock ____.m., executed the

_____ day of _____, 2022, at _____ o'clock ____.m., by delivering to

_____ at _____,

_____County, Texas in person, a true copy of this Subpoena.

SHERIFF/CONSTABLE/AUTHORIZED PERSON

By: _____

_____

PRINTED NAME OF SERVER

**MEMORANDUM OF ACCEPTANCE OF SERVICE OF SUBPOENA**

I, Sidney Powell accept service of this subpoena. I understand that my failure to appear at the noticed deposition on June 20, 2023, beginning at 10:00 a.m., may be deemed contempt of court and may be punished by fine, confinement, or both.

_____
Sidney Powell

Date: _____

4881-7505-6701

3

# Exhibit
# 3



EFiled: Oct 05 2022 10:52AM EDT
Transaction ID 68215092
Case No. N21C-11-028 EMD

EFiled: Sep 26 2022 02:24PM EDT
Transaction ID 68162879
Case No. N21C-11-028 EMD

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SMARTMATIC USA CORP., ) | |
| SMARTMATIC INTERNATIONAL ) | |
| HOLDING B.V., and ) | |
| SGO CORPORATION LIMITED, ) | |
| ) | C.A. No. N21C-11-028 EMD |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NEWSMAX MEDIA, INC., ) | |
| ) | |
| Defendant. ) | |

## PROPOSED ORDER

WHEREAS, on the 28th day of September, 2022, upon consideration of the Plaintiffs' Unopposed Motion for Issuance of a Commission to Issue a Subpoena for documents and deposition upon James P. Waldron,

It is hereby ORDERED that the Motion is GRANTED.

It is hereby further ORDERED that the Commission attached to the Motion as Exhibit A may be issued so that the subpoena may be served upon James P. Waldron to produce documents and deposition requested in the Subpoena attached as Exhibit 1 to the Motion.

The Honorable Eric M. Davis

2022 SEP 28  P 2: 16
FILED
NCC PROTHONOTARY

EFiled: Oct 05 2022 10:52AM EDT
Transaction ID 68215092
Case No. N21C-11-028 EMD

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| SMARTMATIC USA CORP.,<br>SMARTMATIC INTERNATIONAL<br>HOLDING B.V., and<br>SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NEWSMAX MEDIA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. N21C-11-028 EMD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMMISSION

TO: Any Clerk of a Court of record, having a seal, any Notary Public, or any Commissioner duly appointed under the law of the State of Texas.

KNOW YE, that having confidence in your competency and fidelity, we have appointed you or such other Clerk of a Court of record having a seal, Notary Public, Commissioner, duly appointed under the laws of the State of Texas and by these presents do give you full power and authority with the terms of the attached Order dated ___September 28th___, 2022, made by the Superior Court of the State of Delaware, in the above pending case, to do all things necessary and required to be done by the same attached Order, including applying to the judicial authority of the State of Texas for the issuance of a subpoena for documents and deposition to James P. Waldron, 292 Heather Hills Dr., Dripping Springs, TX 78620 who shall produce documents and tangible things requested in the attached Subpoena (Exhibit 1).

IN TESTIMONY WHEREOF, the seal of said Court is hereto affixed.

WITNESS, the Honorable Prothonotary of the Superior Court of the State of Delaware, this _5th_ day of ~~September,~~ October, 202_2_

_Colleen Redmond_
_____
Prothonotary

_Amanda Kehoe_
_____
PER   DEPUTY

CERTIFIED AS A TRUE COPY
ATTEST:  COLLEEN REDMOND
PROTHONOTARY
BY _____

EFiled:  Sep 26 2022 02:24PM EDT
Transaction ID 68162879
Case No. N21C-11-028 EMD

# Exhibit 1

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SMARTMATIC USA CORP.,                     :
SMARTMATIC INTERNATIONAL                  :
HOLDING B.V., and SGO                     :
CORPORATION LIMITED,                      :
                                          : C.A. No. N21C-11-028 EMD
                                          :
                 Plaintiffs,              :
                                          :
       v.                                 : **SUBPOENA FOR DOCUMENTS**
                                          : **AND DEPOSITION**
                                          :
NEWSMAX MEDIA, INC.,                      :
                                          :
                 Defendant.               :
                                          :

TO:    **James P. Waldron**
       **292 Heather Hills Dr.**
       **Dripping Springs, TX 78620**

☐ **YOU ARE COMMANDED** to appear in the Delaware Superior Court at the place, date, and time specified below to testify in the above case.

|  | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Scott Douglass & McConnico, LLP** **Colorado Tower, 303 Colorado St STE 2400, Austin, TX 78701** **Or at a place to be agreed by the parties** | **TBD** |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): *See* **Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| **Scott Douglass & McConnico, LLP** **Colorado Tower, 303 Colorado St STE 2400, Austin, TX 78701** **Or via email to kharmon@beneschlaw.com** | **TBD** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Delaware Superior Court Civil Rule 30(b)(6).*

REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER

Kate Harmon, Esquire
Benesch, Friedlander, Coplan & Aronoff LLP
1313 N. Market Street, Suite 1201, Wilmington, DE  19899-1709, Telephone No.  302.442.7057

9.     "DONALD TRUMP" means and refers to the 45th President of the United States.

10.    "Electronically Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (ii) internal or external web sites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (iv) activity listings of electronic mail receipts and/or transmittals; and (v) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

11.    "Including" shall mean "including, but not limited to."

12.    "LAWSUITS" means and refers to the alleging voting fraud lawsuits filed by SIDNEY POWELL and RUDOLPH GIULIANI in 2020 relating to the 2020 PRESIDENTIAL ELECTION, including but not limited to: *Pearson v. Kemp*, No. 20-cv-4809 (N.D. Ga., filed on November 25, 2020); *King v. Whitmer*, No. 20-cv-13134 (E.D. Mich., filed on November 25, 2020); *Feehan v. Wisconsin Elections Commission*, No. 20-cv-1771 (E.D. Wis., filed on December 1, 2020); and *Bowyer v. Ducey*, No. 02-cv-02321 (D. Ariz., filed on December 2, 2020).

13.    "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

14.    "NEWSMAX" means and refers to Defendant Newsmax Media, Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including Newsmax Health, Newsmax Finance, Newsmax TV, and Newsmax World, which includes the newsmax.com websites, Newsmax's social media accounts, and Newsmax's digital subscription services.

15.    "NEWSMAX ON-AIR PERSONALITIES" shall mean and refer to John Bachman, Steve Bannon, Howie Carr, Heather Childers, Joseph diGenova, Jenna Ellis, Rob Finnerty, Mike Huckabee, Mark Kaye, Greg Kelly, Shaun Kraisman, Eric Mack, Michelle Malkin, Dick Morris, Emma Rechenberg, Emerald

Robinson, Chris Salcedo, Rob Schmitt, Bob Sellers, Grant Stinchfield, Victoria

Toensing, and any other individual that NEWSMAX publicly identified as an on-air

personality as of November 1, 2020.

16.   "NEWSMAX EMPLOYEE(S)" shall mean any person who is currently

or was previously employed by, contracted by, a director of, or an agent of

NEWSMAX or who works or worked in any capacity for NEWSMAX, regardless

of whether that person is paid by or has a contract with NEWSMAX or any of its

affiliated or related entities.

17.   "Person" refers to all natural persons and all forms of business

organizations,   including   corporations,   partnerships,   limited   partnerships,

unincorporated associations, trusts, governmental bodies, and/or all other

identifiable entities.

18.   "Regarding"   shall   mean   referring   to,   discussing,   describing,

evidencing,   concerning,   comprising,   constituting,   referencing,   reflecting,

supporting, or relating to in any manner.

19.   "Relate to" or "relating to" shall mean consisting of, referring to,

reflecting, or being in any way legally, logically, or factually connected with the

matter discussed.

20.   "RUDOLPH GIULIANI" means and refers to Rudolph Giuliani and his

employees, agents, consultants, experts, representatives, and attorneys, as well as all

6

other natural persons in his employ or otherwise acting or purporting to act on his behalf.

21. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

22. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

23. "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual who You understood to be speaking on behalf of campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Epshteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

24.    "YOU" or "YOUR" shall refer to James P. Waldron, and any person(s) purporting to act on James P. Waldron's behalf.

## INSTRUCTIONS

1.    Unless otherwise specified, the relevant time period for each Document Request is January 1, 2020 through the present.

2.    These Document Requests are continuing in nature, and any Document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever You find, locate, acquire, or become aware of such Documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such Documents.

3.    Documents shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Document Request to which they are responsive.

4.    If any Document responsive to these Document Requests is withheld under a claim of privilege, You shall identify with respect to each Document: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the type of Document (letter, report, etc.); (iv) the general subject matter of the Document; (v) the date of the Document; (vi) the specific privilege claimed; and (vii) the factual basis for Your assertion of privilege or the reason for withholding.

5.    If a portion of any Document responsive to these Document Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

6.    All responsive Documents, wherever located, that are in Your possession, custody, or control, or that of any of Your agents, attorneys, or representatives, shall be produced in response to these Requests. If You are unable to respond in full to a Document Request after exercising due diligence to obtain all Documents requested, so state; furnish the Documents that are available; and indicate in writing Your inability to provide the rest of the Documents that are responsive to the Request, setting forth whatever information, knowledge, or belief You have concerning the unavailable Documents.

7.    All ESI shall be produced either on portable storage media (CD/DVD, USB Flash Drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding Document-level extracted text, a Concordance-formatted (.dat) load file containing related Document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the Document contains, disclosing all

track changes, hidden content, notes, and any hidden slides, rows, or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8.     Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning bates number of the file, associated Document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate Document and family breaks, as well as metadata load files in delimited text format containing the fields required by Paragraph 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9.     Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of Documents, the producing party should replace any subset of privileged Documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall

contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and bates branding bottom right of the page.

10.     A Request for Documents shall be deemed to include a Request for each Document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the Document in addition to the Document itself, without redaction, abbreviation, or expurgation.

11.     If you have questions regarding these Requests, please contact Kate Harmon at kharmon@beneschlaw.com or 302-442-7057.

## **DOCUMENT REQUESTS**

1.     Communications with NEWSMAX concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

2.     Documents and Communications with NEWSMAX concerning YOUR appearances or contemplated appearances on NEWSMAX.

3.     Communications between YOU on the one hand and RUDOLPH GIULIANI and/or any of RUDOLPH GIULIANI's affiliates including but not limited to Christianné Allen and Bernard Kerik, regarding any and all NEWSMAX or any other media appearances regarding the 2020 PRESIDENTIAL ELECTION.

4.      Communications between YOU and SIDNEY POWELL and any of SIDNEY POWELL's affiliates, regarding any and all NEWSMAX appearances or any other media appearances regarding the 2020 PRESIDENTIAL ELECTION.

5.      Communications with NEWSMAX EMPLOYEES or NEWSMAX ON-AIR PERSONALITIES.

6.      Communications and Documents related to the LAWSUITS, including any Communications and Documents in which YOU contributed information use in or otherwise related to the LAWSUITS.

7.      Communications and Documents relating to any meetings between YOU, RUDOLPH GIULIANI, SIDNEY POWELL, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN regarding the LAWSUITS.

8.      Communications and Documents relating to any meetings between YOU, RUDOLPH GIULIANI, SIDNEY POWELL, the TRUMP ADMINISTRATION, including Mark Meadows, or the TRUMP CAMPAIGN regarding the 2020 PRESIDENTIAL ELECTION.

9.      Communications with RUDOLPH GIULIANI, SIDNEY POWELL, and the TRUMP ADMINISTRATION, including Mark Meadows, regarding the security of SMARTMATIC's voting machines used in the 2020 PRESIDENTIAL ELECTION.

10.    Documents and Communications concerning evidence or lack thereof that SMARTMATIC deleted, lost, changed, or compromised votes in connection with the 2020 PRESIDENTIAL ELECTION or any other election.

11.    Documents and Communications concerning efforts by NEWSMAX to assess, investigate, verify, or vet any aspect of coverage of the 2020 PRESIDENTIAL ELECTION by NEWSMAX.

12.    Documents relating to YOUR expertise with voting machines and/or election security.

13.    Documents relating to any diagnostic tests, security tests, and/or review of SMARTMATIC's voting machines used in the 2020 PRESIDENTIAL ELECTION.

14.    Documents and Communications concerning YOUR efforts to assess, investigate, verify, or vet any aspect of YOUR statements regarding the 2020 PRESIDENTIAL ELECTION.

15.    Documents and Communications produced by YOU pursuant to any subpoena issued by or related to the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol.

16.    Documents produced by YOU or obtained by YOU pursuant to any Subpoena or discovery (now or in the future) relating to the COMPLAINT and the 2020 PRESIDENTIAL ELECTION, including, *US Dominion, Inc. et al. v. Powell*,

21-cv-40 (D.D.C.), *US Dominion, Inc., et al. v. Fox News Network, LLC*, N21C-03-257 (EMD) (Del. Sup. Ct.), *US Dominion, Inc., et al. v. Fox Corporation, et al.*, N21C-11-082 (EMD) (Del. Sup. Ct.), *Khalil v. Fox Corp., et al.*, 21-cv-10248 (S.D.N.Y.), or *Coomer v. Donald J. Trump for President, Inc.*, 2020CV034319 (City & County of Denver, Colo. Dist. Ct.).

17.    Documents sufficient to show YOUR military record, including, all awards, honorable distinctions, citations, rank, and discharge papers. There is no time limit for this request.

18.    Documents sufficient to show YOUR criminal record from the past ten (10) years.

| ISSUING PARTY'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| */s/ Kate Harmon (DE 5343)*<br>Attorney for Plaintiff | September 26, 2022 |

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED on (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          Date

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c)  Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iii) subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

### (d)  Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

## **DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these Document Requests is intended to have the broadest meaning permitted under the Delaware Superior Court Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

3. "Any" and "all" shall mean "any and all."

4. "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages,

cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system Communications, social media Communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal Communications and Communications with third parties.

5.  "Concerning" shall mean without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

6.  "DEFENDANT" shall mean Newsmax Media, Inc.

7.  "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records

of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

8. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.