# EXHIBIT 1

EFiled: Oct 21 2022 04:28PM EDT
Transaction ID 68289410
Case No. N21C-03-257 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>  Plaintiffs,<br><br>v.<br><br>FOX NEWS NETWORK, LLC,<br><br>  Defendant. | C.A. No. N21C-03-257 EMD |

## OPPPOSITION BY SIDNEY POWELL TO DOMINION'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA ISSUED TO SIDNEY POWELL

Sidney Powell opposes the Motion to Compel Compliance with Non-Party Subpoena filed by US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") on the grounds that Dominion did not meet and confer or sign a certificate of good faith, as required, and because the motion is moot. For the latter, had Dominion met and conferred, it would have been told that following the parties' September 16, 2022 agreement to search terms, approximately 145,000 pages of documents had been identified as potentially responsive, 35,000 pages had been reviewed for false hits, patent irrelevance and privilege, and that documents were now being produced. Ms. Powell asks that Dominion's motion be denied, and that Ms. Powell be awarded costs pursuant to Section 4.a. of the Reference Order.

I.      BACKGROUND

On January 8, 2021, Dominion sued Ms. Powell in the case *US Dominion, Inc., et al. v. Sidney Powell, et al.*, C.A. No. 1:21-cv-00040 (CJN) (D.D.C.) (the "D.C. Lawsuit") for statements made by her on Fox News about Dominion and election fraud. Roughly seven months later, Dominion served its subpoena on Ms. Powell in the present matter, seeking documents relating to communications between her and Fox News about Dominion and election fraud ("Delaware Subpoena"). *E.g.*, Motion at 1.

As the D.C. Lawsuit progressed, Ms. Powell and Dominion exchanged discovery requests. The parties also agreed that that documents produced in the D.C. Lawsuit could be used in the present matter and would be deemed as produced under the subpoena. However, while Ms. Powell subsequently began producing documents, Dominion refused to produce a single document, reasoning that the lawsuit did not have a protective order in place. Dominion's self-proclaimed prohibition applied even to documents that it conceded were not confidential.

On this instigation, and the parties prior agreement about the overlap of productions, the exchange of documents paused, including documents under the Delaware Subpoena. Evidence of this understanding between the parties is documented clearly by (1) the fact that Dominion never pressed for documents under the Delaware Subpoena, for to do so would undermine Dominion's

discovery prohibition,[1] and (2) the September 2022 email correspondence between Ms. Powell and Dominion referencing the parties' agreement. Motion, Exhibit D (Sept. 6, 2022 emails).

In September 2022, Dominion had an apparent change of heart and, in an end-run-around to the discovery delay in the D.C. Lawsuit, sought to void the parties' prior, bilateral agreement on document production. On September 2, 2022, Dominion made a unilateral demand and arbitrary deadline for documents under the subpoena. Motion, Exhibit D.  Ms. Powell was surprised by Dominion's change in position, but nevertheless agreed to work collaboratively with counsel. *Id.* (M. Casarino email, Sept. 6, 2022).  After an exchange of emails regarding scheduling and various back-and forth in a meet and confer, on September 12, 2022, the parties agreed to a set of search terms and time limitation to locate documents that might be responsive to Dominion's request. *Id.* Dominion further acknowledged, given the breadth of the search terms, that there was the possibility that the "list of terms needs to be refined." *Id.*

On September 16, 2022, Ms. Powell informed Dominion that despite the large number of document hits – 10,000 or so – Ms. Powell would begin to review the documents for production. *Id.*, Exhibit E. Dominion never offered to refine their search terms to narrow the volume of hits.

---

[1] Pursuant to Superior Court Civil Rule 45c.2.B it was incumbent upon Movants to move to compel response to the subpoena once objections were served.  As conceded by the Motion, Movants never moved to compel or otherwise challenged Ms. Powell's objections to the subpoena until now – more than a year after the objections were served.

Since that time, more than 5,100 documents – comprising approximately 35,000 pages – were reviewed. As of the filing of this opposition, roughly one month later, Ms. Powell is producing 17,400 pages of non-privileged, responsive documents located via Dominion's broad search terms.[2] Had Dominion met and conferred with Ms. Powell before filing its surprise motion to compel, Ms. Powell would have informed Dominion that documents would be produced this week; indeed, the production would have been made even sooner if not for the resources necessary to respond to Dominion's motion.

II.     ARGUMENT

A.     **The Motion should be denied because Dominion never met and conferred with Ms. Powell**

The Order of Reference to Special Master ("Reference Order") (Trans. ID 67188808) requires that a movant meet and confer before pursuing a discovery motion and include with it a certification of a "good faith" effort to meet and confer before filing a motion. Dominion did neither.

The Reference Order states in part:

> Before the filing of any motion, the moving party must certify that good faith efforts have been taken to resolve the dispute without involvement of the Court or the Special Master.  If the Court or Special Master finds that good faith efforts were not take, **the moving party may be ordered to pay costs**.

---

[2] This production is in addition to documents already produced by Ms. Powell to Movants in the DC Lawsuit.

Reference Order ¶ 4.a (emphasis added). This requirement was not created in a vacuum. Instead, it complies with Superior Court Civil Rule 37(e)(1), which mandates that a discovery motion should not even be accepted absent "a certification by the moving party detailing the dates, time spent, and method of communication in attempting to reach agreement on the subject of the motion with the other party or parties, and the results, if any, of any such communication…."

Dominion did not meet and confer with Ms. Powell before filing its motion. Not surprisingly, Dominion's motion also lacks the required certification of good faith efforts to resolve a dispute without motions practice. Under Reference Order ¶ 4.a., Dominion's motion should be denied and Ms. Powell should be awarded attorneys' fees incurred in having to respond to this motion – especially since had Dominion sought to meet and confer, they would have learned of the progress of Ms. Powell's document production after one month of document review.

Dominion points to a September 27, 2022 email asking for a status update to suggest that it satisfied the "meet and confer" requirement. Motion at 4, Exhibit F. The contention lacks merit. As a preliminary matter, a single email is not a meet and confer.

In addition, if Dominion really believed that an email satisfied the requirement, Dominion would have certified its "good faith efforts have been taken to resolve the dispute without involvement of the Court or the Special

Master." That Dominion did not speaks volumes. Dominion's argument also contradicts the exhibits proffered by Dominion in its motion. The exhibits reflect numerous early September email correspondence, including multiple emails where Dominion circled back for a status update after initially not hearing back from Ms. Powell's counsel. The exhibits also demonstrate the parties' ability to resolve disputes. Most fundamentally, the exhibits establish that Dominion had several known means to contact Ms. Powell's counsel. Clearly, Dominion chose instead to file a surprise motion

**B.     The Motion should be denied because Ms. Powell has substantively responded to the subpoena.**

Ms. Powell disputes Dominion's positioning regarding the lack of protective order in the D.C. Lawsuit. Its characterizations simply serve as window dressing for Dominion's motion. The undisputed facts are: the parties reached an agreement about document production in connection with the Delaware Subpoena and D.C. Lawsuit; Dominion steadfastly refuses to engage in document production; Dominion changed its mind about the agreement; after working with Dominion and agreeing to a broad set of search terms, Ms. Powell has spent the last month reviewing documents to produce; and those documents now are being produced. As a result, Dominion's motion is moot.

Finally, Ms. Powell does not waive any objections to the subpoena, but also is not withholding the Fox communications materials based on those objections, with the exception of privilege and responsiveness. Ms. Powell

respectfully requests that the Special Discovery Master refrain from addressing the substance of the objections because they are not at issue and doing so would constitute an unnecessary advisory ruling.

C.      **Request for costs incurred for this opposition.**

There was no meet and confer before the Motion was filed. There is no certification of good faith as required by Reference Order paragraph 4.a. Dominion's conduct has resulted in waste of time and resource for Ms. Powell and for the Special Discovery Master. In addition to the Motion's denial, Ms. Powell respectfully requests that the Special Discovery Master order Dominion to pay Ms. Powell's legal fees for this opposition pursuant to Reference Order section 4.a.

WHEREFORE, Ms. Powell respectfully requests that the Motion be denied and that Movants be ordered to pay Ms. Powell's legal fees for this opposition.

**KENNEDYS CMK LLP**

*/s/ Marc S. Casarino*
Marc S. Casarino (DE 3613)
919 N Market Street, Suite 1550
Wilmington, DE 19801
Tel. 302.308.6647

*Attorneys for Defendant Sidney Powell*