# EXHIBIT 2

**From:** Muench, Lee
**To:** Daniel S. Marvin
**Cc:** Joshua A. Mooney; Marc Casarino; Teresa M. Cinnamond; Wrigley, Nicole; Connolly, J. Erik
**Subject:** RE: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]
**Date:** Thursday, August 10, 2023 6:03:33 PM

Thank you -- I just sent you a calendar invite.



vCard Bio

Lee B. Muench
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6405 | m: 847.271.2771
LMuench@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Thursday, August 10, 2023 5:51 PM
**To:** Muench, Lee <LMuench@beneschlaw.com>
**Cc:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Teresa M. Cinnamond <Teresa.Cinnamond@kennedyslaw.com>; Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** Re: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

10am EST.

Daniel S. Marvin
Partner
for Kennedys

**Kennedys**
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

On Aug 10, 2023, at 6:50 PM, Muench, Lee <LMuench@beneschlaw.com> wrote:

Thank you – 10 a.m. CT or EST?

vCard Bio

Lee B. Muench
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6405 | m: 847.271.2771
LMuench@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Thursday, August 10, 2023 5:49 PM
**To:** Muench, Lee <LMuench@beneschlaw.com>
**Cc:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Teresa M. Cinnamond <Teresa.Cinnamond@kennedyslaw.com>; Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** Re: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Hi Lee,

We are available to confer at 10am tomorrow. Thank you.

Dan


Daniel S. Marvin
Partner
for Kennedys

**Kennedys**
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

On Aug 10, 2023, at 6:31 PM, Muench, Lee <LMuench@beneschlaw.com> wrote:


Josh, we requested your availability for this entire week four days ago. You still have not provided any days or times. It is now Thursday past close of business. I am in a court hearing tomorrow for a portion of the day and have another meet-and-confer call for a portion of Monday.  Please confer with your colleagues and provide us your availability.

| vCard Bio | Lee B. Muench<br>Partner \| Litigation<br>Benesch Friedlander Coplan & Aronoff LLP<br><br>t: 312.624.6405 \| m: 847.271.2771<br>LMuench@beneschlaw.com \| www.beneschlaw.com<br>71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637<br><br>Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |
|---|---|

**From:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Sent:** Thursday, August 10, 2023 4:56 PM
**To:** Muench, Lee <LMuench@beneschlaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Teresa M. Cinnamond <Teresa.Cinnamond@kennedyslaw.com>
**Cc:** Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** Re: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Lee,

You again mischaracterize my email and the discovery requests Powell objected to. The narrow window of your

availability for the meet and confer you've requested also is noted.

Best, Josh

Sent by iPhone

Joshua A. Mooney
Partner
for Kennedys

**Kennedys**
T +1 267 479 6706
F +1 215 665 8475
www.kennedyslaw.com

---

**From:** "Muench, Lee" <LMuench@beneschlaw.com>
**Date:** Thursday, August 10, 2023 at 5:22:01 PM
**To:** "Joshua A. Mooney" <Joshua.Mooney@kennedyslaw.com>, "Marc Casarino" <Marc.Casarino@kennedyslaw.com>, "Daniel S. Marvin" <Daniel.Marvin@kennedyslaw.com>, "Teresa M. Cinnamond" <Teresa.Cinnamond@kennedyslaw.com>
**Cc:** "Wrigley, Nicole" <NWrigley@beneschlaw.com>, "Connolly, J. Erik" <econnolly@beneschlaw.com>
**Subject:** RE: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Josh,

Thank you for raising the Court's Order. In the first statement you reference, the Court authorized "jurisdictional discovery on the question of Powell's **contacts** with the District with respect to her allegedly defamatory statements." All of Smartmatic's discovery requests seek documents and information about those contacts. In the second statement you reference, the Court calls for discovery into "Powell's physical location." We have requested such discovery, including via a deposition to examine Ms. Powell's recollection and her relevant documents. The parties are simply at an impasse if Ms. Powell believes that she can refuse all discovery except for her self-serving statements declaring where she stood when defaming Smartmatic.

As for next steps, you referenced one of your colleagues stepping in for a meet and confer call. I am available tomorrow apart from 2-5 p.m. EST. On Monday, I am available apart from 3-6 p.m. EST, when I will be on another meet-and-confer call. Please let me know which windows your side has available and who will be participating. I can send out a Webex invitation. Thereafter, we will prepare a statement to submit to the Court and would request that Ms. Powell provide her position.

For the call, we once again request that Ms. Powell be prepared to tell us the specific types of documents she is agreeing to produce before we seek judicial intervention. You, again, omitted that information in your response. Understanding this baseline will help eliminate disputes we may need the Court to address. We have already endeavored to list relevant documents in Smartmatic's Requests for Production. The Requests can serve as an agenda. If you cannot give us a straight answer as to whether Ms. Powell will produce responsive documents for a given request, it will clarify what Smartmatic must elevate to the Court.

Best,

Lee

Lee B. Muench
Partner | Litigation

| | Benesch Friedlander Coplan & Aronoff LLP |
|---|---|
| vCard Bio | t: 312.624.6405 \| m: 847.271.2771<br>LMuench@beneschlaw.com \| www.beneschlaw.com<br>71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637<br><br>Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

**From:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Sent:** Thursday, August 10, 2023 12:05 PM
**To:** Muench, Lee <LMuench@beneschlaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Teresa M. Cinnamond <Teresa.Cinnamond@kennedyslaw.com>
**Cc:** Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** RE: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Lee:

Your email mischaracterizes Powell's responses and position. Powell has every intent to comply fully with the Court's Order allowing discrete discovery.

The Court's Order, fully quoted in my original email below, states Smartmatic may "take jurisdictional discovery **on the question of Powell's contacts with the District with respect to her allegedly defamatory statements**" and that the case is otherwise stayed.

The Court rejected your reliance on the Dominion decision that you cite because, unlike there, Powell disputes her presence in DC for the statements she made. Mem. Op. at 6. The Court's Opinion went on to note that "the thrust of the Complaint—and Smartmatic's argument in opposition to Powell's motion—is the contention that Powell was present in the District when she made the allegedly defamatory statements." Mem. Op. at n.3. Accordingly, the Court noted that "*more clarity on* **Powell's physical location will sharpen not only the jurisdictional analysis, but also the question of venue**[.]" *Id*.

Powell is providing documents and information that demonstrate her contacts with the District of Columbia as they relate to the statements identified in Smartmatic's complaint. This tracks the Court's Order, its Memorandum Opinion, and is consistent with existing case law on what is permitted for jurisdictional discovery. *See, e.g., Diamler AG v. Bouman*, 571 U.S. 117 (2014). Your email does not address how the full fact discovery Smartmatic seeks does not violate the Court's Order.

I am unavailable for the remainder of this week. One of my colleagues, who are copied, can meet with you tomorrow afternoon or Monday to see if we can resolve any impasse.

Best, Josh


Joshua A. Mooney
Partner
for Kennedys

**Kennedys**
T +1 267 479 6706
F +1 215 665 8475
www.kennedyslaw.com

**From:** Muench, Lee <LMuench@beneschlaw.com>
**Sent:** Thursday, August 10, 2023 12:42 AM
**To:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>

**Cc:** Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** RE: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Josh,

There is no confusion here. Smartmatic has been extremely concerned that Ms. Powell would delay and obstruct discovery ever since she opposed both Smartmatic's request for a status conference and a deposition last month. Since then, Ms. Powell has served discovery responses that validate this concern. Across the board, Ms. Powell has objected to producing responsive documents and information.

In a typical discovery dialogue, the parties try to reconcile where a gap may exist between the requesting party's demand and the discovery that the responding party is providing. Here, however, the parties fundamentally disagree regarding whether Ms. Powell must participate in discovery.

In response to Smartmatic's document requests, Ms. Powell failed to provide a single unqualified answer agreeing to produce responsive documents. She has made every response subject to objections. Federal courts uniformly reject this practice. Ms. Powell has left Smartmatic uncertain regarding whether she is answering all or only a portion of each request. **Ms. Powell is also categorically refusing to produce responsive documents to 37 of Smartmatic's 39 document requests**. For the other two requests—Nos. 15 and 24, which seek the exhibits Ms. Powell may use in any jurisdictional hearing and the property she uses, leases, owns, or has sold in the District of Columbia—Ms. Powell has agreed to produce documents subject to a laundry list of objections.

The only documents Ms. Powell has agreed to provide—in response to each of Smartmatic's Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14—is the following phrase: "non-privileged documents in connection with the limited number of statements made by Powell on television broadcasts and which are identified in Smartmatic's complaint." It must have taken a long time to craft this carefully caveated language. We have no idea what it means. The answer ignores all the documents Smartmatic requested in Requests Nos. 1 through 14. To figure out what documents Ms. Powell is actually committing to produce, we requested a meet-and-confer conference to inquire about them. Your email below refused that request. We now ask, for the second time, if you will either (a) specify the documents Ms. Powell is committing to produce in writing, or (b) confer with us this week, so we can inform the Court of the gaps between Ms. Powell's commitment and the documents Smartmatic has requested.

Ms. Powell's interrogatory responses are similarly obstructive. She has refused to provide responsive information to Interrogatories No. 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14 and 15. Her answers to Interrogatories Nos. 2, 6 and 7 are evasive, incomplete and raise serious concerns given the information in the public domain that contradicts Ms. Powell's responses, which she has verified under oath.

The delta between the parties is not a document here or there. Ms. Powell is misreading and using the Court's May 24, 2023 Order as a shield to deny Smartmatic standard jurisdictional discovery. Throughout Ms. Powell's discovery responses, she objects that Smartmatic's requests "violate the Court's May 24, 2023 Order." We fundamentally disagree. Smartmatic has already put Ms. Powell on notice of its personal jurisdiction allegations through both its Complaint and the parties' briefing on Ms. Powell's motion to dismiss. There are no surprises in the requests. They all seek documents and information to prove Smartmatic's personal jurisdiction allegations. Smartmatic does not believe that the Court restricted Smartmatic to confirm solely the physical address on which Ms. Powell's feet were planted when she defamed Smartmatic on national television. That theory was not the sole theory that supported the Court's exercise of jurisdiction over her in *US Dominion, Inc. v. Powell*, No. 21-cv-40 CJN (D.D.C.). Smartmatic has every right to take the jurisdictional discovery it has requested to support its allegations, which support several, independent bases to confer personal jurisdiction on Ms. Powell.

Ms. Powell's discovery responses come nowhere close to fulfilling her obligations or comporting with the District of Columbia's precedent on jurisdictional discovery. Accordingly, we will be raising the deficiencies with the Court

in advance of the parties' status conference. We remind you that Smartmatic asked the Court to set this hearing to monitor discovery, and the Court granted that request over Ms. Powell's objection. We encourage Ms. Powell to rethink the approach she has taken to date to stonewall all of Smartmatic's discovery requests. It is a transparent attempt to restrict the information that can establish the Court's jurisdiction over here.

Finally, the parties have already presented their positions regarding Smartmatic's request to depose Ms. Powell and her refusal to comply with that request. *See* ECF No. 40. In the parties' Joint Status Report, Smartmatic informed the Court: "As for next steps, Smartmatic seeks to depose Powell after the Parties resolve any differences that may arise in connection with her discovery responses and document production. Smartmatic believes that a deposition is a necessary and appropriate means for jurisdictional discovery in this case, and if Powell refuses, Smartmatic will move to compel." In response, Ms. Powell notified the Court that she "objects to Smartmatic's request for a deposition as unnecessary **in light of the pending interrogatories, document requests**, and the sworn declaration already filed by Powell regarding personal jurisdiction, and given that, per the Court's Order, discovery is proceeding for personal jurisdiction."

Ms. Powell's response bolsters Smartmatic's request for a deposition. The response suggests that a deposition is "unnecessary in light of" all the responsive information and documents Ms. Powell was planning to provide. The response was a sham. Ms. Powell simply doubled down on her declaration. What is more, in her interrogatory responses, Ms. Powell now avers that she was not in the District of Columbia for her statements on November 14, 15, and 16 "*to the best of her recollection*." Ms. Powell has not and cannot cite any authority that forecloses Smartmatic from using FRCP 30—a prescribed method of discovery—to examine Ms. Powell's "recollection" or obtain her testimony on facts that bear on the Court's exercise of jurisdiction over her.

There are two paths forward. Either you can accept our request to meet and confer and cooperate on scheduling. Or we will have to inform the Court of your refusal and provide a statement without the benefit of Ms. Powell's position. We strongly prefer to follow the former course and respectfully ask that you comply with our scheduling request.

Tomorrow and Friday I am generally available to meet and confer. The only times I am unavailable are from 2-5 p.m. EST on Friday, during which time I will be in a court hearing. As we stated in our August 6 email, we have two agenda items for the call: to understand (1) **the specific discovery** Ms. Powell is agreeing to produce; and (b) why Ms. Powell believes the Court's Order allows her to refuse producing documents and information responsive to Smartmatic's discovery requests and personal jurisdiction allegations. We look forward to hearing your responses, should you accept our request to meet and confer.

Best,

Lee

vCard Bio

Lee B. Muench
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6405 | m: 847.271.2771
LMuench@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Sent:** Tuesday, August 8, 2023 5:19 PM

**To:** Muench, Lee <LMuench@beneschlaw.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>
**Cc:** Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** RE: Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) [KEN-LEGAL.FID44216894]

Hi Lee:

Thank you for your email. However, we are confused by it, especially as it appears to jump the gun.

Ms. Powell did answer jurisdictional discovery, and she is producing responsive documents. Ms. Powell objected to Smartmatic's attempt to take full factual discovery, which violates the Court's May 24, 2023 Order and Stay of litigation. The Order states in whole:

> For the reasons given in the accompanying Memorandum Opinion, it is
>
> **ORDERED** that Smartmatic shall, within two weeks of this Order, file notice of whether it intends to amend its complaint or take jurisdictional discovery on the question of Powell's contacts with the District with respect to her allegedly defamatory statements; and it is further
>
> **ORDERED** that the case is **STAYED** pending the filing of an amended complaint or the completion of jurisdictional discovery.

If Smartmatic believes that the Court's Order permits the broad, full factual discovery that Smartmatic sought, *which your email acknowledges in the second-to-last paragraph*, please confirm so and the basis of its position in light of the Court's Order. Until then, we do not see a dispute that would necessitate the Court's time.

If Smartmatic believes that Ms. Powell's responses to jurisdictional discovery are incomplete, please provide a deficiency letter identifying the disputed responses and Smartmatic's position and reasoning, so that we are in a position where we can respond. Your email does not provide any such information, so we do not know what, *if any*, jurisdictional discovery responses Smartmatic objects to.

Finally, your email notes Smartmatic's intent to depose Ms. Powell. As you know, we believe a deposition is unnecessary – Ms. Powell has provided a sworn declaration, interrogatory responses, and will be producing responsive documents (also noted in our discovery responses), relating to her whereabouts in connection with her statements and the jurisdictional discovery permitted by the Court. A deposition would be superfluous. If Smartmatic disagrees, please explain its basis and we will consider it and possibly revise our position. To date, Smartmatic has not done this leaving us unable to meet and confer.

Again, until then, we do not see a dispute that is ripe for the Court. We look forward to your response.

Best, Josh


Joshua A. Mooney
Partner
for Kennedys

**Kennedys**
T +1 267 479 6706
F +1 215 665 8475
www.kennedyslaw.com

---

**From:** Muench, Lee <LMuench@beneschlaw.com>
**Sent:** Sunday, August 6, 2023 3:54 PM
**To:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>;

Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Cc:** Wrigley, Nicole <NWrigley@beneschlaw.com>; Connolly, J. Erik <econnolly@beneschlaw.com>
**Subject:** Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.)

Counsel,

Pursuant to the Court's Standing Order, we request a meet-and-confer conference this week to address Sidney Powell's near-blanket objections to producing documents and information responsive to Smartmatic's jurisdictional discovery requests.  Could you please provide us a couple windows for a call?

If we cannot resolve our differences, we will need to submit a short email summary of the dispute(s) to the Court before the parties' August 16 telephonic appearance. We are envisioning a similar joint statement that the parties submitted last time, except this time we will be emailing it, and it will identify the disputes that remain after our meet-and-confer call.

As for an agenda to the call, we seek to understand (a) the specific discovery Powell is agreeing to produce; and (b) why she believes the Court's Order allows her to refuse producing documents and information responsive to Smartmatic's discovery requests and personal jurisdiction allegations. This email is without prejudice to Smartmatic's rights, all of which are hereby reserved, to seek appropriate relief.

Additionally, please provide an address for us to use in the notice of deposition we will be serving on Ms. Powell.

Thank you

vCard  Bio

Lee B. Muench
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6405 | m: 847.271.2771
LMuench@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com

---

**General Data Protection Regulations** - From 25 May 2018 to the extent that we are currently in a contract with you or are intending to enter into a contract that involves processing the data of individuals in the EU, we would ask you to note the terms of our GDPR Privacy Policy, also our Client Terms of Business to the extent that we have not already agreed GDPR variations with you and, if you supply any products or services to us, our Supplier Terms of Business each of which will apply to all existing and future dealings between us as appropriate.

Please be aware of the increase in cybercrime and fraud. If you receive an email purporting to be from someone at Kennedys which seeks to direct a payment to bank details which differ from those which we have already given you (in our retainer letter and on our invoices) it is unlikely to be genuine. Please do not reply to the email or act on any information contained in it but contact us immediately.

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership with registration number 045017416. Our registered office is at 120 Mountain View Boulevard, Basking Ridge, New Jersey 07920. The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this transmission in error, please immediately notify the sender and then delete it.

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com/