# EXHIBIT 3

| | |
|---|---|
| **From:** | Muench, Lee |
| **To:** | Nichols_Chambers@dcd.uscourts.gov |
| **Cc:** | Joshua A. Mooney; Daniel S. Marvin; Marc Casarino; Teresa M. Cinnamond; Wrigley, Nicole; Connolly, J. Erik |
| **Subject:** | Joint Email Summary of Discovery Dispute - Smartmatic USA Corp. v. Powell, 21-cv-02995-CJN (D.D.C.) |
| **Date:** | Tuesday, August 15, 2023 5:46:10 PM |
| **Attachments:** | Powell Responses and Objections to Smartmatic"s 1st Set of Interoggatories.pdf |
| | Powell Responses and Objections to Smartmatic"s First Set of Document Requests.pdf |

Dear Judge Nichols:

The parties submit the following email summary of their discovery disputes in advance of tomorrow's status conference scheduled for this case. At the conference, Smartmatic will request that the Court (a) direct Ms. Powell to provide a deposition and cooperate with Smartmatic in scheduling it; and (b) grant Smartmatic leave to file a motion to compel. Smartmatic seeks to move to compel Ms. Powell's production of documents and information responsive to Smartmatic's First Set of Document Requests and First Set of Interrogatories. The parties have summarized their positions regarding the current disputes below.

**Smartmatic's Position**:

Smartmatic seeks leave to move to compel because Ms. Powell is obstructing jurisdictional discovery. In the parties' July 14, 2023 Joint Status Report, Smartmatic informed the Court: (a) that Ms. Powell was refusing to sit for a deposition focused on issues relevant to personal jurisdiction; and (b) that a status conference was necessary to monitor her participation in jurisdictional discovery. In response, Ms. Powell told the Court that her deposition was "unnecessary in light of" all the information she was about to provide in her forthcoming discovery responses. But that representation was a sham.

Ms. Powell has since served her responses, and she is categorically refusing to produce responsive documents and information across Smartmatic's requests. Ms. Powell is only willing to provide documents and information about where she physically stood when she defamed Smartmatic on November 14, 15 and 16. Ms. Powell is withholding all other information that would support the Court's exercise of personal jurisdiction over her. Smartmatic is entitled to discovery regarding Ms. Powell's contacts with the District of Columbia, not merely her physical location at three snapshots in time. Under the D.C. long-arm statute, relevant contacts include (i) the activities she conducted in D.C. in connection with her defamatory statements, including evidence she allegedly gathered to support them, any sources with whom she met in D.C., and relevant meetings she attended in D.C., (ii) the business transactions Ms. Powell conducted in D.C., especially in connection with her defamatory statements; (iii) her persistent course of conduct in D.C. before and after she defamed Smartmatic; and (iv) the conspiracy she joined and furthered in D.C. to defame Smartmatic. None of these theories are a surprise to Ms. Powell. Smartmatic alleges them in its Complaint.

To restrict Smartmatic to only one theory, as Ms. Powell is attempting, would materially prejudice Smartmatic and deny the Court information that bears on its jurisdiction. If Ms. Powell has specific objections regarding any discovery request, the parties can litigate them through Smartmatic's motion to compel. For these reasons, Smartmatic will seek leave to move to compel when the parties appear on August 16. Further, following Ms. Powell's production of documents, Smartmatic will seek Ms. Powell's deposition focused on issues relevant to personal jurisdiction. Smartmatic should not be limited to establishing personal jurisdiction based on the documents produced (or not produced) by Ms. Powell. Smartmatic is entitled to explore her jurisdictional contacts during a deposition, which should be scheduled for shortly after her production of documents.

**Powell's Position**:

Smartmatic served discovery beyond the limitations set by the Court's May 24 Order and Memorandum Opinion.

The Court found personal jurisdiction over Powell for her November 19 and December 10, 2020 statements because of her presence in DC when making them. Mem. Op. at 7. For the remaining statements, the Court noted "the Complaint—and Smartmatic's argument in opposition to Powell's motion—is the contention that Powell was present in the District when she made the allegedly defamatory statements." Id. n.3. Accordingly, the Court found that "more clarity" on Powell's "physical location' will sharpen the jurisdictional analysis," as well as for venue, id., and allowed Smartmatic to "take jurisdictional discovery on the question of Powell's contacts with the District with respect to her allegedly defamatory statements." Order (5/24/23).

Powell responded to interrogatories and produced documents disclosing this information. Powell objected to discovery that extended beyond the Court's Order.

Powell opposes a deposition because the interrogatory responses, documents, and the sworn declaration provided disclose her location in connection with her alleged defamatory statements, as ordered by the Court, for the purposes of jurisdiction. After conducting months of discovery against Fox, Herring, Giuliani, Lou Dobbs, Maria Bartiromo, and others in several lawsuits, Smartmatic did not produce a scintilla of evidence suggesting a connection between Powell and DC for her statements in opposition to Powell's motion to dismiss. This is telling.

Should the Court wish to address these issues on August 16, counsel for Powell will be prepared to address them. We have enclosed Powell's responses so the Court may see the broad discovery served in violation of the Court's Order.

Thank you



vCard  Bio

Lee B. Muench
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6405 | m: 847.271.2771

LMuench@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice