IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1: 21-cv-02995-CJN |
| ) | |
| SIDNEY POWELL, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF MOTION FOR STAY**

**INTRODUCTION**

Smartmatic opposes Ms. Powell's motion for a **now 69-day stay**[1] with a nothing more than a display of speculation, mischaracterization of the law and facts, and non-sequitur:

- Smartmatic ***admits that it has demanded merit discovery not narrowly tailored to jurisdictional issues***, while at the same time arguing that its demands are "jurisdictional discovery" that do not overlap with the Fulton County Action.

- Smartmatic ***claims it does not need discovery it just moved to compel***.

- It ***asserts*** a hardship if "jurisdictional discovery" is not allowed but then quickly acknowledging that ***it already has proof of Ms. Powell's District contacts*** from her J6 testimony.

- Smartmatic ***speculates by guessing motive and state-of-mind*** of Ms. Powell and her counsel as well as the length of her criminal trial set to begin on October 23, 2023[2]

- Closing out flawed arguments, Smartmatic ***complains*** that the Court's procedures are taking too long.

---

[1] The Proposed Order submitted with this motion requests a stay of 90 days from the September 1, 2023 motion filing date, or November 30, 2023. This is only **69** days from the date of filing of this Reply Memorandum.

[2] Judge McAfee has indicated that he intends to have a jury seated in the Fulton County Action against Sidney Powell and Kenneth Chesebro by November 3, 2023 and for the trial to proceed without delay.

Smartmatic's opposition undermines its legal position and belies the sincerity of its opposition to this stay. Instead, the controlling cases (including the facts of those cases, which Smartmatic ignores) clearly demonstrate that all four factors weigh in favor of a stay since:

(1) the Fulton County Action and this civil action are based on many of the same underlying events, legal theories, and other allegations to form a "close relationship;"

(2) a momentary stay would prevent unnecessary litigation and promote better judicial efficiency;

(3) any hardship would be minimal for Smartmatic if a stay were granted and far greater for Ms. Powell if the stay were denied; and

(4) Ms. Powell's requested stay, is "relatively insignificant."

Smartmatic's approach appears dramatic but easily is exposed as a phony display of inaccuracies and distraction.

**ARGUMENT**

I. **THE FOUR FACTORS WEIGHED BY COURTS REMAIN IN MS. POWELL'S FAVOR**

The D.C. Circuit has provided a clear four-factor rubric to assess whether or not to stay this action – a rubric Smartmatic does not first address until page 7. That rubric weighs in favor of a stay.

   A. **Smartmatic Admits It Wants Discovery that Overlaps with the Fulton County Action Demonstrating a "Close Relationship" Between the Actions**

Smartmatic cherry-picks from the Indictment to contend that this lawsuit and the Fulton County Action are not identical and, therefore, lack a "close relationship." To underscore its point, Smartmatic emphasizes that it seeks "jurisdictional discovery," not merit discovery. EFC 44 at 8 ("By addressing Smartmatic's theories of liability, not its personal jurisdiction allegations, Powell made the wrong showing."). This contention is flatly incorrect.

All of the governing cases cited in the moving papers involved determinations as to whether a close relationship existed between the criminal and civil *actions*. In those cases, Courts compared whether the allegations, issues, discovery, witnesses, and evidence likely to be involved in the cases overlapped, *not*, as Smartmatic urges, whether a civil plaintiff's "jurisdictional discovery" requests overlap with the criminal case. *See, e.g., Doe v. Sipper*, 869 F. Supp. 2d at 116; *Sec. & Exch. Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *Kurd v. Republic of Turkey*, 2022 WL 17961245, at *2 (D.D.C. Dec. 27, 2022); *Am. Express Bus. Fin. Corp. v. RW Pro. Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002) ("risk of impairing the party's Fifth Amendment rights presents a stronger case for staying discovery, particularly *when there are similar issues between the civil and criminal cases*") (Emphasis

supplied); *Volmar Distributors, Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36 (S.D.N.Y. 1993) (granting stay where indictment against defendants arose from same factual background alleged in civil complaint); *Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (staying civil proceeding where civil and criminal actions involved many of the same real estate transactions).

As to the first factor, the standard urged by Smartmatic that its self described "jurisdictional discovery" requests must bear a substantial relationship with the criminal action is not supported by any precedent. Rather, as set forth in the motion papers, courts look to the overlap of underlying events, legal theories, and other allegations in the criminal and civil cases. Movant's interpretation of this factor is consistent with case law in both this district and others. *See, e.g., Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012) (granting stay due to "close relationship" between civil and criminal actions); *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, R.I.C.O. Bus. Disp. Guide (CCH) ¶ 8846 (S.D. N.Y. 1995) (examining extent to which issues in criminal case overlapped with civil case and basing stay on close nexus); *Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317 (E.D. N.Y. 2004) (granting stay of fraud action because civil and criminal cases arose from the same underlying events.); *Walsh Securities, Inc. v. Cristo Property Management, Ltd*., 7 F. Supp. 2d 523 (D.N.J. 1998) (granting stay because civil and criminal cases involved many of the same issues arising out of the alleged questionable real estate transactions).

Moreover, Smartmatic's baseless contention that the criminal and civil actions are not closely related[3] requires one to ignore Smartmatic's briefs to date. First, the contention ignores the central theme of Smartmatic's lawsuit – that Ms. Powell entered into a conspiracy with others, which included making statements with no basis in fact, in order to undermine or overturn the 2020 presidential election. The Fulton County Action similarly alleges that all 19 defendants in the Indictment violated Georgia's RICO Act by participating in schemes to overturn the results of the 2020 election. The "close relationship" between these actions is readily apparent to any objective observer. Smartmatic's only response is that it is its "jurisdictional discovery requests" rather than the civil action it has commenced, that must be "substantially similar" to the Fulton County Action for Powell's argument to have merit. Simply put, this argument is without *any* case support and absurd.

Instead of focusing on the applicable four factor rubric, Smartmatic continues its sole focus on jurisdictional issues and its erroneously self-described "jurisdictional discovery" requests. See ECF 44 at 4-7. Its misdirection of efforts veers close to an obsession with its alleged right to jurisdictional discovery, which is the subject of a separate pending motion. Smartmatic attempts to argue that it can agree *not* to explore certain vague areas of discovery saving the remainder of discovery for a later date as grounds for denying a stay. *Id.* at 2. But this admission only demonstrates that Smartmatic's previous discovery requests were not limited to jurisdictional

---

[3] Smartmatic terms the applicable standard one of "substantial similarity." While that term appears in one case cited by Plaintiff (*Horn v. D.C.*, 210 F.R.D. 13 (D.D.C. 2002)) other district precedent uses the term "close relationship." Smartmatic's assertion that movant has applied the wrong standard is a red herring since the criminal and civil actions have both a "close relationship" and are "substantially similar" with respect to underlying issues and events. See, e.g., *Doe v. Sipper*, 869 F. Supp. 2d at 116; *Sec. & Exch. Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980); *Kurd v. Republic of Turkey*, 2022 WL 17961245, at *2 (D.D.C. Dec. 27, 2022).

issues. *See* EFC 42-1 at 6-7.  As mentioned above, Smartmatic has already run afoul of this Court's directive by not propounding narrowly tailored jurisdictional discovery requests. Requests that clearly demonstrate the criminal and civil cases are indeed "closely related." *See* ECF 42-1 at 6 (comparing both the allegations and discovery requests in this action and the Fulton County Action).

Additionally, Smartmatic wedges in the argument that because Smartmatic's claims arise under many of the same events and legal theories implicated by the Fulton County Action, Ms. Powell "concedes" personal jurisdiction for "all" of the alleged defamatory statements identified by Smartmatic in its complaint. ECF 44 at 7. This argument is absurd and is based on another misleading purported quote.[4] Ms. Powell's opposition to Smartmatic's claims of personal jurisdiction were briefed in Ms. Powell's Motion to Dismiss the Complaint and Opposition to Smartmatic's Motion to Compel Discovery. *See* ECF 23; ECF 43.   ECF. Her position is fully supported by the case law and fact discussed therein. *Id.*  We will not re-brief the jurisdictional issues here and they should not determine whether a stay is granted.  In addition, Smartmatic's repeated argument that the doctrine of "pendent jurisdiction" applies in place of the requirements of the District's long-arm statute is tone deaf and misplaced. Ms. Powell addressed the unconstitutionality of the claim that pendent jurisdiction applies despite the lack of a federal

---

[4] In what is becoming a repeated tactic, Smartmatic misquotes Ms. Powell, again. The motion states "[t]he "allegations against Ms. Powell *in both actions* are based on many of the same alleged underlying events, legal theories, and other allegations." *Compare* ECF 41-1 at 4 (emphasis added) *with* ECF 44 at 7. Smartmatic also states, at the outset of its opposition memo, that Ms. Powell "object[s] to personal jurisdiction even though she admits to having defamed Smartmatic in this District."  Ms. Powell has made no such admission.

6

question in the opposition to plaintiff's motion to compel and will not relitigate the issue here as it is irrelevant.

### B. Smartmatic Highlights Burdens on the Court that a Stay Would Avoid

After misconstruing the "close relationship" factor by comparing the overlap between its "jurisdictional discovery" requests and the criminal action rather than the civil and criminal *actions*, Smartmatic argues that the Court would not be burdened with unnecessary conflict and litigation if a stay is denied because "[t]he parties are already briefing the jurisdictional discovery," the "conflict is ripe and can be decided now," and Ms. Powell wrongly claims that jurisdictional discovery would involve "'significant' 'claims of privilege.'" ECF 44 at 12.

This argument ignores that Smartmatic openly seeks merit discovery – including all documents produced in *Dominion*, all documents produced to the J6 Committee, and even documents produced in *Coomer. See e.g.*, ECF 44 at 2-4. Its insistence on such broad-ranging discovery, further emphasized in its motion to compel (ECF 42), betrays a refusal to narrowly tailor discovery to the discrete jurisdictional issues implicated here and foreshadows further significant disputes that would burden the Court. Smartmatic's argument that such discovery could not be protected by attorney-client privilege misses the point – the issues would be (i) the basis for discovery applications Ms. Powell is entitled to make in the face of their overbreadth and (ii) necessarily implicate potential Fifth Amendment issues.

Smartmatic's claims that Ms. Powell bases her request for a brief stay because jurisdictional discovery will involve "significant claims of privilege" is perplexing because she never makes that argument.[5] ECF 44 at 12. Ms. Powell argues that forcing discovery would create

---

[5] Ms. Powell notes that Smartmatic likes to enclose phrases with "quotation marks" to give the appearance of gravity and suggest quotations from Ms. Powell's submissions to the Court.

a "significant dilemma" with regard to responding to such discovery, including a deposition, or asserting rights under the Fifth Amendment. ECF 41-1 at 9. Similarly, Smartmatic's argument that "Powell has identified no discovery that the Fulton County prosecutors requested from her about her D.C. contacts" misses the point. ECF 44 at 13. The alleged conspiracies and predicate acts in the Fulton Action involve Ms. Powell's alleged actions in the District and/or in allegedly defaming Smartmatic. Providing information regarding her contacts in the District – i.e., locations, communications, solicitations, and travel that would constitute business transactions under D.C. Code 13-423(a)(1) could overlap with establishing conspiracies and conduct alleged in the Indictment. Smartmatic's argument to the contrary is simply self-serving and disingenuous.

Smartmatic's claim that it no longer needs certain discovery, such as with regard to the December 18, 2020 White House meeting – after moving to compel such discovery just two weeks before – further illustrates the waste of judicial resources and the parties' time potentially in play by not granting a stay.[6] *Compare* ECF 44 at 5 *with* ECF 42-1 at 5 n.5.  Based on the foregoing, the burden on the Court factor clearly weighs in favor of a stay.

### C. Smartmatic Shows that the Balance of Inequities Favors a Stay

Smartmatic blithely states that "[h]ere, the only 'hardship' Powell identifies is having 'to choose to waive or assert her rights under the Fifth Amendment." ECF 44 at 14. The argument is flippant to the austerity of a person's Fifth Amendment right. Smartmatic then moves further to openly declare its intention to use an adverse inference if Ms. Powell is forced to assert her right. *Id.* at 17 ("And Powell has no right to withhold such discovery **without repercussion**.") (emphasis

---

[6] Such inconsistency of needs and reversals of positions certainly undermine the argument that a stay would "augment the docket and tax the Court's resources." ECF 44 at 12. Smartmatic single-handedly does that itself.

added). Hence, Smartmatic admits it intends to weaponize the "significant dilemma" discussed by courts. ECF 42-1 at 9 (citing cases). This is the very "significant dilemma" that this Court and others seek to avoid by granting a stay in a civil action. Smartmatic's stated position alone weighs this factor in favor of a stay.

Smartmatic's other arguments are nonsensical, and highlight that it has no response to the hardship factor. It cites to nothing that demonstrates that it will be worse off after the brief period of a stay has ended.  Ms. Powell's motion is not an improper blanket assertion of the Fifth Amendment, and Smartmatic cites no authority for such an absurdly broad proposition. ECF 44 at 15-16.  Rather, a stay is warranted because it would prevent Ms. Powell from facing the "significant dilemma" of determining whether to assert or waive her rights under the Fifth Amendment. *See Kurd v. Republic of Turkey*, 2022 WL 17961245, at  (December 27, 2022) (affirming the view that discovery in a civil litigation that "could  possibly  implicate the  Fifth Amendment  rights  of [defendants]" was a "significant dilemma.").

 Its claim that Ms. Powell waived her Fifth Amendment rights and, therefore, cannot be harmed by a stay, is equally unsupported by caselaw.  Contrary to Smartmatic's assertion, Ms. Powell's disclosures in a separate litigation do not operate to waive her Fifth Amendment privilege in this litigation. *See In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 58, 66 (D.D.C. 2000) ("the waiver of the privilege against self-incrimination in one proceeding does not affect the right of a witness or accused to invoke the privilege as to the same subject matter in another independent proceeding, but is limited to the proceeding in which it occurs.").

While Smartmatic claims Ms. Powell waived "any Fifth Amendment" claim by producing information it believes is relevant the January 6 Committee and the *Dominion* Plaintiff,  See ECF 44 at 14, it cites cases where a Fifth Amendment privilege claim failed because the privilege holder

was attempting to selectively assert Fifth Amendment privilege *in the same litigation*. *Compare* ECF 44 at 14 *with Sandvig v. Sessions*, WL 11410069, at *2 (D.D.C. Oct. 30, 2018) (plaintiffs waived their Fifth Amendment privilege over "relevant past research activities" because they a had "provided [the government] with ... 7,800 pages of documents regarding their past and future research," "details concerning past research methodologies," and "past ... strategies for minimizing harm to the websites they test.") (emphasis in original) and *United States v. All Assets Held at Bank of Julius Baer & Co., Ltd.*, 312 F.R.D. 16, 21 ("Claimant has waived any Fifth Amendment rights he possessed by… answer[ing] both the Amended Complaint and the government's discovery requests [in the same action]."). There also can have been no waiver with respect to discovery in this litigation prior to the date of Ms. Powell's indictment. *See, e.g., Ginyard v. United States*, 816 A.2d 21, 33 (D.C. 2003) (individual's statement that "triggered" a government investigation, prior to any indictment, not equivalent to waiver of Fifth Amendment privilege related to that topic).

Smartmatic's diatribe against Ms. Powell's Fifth Amendment rights assumes an issue not presented to the Court and simply foreshadows additional disputes that would be taken up to the Court were a stay not granted. Its alternatives are equally inadequate. Smartmatic provides no specifics on how a protective order to seal information would preserve Firth Amendment rights.

On the flip side, Smartmatic's identified ***sole*** hardship is a 69-day wait. To emphasize its point, Smartmatic maligns the Court's processes of having to submit a joint email to Chambers before a motion to compel is allowed. EFC 44 at 5. Ms. Powell, who also adheres to these local procedures in the *Dominion* case, has no problem with them. Smartmatic's complaint of having this litigation already last three years should not add weight in its favor either. The duration of this matter has nothing to do with Ms. Powell other than (i) she successfully asserted her rights in the

New York lawsuit, (ii) timely moved to dismiss in the present lawsuit, (iii) promptly moved for a stay following her indictment, and (iv) filed the instant motion to stay as permitted by this Court. Finally, complaining that discovery has taken too long is rich when Smartmatic has persistently refused to propound discovery narrowly tailored to jurisdictional issues. Smartmatic's position is all the more troubling when the Court considers Smartmatic's claim that Ms. Powell's J6 testimony already demonstrates Ms. Powell's contacts with the District for personal jurisdiction.[7]

Notably, Smartmatic's reliance on *Louis Vuitton Malletier S.A. v. LY USA, Inc.* to try to prove hardship is misplaced. See ECF 44 at 17, 18.  There, the court recognized that there were "factors present" that would have "supported the entry of a stay" but ruled against defendants after they refused to make *any* meaningful disclosure of documents during discovery. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 102 (2d Cir. 2012). Unlike the *Louis Vuitton Malletier* defendant, Ms. Powell made a meaningful response to Smartmatic's initial discovery requests despite their lack of particularity. Again, Smartmatic's first set of discovery requests go well beyond the limited jurisdictional discovery authorized by this Court. See ECF 41-1 at 7, 8. Any delay resulting from additional discovery motions lies at the feet of Smartmatic for failing to comply with this Court's order to particularize its requests. *Id.*

Smartmatic's reliance on *Horn v. D.C.*, 210 F.R.D. 13 (DD.C. 2002) also is misplaced on the issue of hardship.  In *Horn*, the court found that the government, an intervenor party, had made

---

[7] "She provided 170 pages of testimony concerning facts relating to, inter alia: 'how [she] first bec[a]me involved in challenges to the 2020 Presidential election'; dates when she stayed in D.C. to further those challenges; meetings that she attended and persons, including federal officials, with whom she met in D.C. regarding the 2020 election; statements that she made disputing the legitimacy of the election, including her false accusations of voting machine fraud; funds that she solicited and received to finance election subversion efforts; and the January 6 attack on the Capitol." ECF 44 at 3.

11

no attempt to show a hardship and "had no specifics" to supply in response to the court's request for an explanation of the alleged hardship. Thus, this factor weighed against a stay. Similarly, in *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, another case relied upon by Smartmatic, the court denied a motion to stay the civil proceedings because the moving party failed to articulate the harm that would occur absent a stay. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, No. 16-24431-CIV, 2017 WL 5175600, at *4 (S.D. Fla. May 25, 2017). That is not the case here. Ms. Powell's constitutional rights and freedom are at stake. Serious hardships repeatedly recognized by courts as sufficient to grant a stay. Smartmatic has failed to demonstrate how it will be in any worse a position at the end of the brief period of a stay. The balance of inequities factor weighs in favor of a stay.

### D. 69 Days is Insignificant

Smartmatic has no response to the brief duration of the requested stay. *See Kurd*, 2022 WL 17961245 at *4 (finding "short duration of the requested stay also weighs in favor of Defendants"), *Sipper*, 869 F. Supp. 2d at 118 (granting 90-day stay). as noted by this Court in *Gaither*, "a delay of only three (3) additional months, when roughly thirty-five (35) months have already passed, is relatively insignificant[.]" *Gaither*, 2005 WL 3272130 at *4. Here, the short duration requested by Ms. Powell is only a pause of breath by comparison and weighs in favor of a stay.

Notwithstanding this precedent, Smartmatic argues that "[t]he Court should take Powell's request for a 'three month' stay with a grain of salt: she is lowballing the duration of the stay she will need to induce the Court to enter it." ECF 44 at 19. This contention is speculative and insulting. Ms. Powell has severed her case from the larger trial. ECF 41-2. The trial against her and Kenneth Chesebro is scheduled for October 23, 2023. Judge McAfee has indicated that he intends to have a jury seated by November 3, 2023 and for the trial to proceed without delay.

The Court's policy of resolution of cases favors granting a stay. Smartmatic's claim no "significant privilege claims" exist is curious given the extensive argument in their opposition related to Fifth Amendment privilege. See ECF at 14-18. It is clear from this argument that Smartmatic believes Ms. Powell waived any Fifth Amendment privilege right she has. *Id.* A position that is both incorrect and will lead to unnecessary motion practice. Likewise, Smartmatic's assertion that Ms. Powell is the only witness belies belief. See ECF at 19. When Smartmatic is unable to meet their jurisdictional showing, it will continue its pattern of casting an ever wider net to continue its campaign of harassment and bullying against Ms. Powell. A net that will surely include Giuliani, or other alleged co-conspirators in the Fulton County Action who will likely make similar Fifth Amendment privilege claims, resulting in more litigation and the continued waste of this Court's resources.

## II.    CONCLUSON

For these reasons, Ms. Powell respectfully requests the Court to grant her motion to stay this action until November 30, 2023.

Dated: September 22, 2023                **KENNEDYS CMK LLP**

By:*/s Joshua A. Mooney*_____

Joshua A. Mooney DC Bar No. 471866
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Joshua.Mooney@kennedyslaw.com

Marc Casarino, pro hac vice
919 N. Market Street, Suite 1550
Wilmington, DE 19801
Tel: 302-308-6647
Email: marc.casarino@kennedyslaw.com

                                          Michael J. Tricarico, pro hac vice  
                                          570 Lexington Avenue, 8th Floor  
                                          New York, New York 10022  
                                          Tel: (646) 625-3952  
                                          Email: Michael.tricarico@kennedyslaw.com

*Attorneys for Defendant Sidney Powell*