IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SIDNEY POWELL,<br><br>　　　　　Defendant. | No. 1:21-cv-02995-CJN<br><br><br>Judge Carl J. Nichols |

**JOINT MEET AND CONFER REPORT WITH PROPOSED OMNIBUS SCHEDULING ORDERS**

This Joint Meet and Confer Report With Proposed Omnibus Scheduling Orders ("Joint Report") is submitted pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3(c), and the Court's February 24, 2026 Order on behalf of plaintiffs Smartmatic USA, Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Plaintiffs" or "Smartmatic") and Defendant Sidney Powell ("Defendant" or "Ms. Powell") (collectively, "Parties").

As required by the Court's February 24, 2026 Order, Plaintiffs and Defendant met and conferred by phone on March 19, 2026. The Parties' positions on the issues identified in Local Civil Rule 16.3(c) are outlined below. At the end of this Joint Report, the Parties provide their proposed omnibus scheduling orders and flag the differences in their proposals.

**A.  The Parties' Positions on Issues Raised by Local Civil Rule 16.3(c)**

**1.      Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiffs' Position: On February 9, 2026, this Court denied Defendant's motion to dismiss. (Dkt. No. 58).  Smartmatic reserves its right to move for summary judgment in accordance with

the case management schedule in this case. Smartmatic believes that discovery should commence without additional dispositive motion practice.

Defendant's Position: Ms. Powell believes Smartmatic's case against her will be disposed of through a judgment on the pleadings and/or summary judgment Ms. Powell intends to file a motion for judgment on the pleadings that will not disrupt discovery or other deadlines contained in the proposed scheduling orders. While Ms. Powell believes her motion for judgment on the pleadings will narrow issues and impact the scope of discovery, Ms. Powell will proceed with discovery while her motion for judgment on the pleadings is pending.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties reserve all rights to seek to add parties or amend the pleadings as provided for under the Federal Rules of Civil Procedure as the Parties' investigation into factual issues relevant to this case progresses. To the extent the Court wishes to set a date by which any other parties shall be joined or the pleadings amended, the Parties suggest a deadline of July 23, 2026 subject to their reservation of rights.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Pursuant to Local Rule 16.3(d), "the parties' report shall not indicate their respective positions on assignment to a magistrate judge unless all parties agree to such assignment." Not all Parties agree to such an assignment in this case. Accordingly, the Parties refrain from sharing their respective positions.

**4.     Whether there is a realistic possibility of settling the case.**

The Parties may engage in settlement discussions but cannot say whether a realistic possibility of settling exists now. The Parties will report back to the Court if they reach a settlement or seek alternative dispute resolution through the Court's procedures.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties refer to their response to No. 4, above, and incorporate the same herein, adding Counsel have discussed ADR and this provision with their clients.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

On February 9, 2026, this Court denied Defendant's motion to dismiss. (Dkt. No. 58). The Parties reserve their rights to bring  motions for summary judgment and propose the following deadlines: (1) dispositive motions by December 2, 2027; (2) oppositions to dispositive motions by January 16, 2028; and (3) replies in support of dispositive motions by February 15, 2028.  As referenced, Ms. Powell also plans to file in the near term a motion for judgment on the pleadings.

7.      **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties agree to exchange initial disclosures by April 20, 2026.

8.      **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

The Parties intend to seek discovery relevant to the claims and defenses in the case and do not currently propose any limits on discovery beyond those in the Federal Rules of Civil Procedure. The Parties expect to submit a proposed Confidentiality Agreement and Protective Order before the Parties produce documents in discovery.

The Parties jointly propose that fact discovery be completed by April 19, 2027, and that expert discovery be completed by October 14, 2027. The Parties respectfully refer the Court to their respective proposed scheduling orders below and filed contemporaneously herewith.

9.      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties intend to meet and confer in connection with a proposed ESI Order and will submit the same to this Court for consideration and entry.

10.     **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties expect to submit a proposed Confidentiality Agreement and Protective Order before producing documents in discovery. The Parties agree to confer on the manner and timing for asserting a privilege claim, including any case of inadvertent disclosure. The Parties will include any agreement reached in their proposed Confidentiality Agreement and Protective Order to be submitted for the Court's consideration.  The Parties will include a Federal Rule of Evidence 502 provision in their proposed Confidentiality Agreement and Protective Order.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties do not believe that the Court should modify the requirement of exchange of expert witness reports. The Parties suggest that expert reports should be exchanged after the close of fact discovery. The Parties refer to their respective proposed schedules below for the timing of expert discovery.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The Parties agree that this section is not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs' Position: Smartmatic believes that this matter should not be bifurcated.

Defendant's Position: Ms. Powell believes this matter should be bifurcated at trial as between liability and damages to permit a jury to first decide liability, including whether there is clear and convincing evidence of (1) the alleged falsity of each of Ms. Powell's statements, (2) whether Ms. Powell made the statements with actual malice, and (3) whether Smartmatic can show Ms. Powell legally caused each of the Smartmatic plaintiffs actual injury.  Findings by the jury for Ms. Powell on any of these issues will, at minimum, change the  issues to be addressed at a damages trial and preserve Party and judicial resources. Bifurcation also would avoid prejudice stemming from the massive monetary claims in the case and its potential high profile.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs' Position: Smartmatic defers to this Court's discretion for the scheduling of the pretrial conference. To the extent the Court would like a suggested date, Smartmatic proposes a time of the Court's choosing in early to mid-April 2028.

Defendant's Position: Ms. Powell requests the Court set a pretrial conference date at the status conference identified by the Parties in their respective proposed scheduling orders. However, Ms. Powell believes a pre-trial conference date should be after April of 2028 given the proposed timing of discovery and dispositive motions.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties propose that the Court defer setting a trial date for this case until discovery has progressed.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

<u>Plaintiffs' Position</u>: At the February 24, 2026 status conference, Smartmatic informed the Court that it is awaiting a trial date in *Smartmatic USA Corp. v. Fox Corp.*, No. 151136/2021 (N.Y. Sup. Ct.). When that trial is scheduled, Smartmatic may move to amend the case management schedule in this case to account for the more limited availability of witnesses and counsel.

<u>Defendant's Position</u>: The trial schedule in the New York case should not delay the presentation of claims and defenses in this case, or this Court's adjudication of those claims and defenses. On March 8, 2022, Ms. Powell was dismissed from the New York case based on the court's finding of a lack of personal jurisdiction. At the time of that dismissal, Smartmatic had already filed this action against Ms. Powell in the District of Columbia. Ms. Powell should not be prejudiced by Smartmatic's decision to litigate multiple matters concurrently and reserves her rights to object to or to oppose any motion by Smartmatic to amend the schedule.

**B.    <u>The Parties' Positions as to a Proposed Scheduling Order Under Local Civil Rule 16.3(d)</u>**

The Parties have agreed to meet and confer regarding a briefing schedule upon the filing of Ms. Powell's motion for judgment on the pleadings.

<u>Plaintiffs' Position</u>: The Parties have proposed the same case management schedule with a few exceptions. Specifically, Ms. Powell has inserted a few additional deadlines that deviate from the case management orders this Court has entered in related matters, including *US Dominion, Inc. v. Powell*, 21-cv-40 (D.D.C.) ("*Dominion v. Powell*"), ECF No. 63. Smartmatic has identified these deviations in Ms. Powell's proposed schedule by underlining them for the Court's attention.

First, Ms. Powell seeks to impose an arbitrary deadline to file discovery motions three months before the close of fact discovery. Smartmatic opposes the insertion of this deadline to file discovery motions because it deviates from the Federal Rules of Civil Procedure, risks prejudicing Smartmatic's prosecution of its case, and ignores the possibility that the parties may need relief from the Court before fact and expert discovery are completed.

Second, Ms. Powell seeks to impose deadlines to file Daubert motions and a trial date at this time. Smartmatic opposes filing Daubert motions concurrent with dispositive motions because briefing and ruling on Daubert motions at that stage of the case will be premature and likely unnecessary. For these same reasons, the New York Supreme Court has deferred expert challenges until the time of trial in Smartmatic's suit against Fox Corporation and Fox News Network, LLC.

Third, Smartmatic opposes Ms. Powell's proposal that the Court set dates for the pre-trial conference and trial at the status conference proposed for November 3, 2027. Smartmatic defers to the Court and its calendar as to when dates for the pre-trial conference and trial should be set consistent with the case management order entered in *Dominion v. Powell.*

The following list contains Smartmatic's proposed dates.

1. Deadline to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **April 20, 2026**

2. Deadline to Serve Document Requests, Interrogatories, and Requests for Admission: **October 19, 2026**

3. Deadline for Completion of Fact Discovery: **April 19, 2027**

4. Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **May 24, 2027**

5. Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **July 1, 2027**

6. Deadline for Proponents to Produce Responsive Expert Reports: **August 8, 2027**

7. Deadline for Expert Depositions / Close of Expert Discovery: **October 14, 2027**

8. Status Conference: **In-person on November 3, 2027**

9. Deadline to File Dispositive Motions: **December 2, 2027**

10. Deadline to File Oppositions to Dispositive Motions: **January 16, 2028**

11. Deadline to File Replies in Support of Dispositive Motions: **February 15, 2028**

12. Date for final Pretrial Conference: **TO BE DETERMINED BY THE COURT**

13. Date for Trial: **TO BE DETERMINED BY THE COURT**

<u>Defendant's Position</u>:

Ms. Powell submits the proposed schedule below. Ms. Powell has included a deadline for fact discovery motions practice to help the Parties stay on schedule. Requiring the Parties to file in advance of the close of fact discovery will aid in ensuring discovery disputes are resolved such that written responses and document productions are timely completed (i.e., before fact discovery closes). If all fact discovery disputes are not addressed before the close of fact discovery, one or both Parties likely will be hamstrung in proceeding with expert disclosures and discovery and dispositive motions practice. In that circumstance, one or both Parties likely will seek to modify the schedule, thereby undermining the purpose of the schedule, including the timely progression of the matter to trial.  Similarly, Ms. Powell suggests the Court address pretrial and trial dates at the status conference to advance the case toward a litigated resolution while balancing the Court's busy docket.

Smartmatic refers on multiple occasions to *Dominion v. Powell* and the schedule in that proceeding.  However, Smartmatic is not a plaintiff in that case and Ms. Powell is no longer a

defendant. In addition, that case was consolidated with several other cases, for purposes of discovery, likely impacting both Ms. Powell's positions and the court's decisions as to scheduling

Similarly, what a state court in New York intends regarding expert challenges in a separate Smartmatic case does not carry weight here and to state Daubert motions will be "premature and likely unnecessary" after the completion of expert discovery lacks foundation given the numerous legal disputes and massive monetary claims in this action. Further, including a Daubert motion deadline will prevent last minute challenges to experts that can interfere with the Parties' orderly trial preparation and cause prejudice, and will help prevent related requests for continuances, which often interfere with the court's management of its calendar. Ms. Powell believes that motions for summary judgment and Daubert motions should be filed concurrently because of their interdependency, i.e., a motion for summary judgment often relies on the premise that the opposing party lacks admissible evidence to prove a core element of its claim.

Including Ms. Powell's proposed motion deadlines in the Omnibus Scheduling Order is consistent with the Court's authority under Federal Rule of Civil Procedure 16(b) to limit the time in which parties may file motions.

Powell submits the following proposed schedule:

1.  Deadline to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **April 20, 2026**

2.  Deadline to Serve Document Requests, Interrogatories, and Requests for Admission:

    **October 19, 2026**

3.  <u>Deadline to file fact discovery motions, including to compel or for protective order:</u> **<u>January 19, 2027</u>**[1]

4.  Deadline for Completion of Fact Discovery: **April 19, 2027**

5.  Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **May 24, 2027**

6.  Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **July 1, 2027**

7.  Deadline for Proponents to Produce Responsive Expert Reports: **August 8, 2027**

8.  Deadline for Expert Depositions / Close expert discovery: **October 14, 2027**

9.  Status Conference<u>, to include selection of dates for pre-trial conference and trial:</u> **November 3, 2027**

---

[1] Powell proposes this deadline subject to the Court's rules for discovery motions as set forth in the Court's Standing Order.

10. Deadline to File Dispositive Motions <u>and Daubert Motions</u>: **December 2, 2027**

11. Deadline to File Oppositions to Dispositive Motions and Daubert Motions: **January 16, 2028**

12. Deadline to File Replies in Support of Dispositive Motions and Daubert Motions: **February 15, 2028**

Dated: March 23, 2026

Respectfully submitted,

| | |
|---|---|
| /s/ J. Erik Connolly | /s/  Teresa M. Cinnamond |
| J. Erik Connolly | Teresa M. Cinnamond (*admitted pro hac vice*) |
|   D.C. Bar No. IL0099 | Email: Teresa.Cinnamond@lewisbrisbois.com |
|   econnolly@beneschlaw.com | |
| Nicole E. Wrigley | Bryan P. Sugar (*admitted pro hac vice*) |
|   D.C. Bar No. IL0101 | Email:  Bryan.Sugar@lewisbrisbois.com |
|   nwrigley@beneschlaw.com | |
| Lee B. Muench (*admitted pro hac vice*) | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|   IL ARDC No. 6305846 | 1700 Lincoln Street, Suite 3500 |
|   lmuench@beneschlaw.com | Denver, Colorado 80203 |
| | Telephone: 720.292.2059 |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | |
| 71 South Wacker Drive, Suite 1600 | ***Attorneys for Defendant Sidney Powell*** |
| Chicago, IL 60606 | |
| Telephone: 312.212.4949 | |

***Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the Parties.

/s/ Lee B. Muench
Lee B. Muench