# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP.,                )
SMARTMATIC INT'L HOLDING        )
B.V., and SGO CORP. LTD.,               )
                                                            )
    Plaintiffs,                                )
                                                            )          CIVIL ACTION FILE
v.                                                         )          NO.: 21-CV-02995-CJN
                                                            )
SIDNEY POWELL,                         )
                                                            )
    Defendant.                              )

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Sidney Powell ("Ms. Powell") by and through her attorneys, Lewis Brisbois Bisgaard & Smith, LLP, respectfully requests that the Court take judicial notice of the following publicly available materials, attached hereto and submitted herewith, in support of Defendant Sidney Powell's Motion for Judgment on the Pleadings and pursuant to Federal Rule of Civil Procedure 12(c), Federal Rule of Evidence 201 and applicable case law.

### JUDICIALLY NOTICEABLE FACTS UNDER FED. R. EVID. 201

In evaluating a motion for judgment on the pleadings, the court may take judicial notice of facts outside the pleadings that are "not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) (quoting Fed. R. Evid. 201(b)). Indeed, the Court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2).

1

> The court 'must take judicial notice if a party requests it and the court is supplied with the necessary information.' […] Judicial notice, however, 'is appropriate only if there is some particular indicia of indisputability.'

*Bien v. The Islamic Republic of Iran*, No. 21-CV-2160-JMC-MAU, 2026 WL 809794, at *3 (D.D.C. Mar. 24, 2026) (quoting Fed. R. Civ. P. 201(b)); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010); *Sibley v. Islamic Republic of Iran*, No. 23-cv-600, 2025 WL 1928036, at *15 (D.D.C. July 14, 2025); 21B Charles A. Wright, Arthur R. Miller, Kenneth W. Graham Jr., & Daniel D. Blinka, Federal Practice and Procedure § 5104 (2d ed. 1990)). Thus, a party requesting judicial notice should identify the facts the Court should take notice of, as well as how those facts support its claims. *See Bien,* 2026 WL 908794, at *3. Defendant Sidney Powell provides this information below.

Importantly, Defendant does not seek judicial notice of the truth of the statements contained in these exhibits. Rather, Defendant seeks judicial notice of the mere fact that these statements exist in the public sphere.

### EXHIBIT A – Chart of Publicly Accessible URL and PDF Links to Publicly Published Media

Exhibit A is a chart cataloging publicly available media, comprised of news articles, national television broadcasts with certified transcripts, posts from Smartmatic's website, documents posted to government websites and other public statements. The media items are organized and described by date, source, and title. The chart provides public URL links and a link to a PDF of each exhibit on a Google Drive where the content can be easily accessed. The chart also includes specific relevant quotes contained in each media publication.

Ms. Powell requests judicial notice be taken of the publicly available media publications in Exhibit A. The publications predate Ms. Powell's first at-issue statements set forth in the Complaint (ECF-1). These examples of publicly available publications are relevant to Ms.

2

Powell's arguments contained in her Motion for Judgment on the Pleadings. Publications identified in Exhibit A are cited in support of Ms. Powell's arguments that Smartmatic is a limited purpose public figure because its involvement in foreign and domestic elections was the subject of public scrutiny long before the 2020 election. *See* Memo. in Support of Mot. for Judgment on the Pleadings ("MJP"), § II (A)(1). Indeed, Smartmatic had been a subject of public debate for nearly two decades before the 2020 Election, including Congressional scrutiny, reports of voting irregularities, and international election controversies. The media publications contained in **Exhibit A** also establish Smartamtic's limited public figure status by demonstrating that Smartmatic voluntarily injected itself into this controversy by purchasing Sequoia, a major provider of U.S. election technology, licensing its software to Dominion which was operating widely in the U.S., holding itself out as a premier election company worldwide, and contracting with various governmental entities to provide voting systems, including for use in the 2020 election.

Ms. Powell also cites to publications identified in **Exhibit A** to support her argument that Smartmatic has failed to plausibly allege actual malice and failed to plausibly allege that her statements in the close aftermath of the 2020 election proximately caused the reputational injury and multi-billion-dollar damages alleged in the Complaint. *See* MJP, § III(A). Other speakers spoke for nearly two decades before Ms. Powell and to far larger audiences, including a persistent theme of identical criticisms of Smartmatic's ties to the Venezuelan government, Hugo Chavez, design of its technology to rig elections, and election-rigging.

3

It is well settled that taking judicial notice of the existence of news publications and television broadcasts[1] is entirely proper. *Sandza v. Barclays Bank PLC*, 151 F. Supp. 3d 94, 113 (D.D.C. 2015) (citing *Wash. Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991)).; s*ee also Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, n. 1 (D.D.C. 2016) (taking judicial notice of existence of news articles). Indeed, news publications are considered a "classic subject of judicial notice," which can be taken for the purpose of demonstrating the existence of news coverage, not for the truth of the statements contained therein. *Mason v. Am. Prospect, Inc*., No. CV 23-2238 (LLA), 2024 WL 4345855, at *5 (D.D.C. Sept. 30, 2024) (citing *Wash. Post*, 935 F.2d at 291).

The Court also should judicially notice the posts on Smartmatic's website contained in **Exhibit A** (i.e., **Exhibits A-4**, **A-5**, **A-26**, **A-27**, and **A-33** hereto) as facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(2). It is indisputable that these posts, in which Smartmatic informed the public about its company, are available on the internet and were posted to Smartmatic's website. *Bien*, 2026 WL 809794, at *3. As these posts were published by Smartmatic itself, it cannot question the verifiability of the source.

Judicial notice may also be taken of "government documents available from reliable sources." *Johnson v. Comm'n on Presidential Debates*, 202 F. Supp. 3d 159, 167 (D.D.C. 2016), *aff'd*, 869 F.3d 976 (D.C. Cir. 2017) (citing *Hamilton v. Paulson*, 542 F.Supp.2d 37, 52 n. 15 (D.D.C.2008), *rev'd on other grounds*, 666 F.3d 1344 (D.C.Cir.2012)). Likewise, "[the] Court may take judicial notice of information posted on official public websites of government agencies."

---

[1] **Exhibits A-1** through **A-3**, **A-6**, **A-8** through **A-10**, **A-12** through **A-18**, **A-20**, **A-22** through **A-23**, **A-25**, **A-28** through **A-32**, **A-34** through **A-39** through **A-45**.

*Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022) (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of document posted on the District of Columbia's Retirement Board website). Thus, the contents of the following are judicially noticeable: (1) Voter Action correspondences made publicly available on the National Institute of Standards and Technology (hereinafter, "NIST") website under the U.S. Department of Commerce, attached hereto as **Exhibits A-21** and **A-24**; (2) Congresswoman Carolyn Maloney's correspondences to the former U.S. Secretary of Treasury published to the U.S. House of Representatives website, attached hereto as **Exhibits A-7** and **A-11** and (3) Congresswoman Carolyn Maloney's press releases concerning Smartmatic's sale of Sequoia Voting Systems published to the U.S. House of Representatives website[2], attached hereto as **Exhibit A-19**.

**EXHIBITS B & C – Charts of Public Tweets Discussing Smartmatic**

**Exhibits B** and **C** are charts cataloging public tweets about Smartmatic that predate Ms. Powell's first at-issue statements alleged in the Complaint. **Exhibit B** is a chart of tweets that predate the 2020 Presidential election and discuss Smartmatic's role in foreign and domestic elections. Many of these tweets accuse Smartmatic of fraudulent misconduct. For example, Tweet No. 3 in Exhibit B asserts that, "…fraud experts have shown that since 2006 Chavismo – and now Madurismo—won every election by CHEATING thanks to Smartmatic's software, the same thing that happened in Illinois with Obama…" Tweet No. 7 in **Exhibit B** states, "[t]alking about George Soros is talking about Smartmatic – the electronic voting company responsible for electoral fraud in Argentina, Brazil and Venezuela."

---

[2] Congresswoman Maloney's twenty-year tenure as a U.S. representative ended in 2023. As such, her representative page has been removed from the House.gov website. The page can still be accessed through digital archives such as the Wayback Machine.

Exhibit C is a second collection of tweets accusing Smartmatic of flipping millions of votes in foreign and domestic elections. For example, Tweet No. 9 in Exhibit C claims that, "…[i]n Venezuela, they always use the Smartmatic machines, pump in millions of votes, and just like that, they win and never lose. They have been doing this for 20 years…" In Tweet No. 20, the user states, "…it was proven that thirty million votes were stolen by Smartmatic's fraudulent voting machines…"

The charts comprising **Exhibit B** and **C** are organized by date, user handle, and source, and also provide the original language of the tweet, an English translation where needed, a source URL, and a link to a PDF of each exhibit on a Google Drive. Accompanied herewith are Exhibits B-1 and C-1, Certificates of Translation Accuracy for non-English Tweets.

These tweets are relevant to the arguments contained in Ms. Powell's Motion for Judgment on the Pleadings and support Ms. Powell's arguments as to limited public figure status, lack of actual malice, and failure to plausibly allege causation of reputational injury and damages alleged in the Complaint. *See* MJP §§ II (A)(1), II (B), and III.

Moreover, the Court "may take judicial notice of statements made on the internet when a party relies on them 'not for their truth, but merely to show that those statements were made.'" *Fairbanks v. Roller*, 314 F.Supp.3d 85, 95 n.1 (D.D.C. 2018) (quoting *Farah v. Esquire Magazine, Inc.*, 863 F.Supp.2d 29, 35 (D.D.C. 2012)). Thus, judicial notice of these tweets is proper.

### EXHIBITS D & F – Court Filings

Exhibit D is a chart cataloging the federal indictments of Smartmatic CEO's and executives, including Juan Andres Donato Bautista, Roger Alejandro Pinate Martinez, Jorge Miguel Vasquez and Elie Moreno, and SGO Corporation Limited, a/k/a Smartmatic for alleged conspiracy and violations of various U.S. laws, including but not limited to Conspiracy to Violate

the Foreign Corrupt Practices Act (18 U.S.C. § 371) and Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)). Each entry in Exhibit D includes the public URL where the content can be accessed, as well as a PDF version and relevant quotes pulled from each indictment. These indictments are relevant to Ms. Powell's Motion for Judgment on the Pleadings, More specifically, the indictments support her argument that Smartmatic cannot show proximate cause as to Smartmatic's injury and damages. As shown in these indictments, Smartmatic's own actions between 2015 and 2018, and the related federal investigations that also occurred years before Ms. Powell's statements, caused the injury and damages alleged in Smartmatic's Complaint.

**Exhibit F** is similarly a public record from a related defamation action initiated by Smartmatic, produced as a PDF. Taken from a December 2, 2025 public court filing in *Smartmatic USA Corp. v. Fox Corp.*, 234 A.D.3d 505, 226 N.Y.S.3d 179 (2025), **Exhibit F** contains an email from Lord Malloch Brown, Chairman of Smartmatic, concerning Smartmatic's "dogged history." This email is dated April 5, 2018, several years before Ms. Powell's first at-issue statement and relevant to her arguments in the Motion for Judgment on the Pleadings that her statements were not the proximate cause of Smartmatic's injuries or damages.

Notice of these public court filings is proper as the Court may take judicial notice of public records from other court proceedings. *See Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011), *aff'd*, No. 11-5152, 2012 WL 1155698 (D.C. Cir. Mar. 8, 2012) (citing *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C.Cir.2005)). As such, Ms. Powell requests that this Court take judicial notice of these public records from other court proceedings submitted in support of her Motion for Judgment on the Pleadings (**Exhibits D** and **F**).

**EXHIBIT E – Chart of Tweets Posted by President Trump**

Exhibit E is a chart cataloguing public tweets posted by President Donald J. Trump on November 12, 2020 and November 13, 2020.  Each entry is organized by date and includes the language of the post, the user handle, a link to the public URL, a link to a PDF of each post on a Google Drive, and relevant quotes contained therein. President Trump's tweets assert that 2020 election was rigged. *See, e.g.,* Exhibit E-1 dated November 12, 2020 (claiming that 2.7 million votes were switched from Trump to Biden). These tweets predate Ms. Powell's first at-issue statement and, therefore, support her argument that Smartmatic has failed to adequately plead causation as to damages. *See* MJP § III.

The existence of President Trump's tweets are judicially noticeable as public internet statements. *Fairbanks*, 314 F.Supp.3d at n.1. Additionally, this Court has previously taken judicial notice of President Trump's tweets. *See United States v. Flynn*, 507 F. Supp. 3d 116, 136 n. 6 (D.D.C. 2020) (finding that the content of Trump's statements can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned) (quoting Fed. R. Evid. 201(b)(2)) (citing *Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 377, 199 L.Ed.2d 275 (2017)).

**CONCLUSION**

As discussed herein, judicial notice of publicly available documents is proper and routinely taken by this Court. The documents contained in Exhibits A through F are relevant to several arguments in Ms. Powell's Motion for Judgment on the Pleadings. As such, Defendant Sidney Powell respectfully requests that this Court take judicial notice of the aforementioned exhibits and the documents contained therein.

Dated: April 17, 2026

Respectfully submitted,
LEWIS BRISBOIS BISGAARD
& SMITH LLP
By: */s/ Teresa M. Cinnamond*
Teresa M. Cinnamond (*pro hac vice*)
Bryan Sugar (*pro hac vice*)
Rebecca Stoddard Wiley (DC Bar No. 1780019)
*Attorneys for Defendant Sidney Powell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April 2026, I electronically filed the foregoing

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR**

**JUDGMENT ON THE PLEADINGS** via CM/ECF on all parties and counsel of record.

 */s/ Teresa M. Cinnamond*
Teresa M. Cinnamond
Lewis Brisbois Bisgaard & Smith LLP