IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SIDNEY POWELL,<br><br>Defendant. | No. 1:21-cv-02995-CJN<br><br>Hon. Carl J. Nichols |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN FURTHER SUPPORT OF DEENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"), for their Opposition to Defendant Sidney Powell's Motion for Leave to File Supplemental Request for Judicial Notice in Support of her Motion for Judgment on the Pleadings (the "Supplemental Request") state as follows.

Powell continues to misuse the judicial notice doctrine to prop up her flawed motion for judgment on the pleadings. Federal Rule of Evidence 201 "defines a fact appropriate for judicial notice as 'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Cnty. of San Miguel v. Kempthorne,* 587 F. Supp. 2d 64, 78 (D.D.C. 2008). "The court may take judicial notice of" information such

as "congressional hearings" and "news articles for their existence, but not for the truth of the statements asserted within." *Passantino v. Weissmann*, 752 F. Supp. 3d 168, 173 (D.D.C. 2024). If the offering party fails to meet these requirements, the request for judicial notice must be denied. *See, e.g., Shao v. Robert*s, 2025 WL 856956, at *1 (D.C. Cir. Mar. 18, 2025) (rejecting motion to take judicial notice of a "fact that is not subject to reasonable dispute"); *Ellis v. Jackson*, 850 F. App'x 6, 7 (D.C. Cir. 2021) (same ruling because movants failed to "demonstrate[] that the materials as to which they seek judicial notice are appropriate for judicial notice or relevant to the disposition of this case").

In her Supplemental Request, Powell improperly seeks to add her *sixty-first document* from outside Smartmatic's Complaint for the Court to evaluate her motion for judgment on the pleadings. The additional document was ostensibly created by the CIA on June 29, 2026 and made public by the White House on July 16, 2026.[1] Powell asserts that the anonymous document "is highly relevant to the claims and defenses in this case, and [its] existence and contents are not reasonably in dispute." (ECF No. 82-1 at 3). But the existence of the document has no bearing on any claim or defense in the case. Powell, once again, is asking this Court to extract information from a document and accept the spin that Powell is offering—inferences that are anathema to the judicial notice doctrine.

For instance, Powell contends that the anonymous document "goes directly to the issues of lack of actual malice and lack of proximate causation…." (*Id.*) But the document does not address any concerns related to the 2020 U.S. Presidential Election. (*See generally id.*). Nor does the document have any relevance to Powell's actual malice or proximate causation. The actual malice

[1] *See* Alan Feuer, *Assessing the documents: Venezuela and Smartmatic* (N.Y. Times July 16, 2026), *available at* https://www.nytimes.com/2026/07/16/us/politics/assessing-the-documents-venezuela-and-smartmatic.html.

element—if it applies in this case[2]—refers to whether Powell acted "with knowledge that [her statements and implications] were false or with reckless disregard of whether [they] were false or not." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986). Powell fails to explain how an anonymous document created and released over five years after she defamed Smartmatic bears on her knowledge and/or reckless disregard for the truth in 2020. Powell is *not* claiming that the document makes any of her false statements about Smartmatic true—nor could she. The document provides no such support, and those types of disputed contents would not be subject to judicial notice anyhow. *See Kempthorne*, 587 F. Supp. 2d at 78 (rejecting request to take judicial notice of a government report that was "not the type of document about which there can be no reasonable dispute").

Nor does Powell explain how the anonymous document could be relevant to "proximate causation." Again, Powell's statements about Smartmatic were defamatory per se—which means that damages are presumed, and Smartmatic need not allege causation. *See US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42 (D.D.C. 2021). Powell's argument also makes no sense logically. An anonymous document released in July 2026 has no connection to the harm that befell Smartmatic in the aftermath of Powell's disinformation campaign in November and December 2020.

Finally, Powell grossly mischaracterizes the "contents" of the anonymous document. It concludes that the intelligence community "did not definitively confirm that large-scale electronic fraud was successfully executed in specific Venezuelan elections," and that "[t]he reporting . . . provided concerning insight into alleged Venezuela government capabilities and intent, but came from limited sourcing." (ECF No. 82-1 at 1.) The document further claims that while the

[2] *See* Smartmatic's Opp. to Powell's Motion for Judgment on the Pleadings, ECF No. 76 at 12-17 (explaining how Powell fails to show that Smartmatic is a public figure, which means it can prevail on a defamation claim against Powell regardless of whether she acted with actual malice).

Venezuelan government had an interest in manipulating elections ("certain capabilities . . . were technically possible and operationally feasible . . ."), the purported CIA "assessment focused on technical feasibility rather than confirmation that such features were actually implemented." (*Id.* at 2).

Most importantly, and in direct contrast to Powell's allegation that Smartmatic participated in altering elections in Venezuela, the document notes that Smartmatic "ceased operations in Venezuela in 2018 after publicly accusing the Maduro regime of inflating voter turnout." (*Id.* at 3). The document adds that "neither Smartmatic nor the Venezuelan Government had the capability—that is, the level or control or access required—to manipulate the outcome of an election outside of Venezuela," that "large-scale electronic fraud did not occur," and that other sources lacked "a definitive finding" due to "limited insight." (*Id.* at 4). Powell offers the document not to aid the Court, but to inflame the record and distract from the issues at hand because her Rule 12(c) motion is meritless.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendant Sidney Powell's Motion for Leave to File Supplemental Request for Judicial Notice in Further Support of her Motion for Judgment on the Pleadings.

Dated: September 25, 2026

/s/ *J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Lee B. Muench (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
lmuench@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the Defendant.

/s/ *Lee B. Muench*

Lee B. Muench