**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INT'L HOLDING B.V., and SGO CORP. LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 21-CV-02995-CJN |
| SIDNEY POWELL, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Sidney Powell ("Ms. Powell" or "Defendant"), by and through her attorneys, Lewis Brisbois Bisgaard & Smith, files this reply brief in support of her Motion for Leave to File a Supplemental Request for Judicial Notice in Further Support of Defendant's Motion for Judgment on the Pleadings ("Motion for Leave") (Dkt. No. 82), and in support thereof, states as follows:

Ms. Powell Motion for Leave, Dkt. No. 82, states that "[t]he recently declassified CIA Note simply adds, in nature and number, to the existing prior statements, reports, and assessments asserting Smartmatic's Venezuelan ties, design of its software to rig elections, and the rigging of elections", and that "Ms. Powell's at-issues statements concern the same topics." Dkt No. 82, at 2-3 (citing Def's Mem. in Supp. of Mot. For J. on the Pleadings, Dkt. No. 69-1, at 18, 20-31). Plaintiffs' response does not address the similarity between the CIA Note and Ms. Powell's at-

issue statements, and does not address Ms. Powell's Motion for Leave, but rather focuses primarily on the merits of the Supplemental Request for Judicial Notice. *See* Dkt. No. 84.

Plaintiff argues that Ms. Powell misuses the judicial notice procedure, citing two cases where courts declined to take judicial notice of a fact. The first case, *Shao v. Roberts,* No. 25-004, 2025 WL 856956, at *1 (D.C. Cir. March 18, 2025) (internal quotations and citation omitted), only states that the appellant failed to ask "the court to take judicial notice of a 'fact that is not subject to reasonable dispute.'" It did not provide any further explanation for why the particular document was subject to reasonable dispute. Moreover, the Court provides no description of the source for which appellant sought judicial notice. Without more information as to what the appellant sought judicial notice of and why the court determined that it was subject to reasonable dispute, the case is immaterial and not applicable to the present case. Similarly, *Ellis v. Jackson*, also cited by Plaintiffs, contains no discussion as to why the request for judicial notice was denied, and is likewise not helpful. 850 F. App'x 6, 7 (D.C. Cir. 2021).

Here the Court should take judicial notice of a fact that is not subject to reasonable dispute: the existence of the CIA Note and its contents, which are not being offered for the truth of those statements. *See* Exhibit A to Motion for Leave at 2, Dkt. No. 82-1 (where Ms. Powell states she does not seek to use the CIA Note to establish the truth of the statements therein, but rather seeks judicial notice of the fact of the existence of this government document and its contents).

Additionally, Ms. Powell explain why the CIA Note, Summary of Select Intelligence Reporting from 2004-2020 on Venezuela's Electronic Voting Manipulation Capabilities, is appropriate for the Court to take judicial notice of, and why it is relevant to the disposition of the case. *See* Exhibit A to Motion For Leave, at 2-7, Dkt. No. 82-1. Specifically, and as stated above,

Ms. Powell noted the similarities between some of the at-issue statements and the contents of the CIA Note, Summary of Select Intelligence Reporting from 2004-2020 on Venezuela's Electronic Voting Manipulation Capabilities, *Id.* at 4-6, which is highly relevant to the issue of actual malice and the arguments in Ms. Powell's motion for judgment on the pleadings as they pertain to Smartmatic's broader reputation before and up to the 2020 election.

Secondly, the CIA Note is a government document publicly available on the White House website (https://www.whitehouse.gov/election-integrity/), under the tab designated "Vulnerabilities in Electronic Voting & Ballot-Counting Systems." Because the existence of the CIA Note is not "subject to reasonable dispute" and its existence and content "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned," judicial notice is appropriate. *See Hurd v. Dist. of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017). Moreover, the Court must take judicial notice if supplied with the necessary information. Fed. R. Evid. 201(c)(2); *see also, e.g., Bein v. The Islamic Republic of Iran*, No. 21-CV-2160-JMC-MAU, 2026 WL 809794, at *3 (D.D.C. Mar. 24, 2026) (quoting Fed. R. Civ. P. 201(b)). While Ms. Powell has supplied the Court with the necessary information to grant her request for judicial notice, just her Motion for Leave to file that supplemental request for judicial notice is before the Court. Nothing in Plaintiff's response argues that Ms. Powell should not be allowed to file her supplemental request for judicial notice. Therefore, the Court should allow Ms. Powell to file her Supplemental Request for Judicial Notice.

Dated: October 2, 2026

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Ronald L. Hellbusch*

Teresa M. Cinnamond (admitted *pro hac vice*)
Ronald L. Hellbusch (admitted *pro hac vice*)
1700 Lincoln Street, Suite 3500
Denver, Colorado 80203
Teresa.Cinnamond@lewisbrisbois.com
303.861.7760

Rebecca Wiley (DC Bar No. 1780019)
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
Rebecca.Wiley@lewisbrisbois.com
202.558.0663

*Attorneys for Defendant Sidney Powell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2026, I electronically filed the foregoing document via CM/ECF on all parties and counsel of record.

*/s/ Ronald L. Hellbusch*
Ronald L. Hellbusch