**"IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INT'L HOLDING B.V., and SGO CORP. LTD., | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO.: 21-CV-02995-CJN |
| SIDNEY POWELL, | ) ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Sidney Powell ("Ms. Powell" or "Defendant"), by and through her attorneys, Lewis Brisbois Bisgaard & Smith, LLP, respectfully files this Notice of Supplemental Authority in Support of Ms. Powell's Motion for Judgment on the Pleadings *See* Doc. No. 69.

Attached hereto are two recently published opinions: (1) *Coomer v. Byrne*, 24-cv-8-TPB-SPF, Doc. No. 391 (M.D. Fla. Oct. 27, 2026) attached hereto as **Exhibit A**; and (2) *Trump v. Dow Jones & Co., Inc. d/b/a The Wall Street Journal, et al.*, 25-cv-23232-DPG, Doc. No. 80 (S.D. Fla. Oct. 31, 2026) attached hereto as **Exhibit B**. These decisions are brought to the court's attention as they are directly on point and were not available at the time Ms. Powell's Motion for Judgment on the Pleadings was briefed.

As relevant here, the Court in *Coomer v. Byrne* held that "actual malice must be established by clear and convincing evidence…," a standard the court notes courts have described as "heavy," "daunting," involving a "high standard of proof," and "significantly more onerous" than the preponderance of the evidence standard. Under this standard, "the plaintiff's evidence [must] render the existence of actual malice not only possible, or even probable, but *highly* probable." **Ex.**

**A** at 7-8 (emphasis in original, internal citations omitted). Applying these holdings to the facts of that defamation case, the *Coomer* Court held that the defendant's "lack of skepticism, failure to investigate, and disregard for government reports and conclusions by others debunking claims of fraud [in] the 2020 election" were insufficient to support a conclusion under the clear and convincing standard. *Id.* at 10. On these facts, the Court granted summary judgment for the defendant based on a determination that "the issue of actual malice is dispositive." *Id.* at 4,11.

In concluding its opinion, the Court reemphasized how significant the hurdle is to show actual malice given that the plaintiff "must prove, by clear and convincing evidence, that the defendant *actually knew* his or her statements were false or seriously doubted their truth." *Id.* at 12 (emphasis in original) (noting that these standards derive from the United States Supreme Court holdings in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and succeeding cases). The challenged speech, which involved alleged rigging of the 2020 U.S. presidential election, "undeniably" involved a matter of public concern. *Id.* at 6. Without proof to establish that defendant *subjectively disbelieved* or entertained *serious doubts* that their at-issue statements were untrue dismissal was required as a matter of law because a reasonable jury could not find that defendant made their statements with actual malice by clear and convincing evidence. *Id.* at 5-6, 9 (citing *Dershowitz v. Cable News Network, Inc.*, 153 F4th 1189, 1193 (11th Cir. 2025) ("[A]ll that matters are the speakers' subjective beliefs about the truth of their own statements.")). Allegations and proof of "negligence, unreasonable behavior, and gullibility" on the part of the defendant are insufficient as a matter of law. *Id.* at 9.

Similarly, in *Trump v. Dow Jones & Co., Inc. d/b/a The Wall Street Journal, et al.*, the Southern District of Florida court dismissed the plaintiff's complaint where his allegations of actual malice were conclusory and vague. *See* **Ex. B** at 14. The Court held that "conclusory

allegations that Defendants acted with actual malice because they 'knew or should have known' the statements in the Article were false…are insufficient to state a claim." *Id.* at 14. The Court further held that President Trump's denials of the allegations in the defendants' article did not mean that defendants acted with actual malice by publishing the articles despite his denials. *Id.* at 15. President Trump's argument that the defendants' investigation was inadequate fared no better given that "a failure to investigate, without more, does not establish actual malice." *Id.*

In that case, President Trump alleged in the complaint that the defendants "published such statements maliciously, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity." *See Trump v. Dow Jones & Co., Inc. d/b/a The Wall Street Journal, et al.*, 25-cv-23232, Doc. No. 1 at ¶ 48 (S.D. Fla. July 18, 2025). Similarly, Smartmatic alleges in this matter that Ms. Powell "knew these defamatory statements and implications were false, or recklessly disregarded the truth or falsity of the statements and implications, when Ms. Powell…broadcast, published, and republished them." *See* Smartmatic Compl., Doc. No. 1 at ¶ 389.

The two above identified opinions support Ms. Powell's Motion for Judgment on the Pleadings, particularly her argument that Plaintiffs have failed to adequately and plausibly allege that she made her statements about Smartmatic with actual malice. *See* Ms. Powell's Memorandum in Support of her Motion for Judgment on the Pleadings, Doc. No. 69-1 at 16-19. The decisions further support Ms. Powell's request that Smartmatic's complaint against her be dismissed at the pleadings stage. "Because '[t]he costs and efforts required to defend a lawsuit through [discovery] could chill free speech nearly as effectively as the absence of the actual malice standard altogether[,]' a public figure plaintiff must plausibly allege actual malice at the outset of the litigation." *See* **Ex. B** at 2 (internal citations omitted).

## CONCLUSION

For the aforementioned reasons, it is proper and appropriate for the Court to consider the two above identified court decisions prior to ruling on Ms. Powell's Motion for Judgment on the Pleadings.

Dated: November 3, 2026.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Teresa M. Cinnamond*
Teresa M. Cinnamond (admitted *pro hac vice*)
Ronald L. Hellbusch (admitted *pro hac vice*)
1700 Lincoln Street, Suite 3500
Denver, Colorado 80203
Teresa.Cinnamond@lewisbrisbois.com
303.861.7760

Rebecca Wiley (DC Bar No. 1780019)
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
Rebecca.Wiley@lewisbrisbois.com
202.558.0663

*Attorneys for Defendant Sidney Powell*

**Certificate of Service**

I hereby certify that on this 3rd day of November 2026, I electronically filed the foregoing document via CM/ECF effectuating service on all parties and counsel of record.

*/s/ Teresa M. Cinnamond*
Teresa M. Cinnamond