IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,

Plaintiffs,

v.

SIDNEY POWELL,

Defendant.

No. 1:21-cv-02995-CJN

Hon. Carl J. Nichols

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"), hereby respond to Defendant Sidney Powell's Notice of Supplemental Authority (ECF No. 86) in support of her Motion for Judgment on the Pleadings ("Motion").

The two opinions Powell submits provide no support for her Motion. First, Powell cites *Coomer v. Byrne*, No. 24-cv-8, 2026 U.S. Dist. LEXIS 245342 (M.D. Fla. Oct. 27, 2026). There, the district court ruled *at summary judgment* that the plaintiff adduced insufficient evidence to show that the defendant "in fact subjectively disbelieved or had serious doubts about" a story he allegedly participated in publishing. *Id.* at *10. That case is procedurally inapposite: the same court had earlier "ruled at the motion to dismiss stage that [plaintiff] had alleged sufficient facts to avoid dismissal and to proceed on [his] claims." *Id.* at *4. Powell, by contrast, seeks judgment on the

pleadings despite Smartmatic's particularized allegations explaining how she acted "with knowledge that [her statements and implications] were false or with reckless disregard of whether [they] were false or not." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986). *Coomer* thus provides no basis to grant Powell judgment on the pleadings here.

Indeed, Powell fails to inform the Court that *the same plaintiff* (Eric Coomer, a former employee of Dominion Voting Systems) sued Powell for defamation in Colorado state court and defeated the same arguments she presents to this Court. *Coomer v. Donald J. Trump for President, Inc.*, No. 2020-cv-34319, 2022 WL 12611311, at *45 (Colo. Dist. Ct. May 13, 2022). In Colorado, as here, Powell argued that she did not spread lies about non-existent fraud in the 2020 election with actual malice because she "subjectively believed" them. But courts do not credit such self-serving statements, especially when a mountain of circumstantial evidence undercuts them. *See, e.g., id.* (finding that Coomer offered "*prima facie* evidence that Powell [] acted with actual malice" based on allegations that mirror Smartmatic's allegations against Powell); *see also US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 62 (D.D.C. 2021) (this Court finding that Dominion "adequately alleged that Powell made her claims knowing that they were false, or at least with serious doubts as to their truthfulness" based on allegations that also mirror Smartmatic's against Powell).

Additionally, *Coomer v. Byrne* appears to conflict with the black-letter principle that a defamation defendant "cannot…automatically insure a favorable verdict by testifying that he published with a belief that the statements were true." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). The Middle District of Florida granted summary judgment to the defendant because he testified "that he believed [the false, defamatory] story and remains highly confident that the gist of [the] story was true." *Coomer*, 2026 U.S. Dist. LEXIS 245342, at *10. The court even

sympathized with people who are "labeled, pejoratively, as extremists, fanatics, 'kooks,' 'crazies,' conspiracy theorists, and the like"—suggesting that such individuals are immune from defamation liability if "their beliefs are, nonetheless, sincerely held…." *Id.* at *16-17.

This rationale inverts the rule the U.S. Supreme Court set out in *St. Amant*, 390 U.S. at 732. "It is for the jury to determine the credibility of [a defendant's] protestations of honest belief in the truth of their statements, and to decide whether such a belief, assuming it was held, was maintained in reckless disregard of its probable falsity." *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1255 (D.C. 2016), *as amended* (Dec. 13, 2018); *accord Bentley v. Bunton*, 94 S.W.3d 561, 596 (Tex. 2002); *Nader v. de Toledano*, 408 A.2d 31, 53–54 (D.C. 1979). Courts have consistently applied this principle to deny summary judgment even under the clear-and-convincing standard, including in a recent case against Patrick Byrne, the same defendant in *Coomer*, arising from his accusation that Hunter Biden accepted bribes. *See Biden v. Byrne*, No. 23-cv-9430, 2025 WL 2427835, at *5–6, *11 (C.D. Cal. July 18, 2025) (denying Byrne summary judgment on actual malice despite his purported belief that his "statements were true" because a "rational jury could reasonably find" he had "obvious reasons to doubt" his "inherently improbable" claims that came from "an uncorroborated source"); *see also Washington v. City of Cincinnati*, No. 23-cv-230, 2025 WL 2459668, at *22 (S.D. Ohio Aug. 26, 2025) (denying summary judgment on actual malice because the plaintiff "is permitted to prove actual malice by circumstantial evidence" and "need not obtain a direct admission from [the defendant] that she knew the statements were false or published in reckless disregard of their truth or falsity").

Powell's reliance on *Trump v. Dow Jones & Co.*, No. 25-cv-23232, 2026 U.S. Dist. LEXIS 249813, at *1 (S.D. Fla. Oct. 31, 2026), fares no better. Another court in the same district has already distinguished *Dow Jones*. *See Trump v. Brit. Broad. Corp.*, 2026 U.S. Dist. LEXIS 258561,

*2 (S.D. Fla. Nov. 10, 2026). *Dow Jones* "involved a news entity reporting on a story"—namely, the Wall Street Journal's reporting on the picture President Trump allegedly drew for Jeffrey Epstein's 50th birthday. *Dow Jones*, 2026 U.S. Dist. LEXIS 249813, at *6. The court granted summary judgment against President Trump on his defamation claim because (a) the defendant-publishers "informed readers that President Trump decried the Letter as a fake," and (b) "[b]efore running the story, Defendants contacted President Trump and his team, Justice Department officials, and the FBI for comment," along with "other individuals." *Id.* at *23–24.

Smartmatic's claims against Powell are nothing like President Trump's suit over his alleged letter to Epstein. Powell was not a journalist who conducted a "detailed investigation" and reported a story. *Id.* at *24. To the contrary, Powell "created the story," added layers of lies to it day by day to make it more believable, disseminated it on any media platform she could find, and enriched herself in the process. *See Brit. Broad. Corp.*, 2026 U.S. Dist. LEXIS 258561, at *2 (denying the BBC's motion to dismiss President Trump's defamation claim because a plaintiff "need only allege facts sufficient to give rise to a reasonable inference that the [defendant] [acted] with knowledge that [the publication] was false or with reckless disregard of whether it was false or not," and President Trump met that burden). Like President Trump against the BBC, Smartmatic "has plausibly alleged a comprehensive framework of actual malice." *See* ECF No. 76 at 17–22.

## CONCLUSION

The new authority Powell cites does not cure her defective Motion for Judgment on the Pleadings. The law that governs Smartmatic's claims and the facts that underpin them remain unchanged. Smartmatic has alleged its claims with specificity and will carry its burden of proof at summary judgment and trial. Powell's Motion should be denied.

Dated: November 25, 2026

/s/ *J. Erik Connolly*
J. Erik Connolly (D.C. Bar No. IL0099)
Nicole E. Wrigley (D.C. Bar No. IL0101)
Lee B. Muench (admitted *pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
econnolly@beneschlaw.com
nwrigley@beneschlaw.com
lmuench@beneschlaw.com

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the Defendant.

/s/ *Lee B. Muench*

Lee B. Muench